**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ATEN INTERNATIONAL CO., LTD., | |
| Plaintiff, | |
| v. | CASE NO. |
| UNICLASS TECHNOLOGY CO., LTD., ELECTRONIC TECHNOLOGY CO., LTD. OF DONGGUAN UNICLASS, AIRLINK 101, PHOEBE MICRO INC., and BROADTECH INTERNATIONAL CO., LTD. D/B/A LINKSKEY, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

Plaintiff ATEN International Co., Ltd. ("ATEN") files this Complaint against Uniclass Technology Co., Ltd. ("Uniclass Taiwan") and Electronic Technology Co., Ltd. of Dongguan UNICLASS ("Uniclass China") (collectively "Uniclass"); Airlink 101 and Phoebe Micro Inc. (collectively "Airlink"); and Broadtech International Co., Ltd., d/b/a Linkskey ("Linkskey"). ATEN alleges as follows.

## BACKGROUND

1.     ATEN is one of the leading innovators in the area of electronic switching devices. ATEN has a patent portfolio of over 400 patents worldwide relating to KVM electronic switching devices.

2.     Uniclass has been aware of ATEN's patent portfolio relating to KVM switches since at least 2009 because Uniclass was previously a licensee to ATEN's patent portfolio.  Since

that time, Uniclass and/or its affiliates have continued to sell KVM switching devices without authorization that directly infringe ATEN's patents.

3.    Uniclass has also induced third parties to directly infringe ATEN's patents, including by rebranding its products for third parties to sell in the United States.  These directly infringing third parties include Airlink and Linkskey.

4.    Each act of infringement by Uniclass has been willful, and done in deliberate disregard for ATEN's patent rights.

5.    ATEN has suffered and continues to suffer irreparable harm as a result of Defendants' infringement.

6.    ATEN is entitled to damages, including enhanced damages, for this infringement. ATEN is also entitled to an injunction to prevent any future infringement.

## NATURE OF ACTION

7.    This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

## THE PARTIES

8.    ATEN International Co., Ltd. ("ATEN") is a Taiwanese corporation with its principal place of business at 3F, No. 125, Sec. 2, Datong Rd., Sijhih District, New Taipei City 221, Taiwan (R.O.C.).

9.    Uniclass Technology Co., Ltd. ("Uniclass Taiwan") is a Taiwanese company with its principal place of business at 11F, No.100, Ming Chuan Rd., Hsintien District, New Taipei City 231, Taiwan.

10.    Electronic Technology Co., Ltd. of Dongguan UNICLASS ("Uniclass China") is a Chinese company with its principal place of business at Huangtang Village, New 4th Admin.

District, HengLi Town, Dongguan, GuangDong Province, China (PRC).  On information and belief, Uniclass China operates a manufacturing facility that produces the accused KVM switches.

11.     On information and belief, Airlink 101 is a United States company with its principal place of business at 47606 Kato Road, Fremont, California.  Phoebe Micro Inc. is a California company that also has its principal place of business at 47606 Kato Road, Fremont, California.  Its registered agent is Peter Lui, 47606 Kato Road, Fremont, California. Phoebe Micro Inc. is the registrant organization and Peter Liu is the registrant name for the AIRLINK101.COM domain name.  On information and belief, Phoebe Micro Inc. does business as Airlink 101, and Phoebe Micro Inc. and Airlink 101 shall be collectively referred to herein as "Airlink."  On information and belief, Airlink purchases and re-sells infringing KVM switches manufactured by Uniclass.

12.     Broadtech International Co., Ltd., d/b/a Linskey ("Linskey") is a California corporation with its principal place of business at 545 West Lambert Road, Brea, California.  Its registered agent is Jo-Sheii Yu, 545 West Lambert Road, Suite B, Brea, California.  On information and belief, Linskey purchases and re-sells infringing KVM switches manufactured by Uniclass.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

14.     Venue is proper in this Judicial District under 28 U.S.C. § 1391 (b) & (c) and 28 U.S.C. § 1400.

15.     This Court has personal jurisdiction over Uniclass by virtue of its substantial and continuous contacts with this Judicial District and/or because Uniclass, directly or through intermediaries (such as affiliates, distributors, resellers or retailers), advertises, offers for sale, distributes, and/or sells its products in the United States, the State of Texas, and the Eastern District of Texas, including products that infringe the patents-in-suit.  Uniclass has purposefully and voluntarily placed infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this Judicial District.

16.     This Court has personal jurisdiction over Airlink by virtue of its substantial and continuous contacts with this Judicial District and/or because Airlink, directly or through intermediaries (such as affiliates, distributors, resellers or retailers), advertises, offers for sale, distributes, and/or sells its products in the United States, the State of Texas, and the Eastern District of Texas, including products that infringe the patents-in-suit.  On information and belief, Airlink has purposefully and voluntarily placed infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this Judicial District.

17.     This Court has personal jurisdiction over Linkskey by virtue of its substantial and continuous contacts with this Judicial District and/or because Linkskey, directly or through intermediaries (such as affiliates, distributors, resellers or retailers), advertises, offers for sale, distributes, and/or sells its products in the United States, the State of Texas, and the Eastern District of Texas, including products that infringe the patents-in-suit.  Linkskey has purposefully and voluntarily placed infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this Judicial District.

**THE PATENTS**

18.     U.S. Patent No. 6,564,275 ("the '275 patent") was duly and legally issued on May 13, 2003 and was amended by reexamination certificate on March 26, 2013.  ATEN is the assignee of all right, title, and interest in the '275 patent, including the right to sue and recover damages for past and future infringement.  A true and correct copy of the '275 patent is attached as Exhibit 1.

19.     U.S. Patent No. 7,640,289 ("the '289 patent") was duly and legally issued on December 29, 2009.  ATEN is the assignee of all right, title, and interest in the '289 patent, including the right to sue and recover damages for past and future infringement.  A true and correct copy of the '289 patent is attached as Exhibit 2.

20.     U.S. Patent No. 6,957,287 ("the '287 patent") was duly and legally issued on October 18, 2005.  ATEN is the assignee of all right, title, and interest in the '287 patent, including the right to sue and recover damages for past and future infringement. A true and correct copy of the '287 patent is attached as Exhibit 3.

21.     U.S. Patent No. 7,472,217 ("the '217 patent") was duly and legally issued on December 30, 2008.  ATEN is the assignee of all right, title, and interest in the '217 patent, including the right to sue and recover damages for past and future infringement.  A true and correct copy of the '217 patent is attached as Exhibit 4.

22.     U.S. Patent No. 8,589,141 ("the '141 patent") was duly and legally issued on November 19, 2013.  ATEN is the assignee of all right, title, and interest in the '141 patent, including the right to sue and recover damages for past and future infringement. A true and correct copy of the '141 patent is attached as Exhibit 5.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. '275)

23.     Paragraphs 1-22 of this complaint are incorporated herein by reference.

24.     Defendants have been and are now directly infringing, actively inducing infringement of, and/or contributing to the infringement of the '275 patent, literally and/or under the doctrine of equivalents.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, or offer for sale of KVM switches that infringe at least one claim of the '275 patent.  The infringing products include, for example, USB-TA2.

25.     Defendants' directly infringing activities include the importation of infringing KVM switches into the United States and the sale and offer for sale of infringing KVM switches to customers in the United States.

26.     Uniclass's inducement of infringement includes the rebranding of its infringing KVM switches for third parties, such as Airlink and Linkskey, with the knowledge and intent that Airlink and Linkskey will sell these rebranded infringing products to customers in the United States.  Uniclass has had knowledge of the '275 patent since at least 2009 and has knowingly induced third parties such as Airlink and Linkskey to infringe the '275 patent.

27.     Defendants' inducement of infringement includes the sale of infringing KVM switches to end customers in the United States, with knowledge of or willful blindness to the end customers' direct infringement of the '275 patent.  Airlink and Linkskey have had knowledge of the '275 patent at least since the service date of this Complaint, and on information and belief will continue to induce infringement of the '275 patent.

28.     Uniclass's infringement is willful.

29.     To the extent Airlink and Linkskey have acted with deliberate disregard for ATEN's patent rights, Airlink's and Linkskey's infringement is willful.  Airlink and Linkskey have had knowledge of the '275 patent at least since the service date of this Complaint.

30.     ATEN has been injured by Defendants' infringement of the '275 patent.  ATEN is entitled to recover the damages sustained by ATEN as a result of Defendants' wrongful acts in an amount subject to proof at trial.

31.     On information and belief, Defendants will continue to infringe the '275 patent and thus cause irreparable injury and damage to ATEN unless permanently enjoined by this Court.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. '289)

32.     Paragraphs 1-31 of this complaint are incorporated herein by reference.

33.     Uniclass and Linkskey have been and are now directly infringing, actively inducing infringement of, and/or contributing to the infringement of the '289 patent, literally and/or under the doctrine of equivalents.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, or offer for sale of KVM switches that infringe at least one claim of the '289 patent.  The infringing products include, for example, the Prima T8.

34.     Uniclass's and Linkskey's directly infringing activities include the importation of infringing KVM switches into the United States and the sale and offer for sale of infringing KVM switches to customers in the United States.

35.     Uniclass's inducement of infringement includes the rebranding of its infringing KVM switches for third parties, such as Linkskey, with the knowledge and intent that Linkskey will sell these rebranded infringing products to customers in the United States, and with

knowledge of or willful blindness to Linkskey's infringement of the '289 patent.  Uniclass has been aware of ATEN's patent portfolio relating to KVM switches since at least 2009.

36.     Uniclass's and Linkskey's inducement of infringement includes the sale of infringing KVM switches to end customers in the United States, with knowledge of or willful blindness to the end customers' direct infringement of the '289 patent.  Linkskey has had knowledge of the '289 patent at least since the service date of this Complaint, and on information and belief will continue to induce infringement of the '289 patent.

37.     Uniclass's infringement is willful.

38.     To the extent Linkskey has acted with deliberate disregard for ATEN's patent rights, Linkskey's infringement is willful.  Linkskey has had knowledge of the '289 patent at least since the service date of this Complaint.

39.     ATEN has been injured by Uniclass's and Linkskey's infringement of the '289 patent.  ATEN is entitled to recover the damages sustained by ATEN as a result of Uniclass's and Linkskey's wrongful acts in an amount subject to proof at trial.

40.     On information and belief, Uniclass and Linkskey will continue to infringe the '289 patent and thus cause irreparable injury and damage to ATEN unless permanently enjoined by this Court.

## COUNT III
## (INFRINGEMENT OF U.S. PATENT NO. '287)

41.     Paragraphs 1-40 of this complaint are incorporated herein by reference.

42.     Defendants have been and are now directly infringing, actively inducing infringement of, and/or contributing to the infringement of the '287 patent, literally and/or under the doctrine of equivalents.  The infringing acts include, but are not limited to, the manufacture,

use, sale, importation, or offer for sale of KVM switches that infringe at least one claim of the '287 patent.  The infringing products include, for example, USB-TA2.

43.     Defendants' directly infringing activities include the importation of infringing KVM switches into the United States and the sale and offer for sale of infringing KVM switches to customers in the United States.

44.     Uniclass's inducement of infringement includes the rebranding of its infringing KVM switches for third parties, such as Airlink and Linkskey, with the knowledge and intent that Airlink and Linkskey will sell these rebranded infringing products to customers in the United States.  Uniclass has had knowledge of the '287 patent since at least 2009 and has knowingly induced third parties such as Airlink and Linkskey to infringe the '287 patent.

45.     Defendants' inducement of infringement includes the sale of infringing KVM switches to end customers in the United States, with knowledge of or willful blindness to the end customers' direct infringement of the '287 patent.  Airlink and Linkskey have had knowledge of the '287 patent at least since the service date of this Complaint, and on information and belief will continue to induce infringement of the '287 patent.

46.     Uniclass's infringement is willful.

47.     To the extent Airlink and Linkskey have acted with deliberate disregard for ATEN's patent rights, Airlink's and Linkskey's infringement is willful.  Airlink and Linkskey have had knowledge of the '287 patent at least since the service date of this Complaint.

48.     ATEN has been injured by Defendants' infringement of the '287 patent.  ATEN is entitled to recover the damages sustained by ATEN as a result of Defendants' wrongful acts in an amount subject to proof at trial.

49.     On information and belief, Defendants will continue to infringe the '287 patent and thus cause irreparable injury and damage to ATEN unless permanently enjoined by this Court.

**COUNT IV**
**(INFRINGEMENT OF U.S. PATENT NO. '217)**

50.     Paragraphs 1-49 of this complaint are incorporated herein by reference.

51.     Defendants have been and are now directly infringing, actively inducing infringement of, and/or contributing to the infringement of the '217 patent, literally and/or under the doctrine of equivalents.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, or offer for sale of KVM switches that infringe at least one claim of the '217 patent.  The infringing products include, for example, USB-TA2.

52.     Defendants' directly infringing activities include the importation of infringing KVM switches into the United States and the sale and offer for sale of infringing KVM switches to customers in the United States.

53.     Uniclass's inducement of infringement includes the rebranding of its infringing KVM switches for third parties, such as Airlink and Linkskey, with the knowledge and intent that Airlink and Linkskey will sell these rebranded infringing products to customers in the United States, and with knowledge of or willful blindness to Airlink's and Linkskey's infringement of the '217 patent.  Uniclass has been aware of ATEN's patent portfolio relating to KVM switches since at least 2009.

54.     Defendants' inducement of infringement includes the sale of infringing KVM switches to end customers in the United States, with knowledge of or willful blindness to the end customers' direct infringement of the '217 patent.  Airlink and Linkskey have had knowledge of

the '217 patent at least since the service date of this Complaint, and on information and belief will continue to induce infringement of the '217 patent.

55.     Uniclass's infringement is willful.

56.     To the extent Airlink and Linkskey have acted with deliberate disregard for ATEN's patent rights, Airlink's and Linkskey's infringement is willful.  Airlink and Linkskey have had knowledge of the '217 patent at least since the service date of this Complaint.

57.     ATEN has been injured by Defendants' infringement of the '217 patent.  ATEN is entitled to recover the damages sustained by ATEN as a result of Defendants' wrongful acts in an amount subject to proof at trial.

58.     On information and belief, Defendants will continue to infringe the '217 patent and thus cause irreparable injury and damage to ATEN unless permanently enjoined by this Court.

**COUNT V**
**(INFRINGEMENT OF U.S. PATENT NO. '141)**

59.     Paragraphs 1-58 of this complaint are incorporated herein by reference.

60.     Defendants have been and are now directly infringing, actively inducing infringement of, and/or contributing to the infringement of the '141 patent, literally and/or under the doctrine of equivalents.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, or offer for sale of KVM switches that infringe at least one claim of the '141 patent.  The infringing products include, for example, the Prima T8.

61.     Defendants' directly infringing activities include the importation of infringing KVM switches into the United States and the sale and offer for sale of infringing KVM switches to customers in the United States.

COMPLAINT - Page 11

62.    Uniclass's inducement of infringement includes the rebranding of its infringing KVM switches for third parties, such as Airlink and Linkskey, with the knowledge and intent that Airlink and Linkskey will sell these rebranded infringing products to customers in the United States, and with knowledge of or willful blindness to Airlink's and Linkskey's infringement of the '141 patent.  Uniclass has been aware of ATEN's patent portfolio relating to KVM switches since at least 2009.

63.    Defendants' inducement of infringement includes the sale of infringing KVM switches to end customers in the United States, with knowledge of or willful blindness to the end customers' direct infringement of the '141 patent.  Airlink and Linkskey have had knowledge of the '141 patent at least since the service date of this Complaint, and on information and belief will continue to induce infringement of the '141 patent.

64.    Uniclass's infringement is willful.

65.    To the extent Airlink and Linkskey have acted with deliberate disregard for ATEN's patent rights, Airlink's and Linkskey's infringement is willful.  Airlink and Linkskey have had knowledge of the '141 patent at least since the service date of this Complaint.

66.    ATEN has been injured by Defendants' infringement of the '141 patent.  ATEN is entitled to recover the damages sustained by ATEN as a result of Defendants' wrongful acts in an amount subject to proof at trial.

67.    On information and belief, Defendants will continue to infringe the '141 patent and thus cause irreparable injury and damage to ATEN unless permanently enjoined by this Court.

## JURY DEMAND

ATEN hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

ATEN respectfully requests that this Court:

1.    find that the '275, '289, '287, '217, and '141 patents are infringed by Defendants;

2.    find that Defendants' infringement is willful;

3.    enjoin Defendants, their parents, subsidiaries, affiliates, officers, agents, servants, employees and attorneys, and all persons acting for, with, by through, or under any of them, or in active concert with any of them, from infringing the '275, '289, '287, '217, and '141 patents;

4.    award ATEN damages adequate to compensate ATEN for its injuries resulting from Defendants' infringement, together with pre-judgment interest, post-judgment interest, and costs;

5.    award ATEN treble damages pursuant to 35 U.S.C. § 284;

6.    declare this to be an exceptional case within the meaning of 35 U.S.C. § 285 and award ATEN its attorneys' fees; and

7.    award ATEN such other and further relief as this Court may deem just and proper.

Dated:  August 6, 2014                   Respectfully submitted,

                                         FISH & RICHARDSON P.C.


                                         By:  */s/ Jane J. Du*
                                              Jane J. Du
                                              Texas Bar No. 24076355
                                              du@fr.com
                                              FISH & RICHARDSON P.C.
                                              1717 Main Street
                                              Dallas, TX 75201
                                              (214) 747-5070 - Telephone
                                              (214) 747-2091 - Facsimile

                                              Of Counsel:

                                              Christopher R. Dillon (MA BBO #640896)
                                              Whitney R. Reichel  (MA BBO #663599)
                                              Andrew G. Pearson (MA BBO #688709)
                                              FISH & RICHARDSON P.C.
                                              One Marina Park Drive
                                              Boston, MA  02210-1878
                                              (617) 542-5070 - Telephone
                                              (617) 542-8906 - Facsimile


                                         Counsel for Plaintiff
                                         ATEN INTERNATIONAL CO., LTD.

COMPLAINT - Page 14