**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ATEN INTERNATIONAL CO., LTD.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNICLASS TECHONOLOGY CO., LTD., ELECTRONIC TECHNOLOGY CO., LTD. OF DONGGUAN UNICLASS, AIRLINK 101, PHOEBE MICRO INC., BROADTECH INTERNATIONAL CO., LTD. D/B/A LINKSKEY, and BLACK BOX CORPORATION,**<br><br>**Defendants.** | **CASE NO. 2:14-CV-852-JRG**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT BLACK BOX CORPORATION'S ORIGINAL ANSWER TO THE SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Black Box Corporation ("Black Box" or "Defendant") hereby answers the Second Amended Complaint filed by Plaintiff Aten International Co., Ltd. ("Plaintiff") filed on November 17, 2014 (Dkt. No. 29) ("Complaint"). The numbered paragraphs in Black Box's Answer below correspond to the like-numbered paragraphs of Plaintiff's Complaint. Except as expressly admitted below, Black Box denies the allegations and characterizations in the Complaint.

## BACKGROUND

1. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 1, and therefore denies the same.

2. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 2, and therefore denies the same.

3. Black Box denies the allegations of Paragraph 3 to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 3, and therefore denies the same.

4. Black Box denies the allegations of Paragraph 4 to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 4, and therefore denies the same.

5. Black Box denies the allegations of Paragraph 5 to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 5, and therefore denies the same.

6. Black Box denies the allegations of Paragraph 6 to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 6, and therefore denies the same.

**NATURE OF ACTION**

7. Black Box admits that the Complaint purports to allege a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and denies all other allegations of Paragraph 7.

**THE PARTIES**

8. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 8, and therefore denies the same.

9. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 9, and therefore denies the same.

10. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 10, and therefore denies the same.

11. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 11, and therefore denies the same.

12. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 12, and therefore denies the same.

13. Black Box admits that it is a Delaware corporation with its principal place of business at 1000 Park Drive, Lawrence, Pennsylvania, that its registered agent is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware. Black Box denies that it purchases and re-sells KVM switches. Black Box denies all other allegations of Paragraph 13.

**JURISDICTION AND VENUE**

14. Black Box admits that the Court has subject matter jurisdiction over this action. Black Box denies the remaining allegations of Paragraph 14 of the Complaint.

15. Black Box denies the allegations of Paragraph 15 of the Complaint.

16. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 16, and therefore denies the same.

17. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 17, and therefore denies the same.

18. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 18, and therefore denies the same.

19. Black Box admits that its wholly-owned indirect subsidiary, Black Box of PA, markets and sells its products in the United States, and that an insignificant amount of the

accused products sold by Black Box of Pennsylvania ("Black Box of PA") are being shipped to the State of Texas. Black Box denies all other allegations of Paragraph 19.

**THE PATENTS**

20. Black Box admits that Exhibit 1 to the Complaint appears to be a copy of the '275 Patent. Black Box admits that from the face page of the '275 Patent provided as Exhibit 1 that it purports to have issued on May 13, 2003. Black Box admits that from the face page of the reexamination certificate provided as part of Exhibit 1 that the '275 Patent was amended by reexamination certificate on March 26, 2013. Black Box is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and, therefore, denies the same.

21. Black Box admits that Exhibit 2 to the Complaint appears to be a copy of the '289 Patent. Black Box admits that from the face page of the '289 Patent provided as Exhibit 2 that it issued on December 29, 2009. Back Box is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint and, therefore, denies the same.

22. Black Box admits that Exhibit 3 to the Complaint appears to be a copy of the '287 Patent. Black Box admits that from the face page of the '287 Patent provided as Exhibit 3 that it issued on October 18, 2005. Back Box is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint and, therefore, denies the same.

23. Black Box admits that Exhibit 4 to the Complaint appears to be a copy of the '217 Patent. Black Box admits that from the face page of the '217 Patent provided as Exhibit 4 that it issued on December 30, 2008. Back Box is without sufficient knowledge or information to form

a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and, therefore, denies the same.

24. Black Box admits that Exhibit 5 to the Complaint appears to be a copy of the ’141 Patent. Black Box admits that from the face page of the ’141 Patent provided as Exhibit 5 that it issued on November 19, 2013. Back Box is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint and, therefore, denies the same.

**COUNT I**
**(INFRINGEMENT OF U.S. PATENT NO. ’275)**

25. Black Box incorporates by reference its responses to the preceding allegations as if fully set forth herein.

26. Black Box denies the allegations of Paragraph 26 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 26, and therefore denies the same.

27. Black Box denies the allegations of Paragraph 27 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 27, and therefore denies the same.

28. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 28 of the Complaint, and therefore denies the same.

29. Black Box denies the allegations of Paragraph 29 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or

information to form a belief as to the remaining allegations of Paragraph 29, and therefore denies the same.

30. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 30 of the Complaint, and therefore denies the same.

31. Black Box denies the allegations of Paragraph 31 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 31, and therefore denies the same.

32. Black Box denies the allegations of Paragraph 32 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 32, and therefore denies the same.

33. Black Box denies the allegations of Paragraph 33 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 33, and therefore denies the same.

**COUNT II**
**(INFRINGEMENT OF U.S. PATENT NO. ’289)**

34. Black Box incorporates by reference its responses to the preceding allegations as if fully set forth herein.

35. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 35 of the Complaint, and therefore denies the same.

36. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 36 of the Complaint, and therefore denies the same.

37. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 37 of the Complaint, and therefore denies the same.

38. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 38 of the Complaint, and therefore denies the same.

39. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 39 of the Complaint, and therefore denies the same.

40. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 40 of the Complaint, and therefore denies the same.

41. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 41 of the Complaint, and therefore denies the same.

42. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 42 of the Complaint, and therefore denies the same.

**COUNT III**
**(INFRINGEMENT OF U.S. PATENT NO. ’287)**

43. Black Box incorporates by reference its responses to the preceding allegations as if fully set forth herein.

44. Black Box denies the allegations of Paragraph 44 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 44, and therefore denies the same.

45. Black Box denies the allegations of Paragraph 45 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 45, and therefore denies the same.

46. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 46 of the Complaint, and therefore denies the same.

47. Black Box denies the allegations of Paragraph 47 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 47, and therefore denies the same.

48. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 48 of the Complaint, and therefore denies the same.

49. Black Box denies the allegations of Paragraph 49 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 49, and therefore denies the same.

50. Black Box denies the allegations of Paragraph 50 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 50, and therefore denies the same.

51. Black Box denies the allegations of Paragraph 51 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 51, and therefore denies the same.

**COUNT IV**
**(INFRINGEMENT OF U.S. PATENT NO. ’217)**

52. Black Box incorporates by reference its responses to the preceding allegations as if fully set forth herein.

53. Black Box denies the allegations of Paragraph 53 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 53, and therefore denies the same.

54. Black Box denies the allegations of Paragraph 54 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 54, and therefore denies the same.

55. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 55 of the Complaint, and therefore denies the same.

56. Black Box denies the allegations of Paragraph 56 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 56, and therefore denies the same.

57. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 57 of the Complaint, and therefore denies the same.

58. Black Box denies the allegations of Paragraph 58 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 58, and therefore denies the same.

59. Black Box denies the allegations of Paragraph 59 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or

information to form a belief as to the remaining allegations of Paragraph 59, and therefore denies the same.

60. Black Box denies the allegations of Paragraph 60 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 60, and therefore denies the same.

**COUNT IV**
**(INFRINGEMENT OF U.S. PATENT NO. '141)**

61. Black Box incorporates by reference its responses to the preceding allegations as if fully set forth herein.

62. Black Box denies the allegations of Paragraph 62 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 62, and therefore denies the same.

63. Black Box denies the allegations of Paragraph 63 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 63, and therefore denies the same.

64. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 64 of the Complaint, and therefore denies the same.

65. Black Box denies the allegations of Paragraph 65 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 65, and therefore denies the same.

66. Black Box is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 66 of the Complaint, and therefore denies the same.

67. Black Box denies the allegations of Paragraph 67 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 67, and therefore denies the same.

68. Black Box denies the allegations of Paragraph 68 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 68, and therefore denies the same.

69. Black Box denies the allegations of Paragraph 69 of the Complaint to the extent those allegations are directed to Black Box. Black Box is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 69, and therefore denies the same.

**ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF**

70. Black Box denies that Plaintiff is entitled to any relief whatsoever, either as prayed for in the Complaint or otherwise.

**AFFIRMATIVE DEFENSES**

71. Black Box incorporates and repeats its answer to the allegations of the Complaint as though set forth in full here. Without agreeing that it bears the burden of production or persuasion to any of them, Black Box asserts the following affirmative defenses listed below. Black Box reserves the right to add additional defenses, including but not limited to allegations of inequitable conduct, consistent with facts discovered in this case.

**FIRST AFFIRMATIVE DEFENSE**

72. Black Box has not directly or indirectly infringed any valid and enforceable claim of the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent, either literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE**

73. Each claim of the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

74. One or more of the claims in the Complaint fails to state a claim upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

75. Plaintiff is not entitled to injunctive relief, because, *inter alia*, any injury to Plaintiff is not irreparable, and Plaintiff has an adequate remedy at law.

**FIFTH AFFIRMATIVE DEFENSE**

76. Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel, laches, waiver, and/or acquiescence.

**SIXTH AFFIRMATIVE DEFENSE**

77. Plaintiff's claims are barred, in whole or in part, by 35 U.S.C. § 286.

**SEVENTH AFFIRMATIVE DEFENSE**

78. Plaintiff's claims are barred, in whole or in part, by 35 U.S.C. § 286.

## EIGHTH AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred, in whole or in part, by prosecution history estoppel.

## NINTH AFFIRMATIVE DEFENSE

80. Black Box hereby reserves the right to amend its Answer and Counterclaims to assert additional defenses and/or counterclaims if such defenses or counterclaims are discovered during the course of litigation.

## JURY DEMAND

81. Black Box hereby demands a trial by jury on all issues and claims so triable.

## COUNTERCLAIMS OF BLACK BOX CORPORATION

Defendant Black Box Corporation ("Black Box") asserts the following counterclaims against Aten International Co., Ltd. ("Plaintiff"):

## NATURE OF ACTION

1. Black Box seeks through this action a judgment declaring that United States Patent Nos. 6,564,275 ("the '275 patent"), 6,957,287 ("the '287 patent"), 7,472,217 ("the '217 patent"), and 8,589,141 ("the '141 patent") are invalid and not infringed by Black Box.

## THE PARTIES

2. Black Box is a Delaware Corporation with its principal place of business at 1000 Park Drive, Lawrence, Pennsylvania.

3. According to its Complaint, Plaintiff is a Taiwanese corporation with its principal place of business at 3F, No. 125, Sec. 2, Datong Rd., Sijhih District, New Taipei City 221, Taiwan.

## JURISDICTION AND VENUE

4. Black Box's counterclaims for a declaratory judgment arise under the Declaratory Judgment Act, 28 U.S.C. § 1331, 1338, 2201, and 2202.

5. An actual and justiciable controversy exists under the Declaratory Judgment Act with respect to Black Box's alleged infringement of, and the validity of, the '275 Patent, , the '287 Patent, the '217 Patent, and the '141 Patent.

6. This Court has personal jurisdiction over Plaintiff as Plaintiff has purposely availed itself of the privilege of conducting activities within this State and District.

7. As indicated in its motion to transfer venue filed this date, it is Black Box's contention that venue should be in the Central District of California. However, if that motion is denied, then venue is proper in this Court under 28 U.S.C. § 1391.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

8. Black Box incorporates by reference its responses to the preceding allegations as if fully set forth herein.

9. Plaintiff has alleged that it is the owner of the '275 Patent, the '287 Patent, the '217 Patent, and the '141 Patent.

10. Plaintiff has sued Black Box for infringement of the '275 Patent, the '287 Patent, the '217 Patent, and the '141 Patent.

11. An actual and justiciable controversy exists between Black Box and Plaintiff with respect to the '275 Patent, the '287 Patent, the '217 Patent, and the '141 Patent. Absent a declaration of non-infringement, Plaintiff will continue to wrongfully assert e '275 Patent, the '287 Patent, the '217 Patent, and the '141 Patent against Black Box, and thereby cause Black Box injury and damage.

12. Black Box does not infringe any valid and enforceable claim of the ’275 Patent, the ’287 Patent, the ’217 Patent, and the ’141 Patent, either literally or under the doctrine of equivalents. Black Box has not actively induced or contributed to the infringement of the ’275 Patent, the ’287 Patent, the ’217 Patent, and the ’141 Patent. Black Box is entitled to a declaration to that effect.

**SECOND COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY)**

13. Black Box incorporates by reference its responses to the preceding allegations as if fully set forth herein.

14. Plaintiff has alleged that it is the owner of the ’275 Patent, the ’289 Patent, the ’287 Patent, the ’217 Patent, and the ’141 Patent.

15. Plaintiff has sued Black Box for infringement of the ’275 Patent, the ’287 Patent, the ’217 Patent, and the ’141 Patent.

16. An actual and justiciable controversy exists between Black Box and Plaintiff with respect to the ’275 Patent, the ’289 Patent, the ’287 Patent, the ’217 Patent, and the ’141 Patent. Absent a declaration of invalidity, Plaintiff will continue to wrongfully assert the ’275 Patent, the ’287 Patent, the ’217 Patent, and the ’141 Patent against Black Box, and thereby cause Black Box injury and damage.

17. The ’275 Patent, the ’287 Patent, the ’217 Patent, and the ’141 Patent are each invalid under the provisions of Title 35, United States Code, including, but not limited to, one or more Section of 101, 102, 103 and/or 112. Black Box is entitled to a declaration to that effect.

## THIRD COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NO WILLFULNESS)

18. Black Box incorporates by reference its responses to the preceding allegations as if fully set forth herein.

19. Plaintiff has alleged that it is the owner of the ’275 Patent, the ’287 Patent, the ’217 Patent, and the ’141 Patent.

20. Plaintiff has sued Black Box for willful infringement of the ’275 Patent, the ’287 Patent, the ’217 Patent, and the ’141 Patent.

21. An actual and justiciable controversy exists between Black Box and Plaintiff with respect to the ’275 Patent, the ’287 Patent, the ’217 Patent, and the ’141 Patent. Absent a declaration of non-willful infringement, Plaintiff will continue to wrongfully assert that Black Box has willfully infringed the ’275 Patent, the ’289 Patent, the ’287 Patent, the ’217 Patent, and the ’141 Patent, thereby causing Black Box injury and damage.

22. Black Box does not infringe any valid and enforceable claim of the ’275 Patent, the ’287 Patent, the ’217 Patent, and the ’141 Patent, either literally or under the doctrine of equivalents. Black Box has not actively induced or contributed to the willful infringement of the ’275 Patent, the ’287 Patent, the ’217 Patent, and the ’141 Patent. Black Box is entitled to a declaration to that effect.

## PRAYER FOR RELIEF

WHEREFORE, Black Box asks this Court to:

A. Dismiss Plaintiff’s action against Black Box;

B. Enter judgment that Plaintiff take nothing on its claims against Black Box;

C. Find that Black Box is the prevailing party, and that it is entitled to relief under 35 U.S.C. § 285 because this case is exceptional;

D. Award Black Box its attorney's fees and costs of defending this action; and

E. Order such other and further relief as to which Black Box may be entitled.

**JURY DEMAND**

Black Box hereby demands a trial by jury on all issues and claims so triable.

Dated: December 22, 2014

Respectfully submitted,

*\s\ Eric C. Wood*__________
Eric C. Wood
Texas State Bar No. 24037737
SCHEEF & STONE, L.L.P.
2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 Phone
(214) 472-2150 Fax
eric.wood@solidcounsel.com

Robert E. Aycock
(*Pro Hac Vice Pending*)
Utah State Bar No. 8878
raycock@wnalw.com
Matthew A. Barlow
(*Pro Hac Vice Pending*)
Utah State Bar No. 9596
mbarlow@wnlaw.com
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
(801) 533-9800
(801) 328-1707 (Fax)

**ATTORNEYS FOR DEFENDANT**
**BLACK BOX CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 22, 2014, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*\s\ Eric C. Wood*___________
Eric C. Wood