**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ATEN INTERNATIONAL CO., LTD.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNICLASS TECHNOLOGY CO., LTD., ELECTRONIC TECHNOLOGY CO., LTD. OF DONGGUAN UNICLASS, AIRLINK 101, PHOEBE MICRO INC., BROADTECH INTERNATIONAL CO., LTD. D/B/A LINKSKEY, and BLACK BOX CORPORATION,**<br><br>**Defendants.** | **CASE NO. 2:14-cv-852-JRG**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ANSWER TO DEFENDANT BLACKBOX CORPORATION'S COUNTERCLAIMS

Plaintiff ATEN International Co., Ltd. ("ATEN") hereby answers the Counterclaims filed by Defendant Black Box Corporation ("Black Box"). ATEN denies all allegations not expressly admitted below.

## NATURE OF ACTION

1. ATEN admits that Black Box purports to seek a judgment declaring that United States Patent Nos. 6,564,275 ("the '275 patent"), 6,957,287 ("the '287 patent"), 7,472,217 ("the '217 patent"), and 8,589,141 ("the '141 patent") are invalid and not infringed by Black Box. ATEN denies that these patents are invalid and not infringed by Black Box.

## THE PARTIES

2. ATEN does not dispute that Black Box is a Delaware Corporation with its principal place of business at 1000 Park Drive, Lawrence, Pennsylvania.

3. ATEN admits that it is a Taiwanese corporation with its principal place of business at 3F, No. 125, Sec. 2, Datong Rd., Sijhih District, New Taipei City 221, Taiwan.

## JURDISCITION AND VENUE

4. ATEN admits that Black Box's Counterclaims purport to arise under the Declaratory Judgment Act, 28 U.S.C. § 1331, 1338, 2201, and 2202.

5. Paragraph 5 of the Counterclaims states a legal conclusion to which no response is required.

6. ATEN admits that this Court has personal jurisdiction over it with respect to Black Box's Counterclaims.

7. ATEN admits that venue is proper in this Court. ATEN denies that venue should be in the Central District of California.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

8. ATEN incorporates by reference its responses to Paragraphs 1-7 as if fully set forth herein.

9. ATEN admits the allegations of Paragraph 9 of the Counterclaims.

10. ATEN admits the allegations of Paragraph 10 of the Counterclaims.

11. Paragraph 11 of the Counterclaims states a legal conclusion to which no response is required. ATEN otherwise denies the allegations of Paragraph 11 of the Counterclaims.

12. ATEN denies the allegations of Paragraph 12 of the Counterclaims.

**SECOND COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY)**

13. ATEN incorporates by reference its responses to Paragraphs 1-12 as if fully set forth herein.

14. ATEN admits the allegations of Paragraph 14 of the Counterclaims.

15. ATEN admits the allegations of Paragraph 15 of the Counterclaims.

16. Paragraph 16 of the Counterclaims states a legal conclusion to which no response is required. This paragraph appears to contain a typographical error with respect to the inclusion of the ’289 patent. ATEN has not asserted the ’289 patent against Black Box and there is no actual and justiciable controversy between the parties with respect to this patent. Black Box has not raised a declaratory judgment claim with respect to the ’289 patent, and the Court would lack subject matter jurisdiction over such a claim. ATEN otherwise denies the allegations of Paragraph 16 of the Counterclaims.

17. ATEN denies the allegations of Paragraph 17 of the Counterclaims.

**THIRD COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NO WILLFULNESS)**

18. ATEN incorporates by reference its responses to Paragraphs 1-17 as if fully set forth herein.

19. ATEN admits the allegations of Paragraph 19 of the Counterclaims.

20. ATEN admits the allegations of Paragraph 20 of the Counterclaims.

21. Paragraph 21 of the Counterclaims states a legal conclusion to which no response is required. This paragraph appears to contain a typographical error with respect to the inclusion of the ’289 patent. ATEN has not asserted the ’289 patent against Black Box and there is no actual and justiciable controversy between the parties with respect to this patent. Black Box has not raised a declaratory judgment claim with respect to the ’289 patent, and the Court would lack

subject matter jurisdiction over such a claim. ATEN otherwise denies the allegations of Paragraph 21 of the Counterclaims.

22. ATEN denies the allegations of Paragraph 22 of the Counterclaims.

**PRAYER FOR RELIEF**

ATEN respectfully requests that this Court:

1. dismiss Black Box's counterclaims with prejudice;

2. find that Black Box shall take nothing on its counterclaims;

3. find that the '275, '287, '217, and '141 patents are infringed by Black Box;

4. find that the '275, '287, '217, and '141 patents are not invalid;

5. find that Black Box's infringement is willful;

6. enjoin Black Box, its parents, subsidiaries, affiliates, officers, agents, servants, employees and attorneys, and all persons acting for, with, by through, or under any of them, or in active concert with any of them, from infringing the '275, '287, '217, and '141 patents;

7. award ATEN damages adequate to compensate ATEN for its injuries resulting from Black Box's infringement, together with pre-judgment interest, post-judgment interest, and costs;

8. award ATEN treble damages pursuant to 35 U.S.C. § 284;

9. declare this to be an exceptional case within the meaning of 35 U.S.C. § 285 and award ATEN its attorneys' fees; and

10. award ATEN such other and further relief as this Court may deem just and proper.

Dated: January 15, 2015

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Jane J. Du*

Jane J. Du
Texas Bar No.
du@fr.com
FISH & RICHARDSON P.C.
1717 Main Street
Dallas, TX 75201
(214) 747-5070 - Telephone
(214) 747-2091 - Facsimile

Of Counsel:

Christopher R. Dillon (MA BBO #640896)
Whitney R. Reichel (MA BBO #663599)
Andrew G. Pearson (MA BBO #688709)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
(617) 542-5070 - Telephone
(617) 542-8906 - Facsimile

Counsel for Plaintiff
ATEN INTERNATIONAL CO., LTD.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 15, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by e-mail.

*/s/ Jane J. Du*
Jane J. Du