**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ATEN INTERNATIONAL CO., LTD.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNICLASS TECHNOLOGY CO., LTD., ELECTRONIC TECHNOLOGY CO., LTD. OF DONGGUAN UNICLASS, AIRLINK 101, PHOEBE MICRO INC., BROADTECH INTERNATIONAL CO., LTD. D/B/A LINKSKEY, BLACK BOX CORPORATION, and BLACK BOX CORPORATION OF PENNSYLVANIA**<br><br>**Defendants.** | **CASE NO. 2:14-cv-852-JRG**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ANSWER TO DEFENDANTS AIRLINK 101'S, PHOEBE MICRO INC.'S, AND BROADTECH INTERNATIONAL CO., LTD. D/B/A LINKSKEY'S COUNTERCLAIMS**

Plaintiff ATEN International Co., Ltd. ("ATEN") hereby answers the Counterclaims filed by Defendants Airlink 101, Phoebe Micro Inc., and Broadtech International Co., Ltd. d/b/a Linkskey ("Defendants"). ATEN denies all allegations not expressly admitted below.

**NATURE OF ACTION**

1. ATEN admits that Defendants purport to seek a judgment declaring that United States Patent Nos. 6,564,275 ("the '275 patent"), 7,640,289 ("the '289 patent"), 6,957,287 ("the '287 patent"), 7,472,217 ("the '217 patent"), and 8,589,141 ("the '141 patent") are invalid and not infringed by Defendants. ATEN denies that these patents are invalid and not infringed by Defendants.

## THE PARTIES

2. ATEN does not dispute that Phoebe Micro Inc. d/b/a Airlink 101 is a California corporation with its principal place of business at 47606 Kato Road, Fremont, California.

3. ATEN does not dispute that Defendant Broadtech International Co., Ltd. d/b/a Linkskey is a California corporation with its principal place of business at 545 West Lambert Road, Brea, California.

4. ATEN admits that it is a Taiwanese corporation with its principal place of business at 3F, No. 125, Sec. 2, Datong Rd., Sijhih District, New Taipei City 221, Taiwan.

## JURDISCITION AND VENUE

5. ATEN admits that Defendants' Counterclaims purport to arise under the Declaratory Judgment Act, 28 U.S.C. § 1331, 1338, 2201, and 2202.

6. Paragraph 6 of the Counterclaims states a legal conclusion to which no response is required.

7. ATEN admits that this Court has personal jurisdiction over it with respect to Defendants' Counterclaims.

8. ATEN admits that venue is proper in this Court. ATEN denies that venue should be in the Central District of California.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

9. ATEN incorporates by reference its responses to Paragraphs 1-8 as if fully set forth herein.

10. ATEN admits the allegations of Paragraph 10 of the Counterclaims.

11. ATEN admits the allegations of Paragraph 11 of the Counterclaims.

12. Paragraph 12 of the Counterclaims states a legal conclusion to which no response is required. ATEN otherwise denies the allegations of Paragraph 12 of the Counterclaims.

13. ATEN denies the allegations of Paragraph 13 of the Counterclaims.

**SECOND COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY)**

14. ATEN incorporates by reference its responses to Paragraphs 1-13 as if fully set forth herein.

15. ATEN admits the allegations of Paragraph 15 of the Counterclaims.

16. ATEN admits the allegations of Paragraph 16 of the Counterclaims.

17. Paragraph 17 of the Counterclaims states a legal conclusion to which no response is required. ATEN otherwise denies the allegations of Paragraph 17 of the Counterclaims.

18. ATEN denies the allegations of Paragraph 18 of the Counterclaims.

**THIRD COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NO WILLFULNESS)**

19. ATEN incorporates by reference its responses to Paragraphs 1-18 as if fully set forth herein.

20. ATEN admits the allegations of Paragraph 20 of the Counterclaims.

21. ATEN admits the allegations of Paragraph 21 of the Counterclaims.

22. Paragraph 22 of the Counterclaims states a legal conclusion to which no response is required. ATEN otherwise denies the allegations of Paragraph 22 of the Counterclaims.

23. ATEN denies the allegations of Paragraph 23 of the Counterclaims.

**FOURTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF UNENFORCEABILITY OF CLAIM 45 OF THE ’275 PATENT FOR INEQUITABLE CONDUCT, UNCLEAN HANDS, OR PATENT MISUSE)**

24. ATEN incorporates by reference its responses to Paragraphs 1-23 as if fully set forth herein.

25. ATEN admits the allegations of Paragraph 25 of the Counterclaims.

26. Concurrently with the filing of this answer, ATEN is filing a Motion to Dismiss the allegations of this paragraph pursuant to Fed. R. Civ. P. 9(b), 12(b)(6), and 12(f). In the event this Motion is denied, ATEN denies the allegations of Paragraph 26 of the Counterclaims.

27. Concurrently with the filing of this answer, ATEN is filing a Motion to Dismiss the allegations of this paragraph pursuant to Fed. R. Civ. P. 9(b), 12(b)(6), and 12(f). In the event this Motion is denied, ATEN denies the allegations of Paragraph 27 of the Counterclaims.

28. Concurrently with the filing of this answer, ATEN is filing a Motion to Dismiss the allegations of this paragraph pursuant to Fed. R. Civ. P. 9(b), 12(b)(6), and 12(f). In the event this Motion is denied, ATEN denies the allegations of Paragraph 28 of the Counterclaims.

29. Concurrently with the filing of this answer, ATEN is filing a Motion to Dismiss the allegations of this paragraph pursuant to Fed. R. Civ. P. 9(b), 12(b)(6), and 12(f). In the event this Motion is denied, ATEN denies the allegations of Paragraph 29 of the Counterclaims.

30. Concurrently with the filing of this answer, ATEN is filing a Motion to Dismiss the allegations of this paragraph pursuant to Fed. R. Civ. P. 9(b), 12(b)(6), and 12(f). In the event this Motion is denied, ATEN denies the allegations of Paragraph 30 of the Counterclaims.

## PRAYER FOR RELIEF

ATEN respectfully requests that this Court:

1. dismiss Defendants' counterclaims with prejudice;

2. find that Defendants shall take nothing on its Counterclaims;

3. find that the '275, '287, '217, and '141 patents are infringed by Defendants;

4. find that the '289 patent is infringed by Broadtech;

5. find that the '275, '289, '287, '217, and '141 patents are not invalid;

6. find that Defendants' infringement is willful;

7. enjoin Defendants, their parents, subsidiaries, affiliates, officers, agents, servants, employees and attorneys, and all persons acting for, with, by through, or under any of them, or in active concert with any of them, from infringing the '275, '289, '287, '217, and '141 patents;

8. award ATEN damages adequate to compensate ATEN for its injuries resulting from Defendants' infringement, together with pre-judgment interest, post-judgment interest, and costs;

9. award ATEN treble damages pursuant to 35 U.S.C. § 284;

10. declare this to be an exceptional case within the meaning of 35 U.S.C. § 285 and award ATEN its attorneys' fees; and

11. award ATEN such other and further relief as this Court may deem just and proper.

Dated: May 14, 2015

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Jane J. Du*

Jane J. Du
Texas Bar No.
du@fr.com
FISH & RICHARDSON P.C.
1717 Main Street
Dallas, TX 75201
(214) 747-5070 - Telephone
(214) 747-2091 - Facsimile

Of Counsel:

Christopher R. Dillon (MA BBO #640896)
Whitney R. Reichel (MA BBO #663599)
Andrew G. Pearson (MA BBO #688709)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
(617) 542-5070 - Telephone
(617) 542-8906 - Facsimile

Counsel for Plaintiff
ATEN INTERNATIONAL CO., LTD.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 14, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by e-mail.

*/s/ Jane J. Du*
Jane J. Du