Steven R. Daniels (Cal. Bar No. 235398)
sdaniels@farneydaniels.com
FARNEY DANIELS PC
800 S. Austin Avenue, Suite 200
Georgetown, Texas 78626
Telephone: (512) 582-2828
Facsimile:  (512) 582-2829

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ATEN INTERNATIONAL CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNICLASS TECHNOLOGY CO., LTD., et. al. <br><br> Defendant. | Case No. 2:15-cv-04424-AJG-AJW <br><br> **PLAINTIFF ATEN INTERNATIONAL CO., LTD.'S FIRST AMENDED RESPONSE TO DEFENDANTS UNICLASS AND UNICLASS DONGGUAN'S COUNTERCLAIMS** <br><br> Earlier Case:  09-CV-00843-AG-MLG |

Plaintiff ATEN International Co., Ltd. ("ATEN" or "Plaintiff"), by and through its respective counsel, hereby files this First Amended Answer in response to the Answer and Counterclaims of Defendants Uniclass Technology Co., Ltd. ("Uniclass") and Electronic Technology Co., Ltd. of Dongguan Uniclass ("Uniclass Dongguan") (collectively, "Defendants") to Plaintiff's Third Amended Complaint.

**ANSWER TO COUNTERCLAIMS**

ATEN hereby restates and incorporates by reference the allegations set forth in Paragraphs 1 – 71 of its Third Amended Complaint (D.I. 75).

# UNICLASS' COUNTERCLAIMS

## NATURE OF ACTION

1. Defendants seek through this action a judgment declaring that United States Patent Nos. 6,564,275 ("the '275 patent"), 7,640,289 ("the '289 patent"), 6,957,287 ("the '287 patent"), 7,472,217 ("the '217 patent"), and 8,589,141 ("the '141 patent") are invalid and not infringed by Defendants.

**ANSWER:** ATEN admits that Defendants purport to seek a judgment declaring that United States Patent Nos. 6,564,275 ("the '275 patent"), 7,640,289 ("the '289 patent"), 6,957,287 ("the '287 patent"), 7,472,217 ("the '217 patent"), and 8,589,141 ("the '141 patent") are invalid and not infringed by Defendants. ATEN denies that these patents are invalid and not infringed by Defendants. The counterclaims with respect to the '275 patent have been dismissed.

## THE PARTIES

2. Defendant and Counterclaimant Uniclass Technology Co., Ltd ("Uniclass") is a Taiwanese company with its principal place of business at 11F, No. 100, Ming Chuan Rd., Hsintien District, New Taipei City 231, Taiwan.

**ANSWER:** ATEN does not dispute that Uniclass is a Taiwanese company with its principal place of business at 11F, No. 100, Ming Chuan Rd., Hsintien District, New Taipei City 231, Taiwan.

3. Defendant and Counterclaimant Electronic Technology Co., Ltd. of Dongguan Uniclass ("Uniclass Dongguan") is a Chinese company with its principal place of business at Huangtang Village, New 4th Admin. District, HengLi Town, Dongguan, GuangDong Province, China.

**ANSWER:** ATEN does not dispute that Uniclass Dongguan is a Chinese company with its principal place of business at Huangtang Village, New 4th Admin. District, HengLi Town, Dongguan, GuangDong Province, China.

4. According to its Complaint, Plaintiff ATEN Technology, Co. Ltd. is a

Taiwanese corporation with its principal place of business at 3F, No. 125, Sec. 2, Datong Rd., Sijhih District, New Taipei City 221, Taiwan.

**ANSWER:** ATEN admits that it is a Taiwanese corporation with its principal place of business at 3F, No. 125, Sec. 2, Datong Rd., Sijhih District, New Taipei City 221, Taiwan.

## JURISDICTION AND VENUE

5. Defendants' counterclaims for a declaratory judgment arise under the Declaratory Judgment Act, 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

**ANSWER:** ATEN admits that Defendants' counterclaims purport to arise under the Declaratory Judgment Act, 28 U.S.C. § 1331, 1338, 2201, and 2202.

6. An actual and justiciable controversy exists under the Declaratory Judgment Act with respect to Defendants' alleged infringement of, and the validity of, the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent.

**ANSWER:** Paragraph 6 of the counterclaims states a legal conclusion to which no response is required.

7. This Court has personal jurisdiction over Plaintiff as Plaintiff has purposely availed itself of the privilege of conducting activities within this State and District.

**ANSWER:** ATEN admits that this Court has personal jurisdiction over it with respect to Defendants' counterclaims.

8. Venue is proper in this Court under 28 U.S.C. § 1391.

**ANSWER:** ATEN admits that venue is proper in this Court. ATEN denies that venue should be in the Central District of California.

## FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

9. Defendants incorporate the preceding paragraphs by reference.

**ANSWER:** ATEN incorporates by reference its responses to Paragraphs 1-8 as if fully set forth herein.

10. Plaintiff has alleged that it is the owner of the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent.

**ANSWER:** ATEN admits the allegations of Paragraph 10 of the counterclaims.

11. Plaintiff has sued Defendants for infringement of the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent.

**ANSWER:** ATEN admits the allegations of Paragraph 11 of the counterclaims.

12. An actual and justiciable controversy exists between Defendants and Plaintiff with respect to the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent. Absent a declaration of non-infringement, Plaintiff will continue to wrongfully assert the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent against Defendants, and thereby cause Defendants injury and damage.

**ANSWER:** Paragraph 12 of the counterclaims states a legal conclusion to which no response is required. ATEN otherwise denies the allegations of Paragraph 12 of the Counterclaims.

13. Defendants do not infringe any valid and enforceable claim of the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent, either literally or under the doctrine of equivalents. Defendants have not actively induced or contributed to the infringement of the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent. Defendants are entitled to a declaration to that effect.

**ANSWER:** ATEN denies the allegations of Paragraph 13 of the Counterclaims.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY)

14. Defendants incorporate the preceding paragraphs by reference.

**ANSWER:** ATEN incorporates by reference its responses to Paragraphs 1-13 as if fully set forth herein.

15. Plaintiff has alleged that it is the owner of the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent.

**ANSWER:** ATEN admits the allegations of Paragraph 15 of the Counterclaims.

16. Plaintiff has sued Defendants for infringement of the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent.

**ANSWER:** ATEN admits the allegations of Paragraph 16 of the Counterclaims.

17. An actual and justiciable controversy exists between Defendants and Plaintiff with respect to the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent. Absent a declaration of invalidity, Plaintiff will continue to wrongfully assert the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent against Defendants, and thereby cause Defendants injury and damage.

**ANSWER:** Paragraph 17 of the Counterclaims states a legal conclusion to which no response is required. ATEN otherwise denies the allegations of Paragraph 17 of the Counterclaims.

18. The '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent are each invalid under the patent laws of the United States, including but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112. Defendants are entitled to a declaration to that effect.

**ANSWER:** ATEN denies the allegations of Paragraph 18 of the Counterclaims.

## THIRD COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NO WILLFULNESS)

19. Defendants incorporate the preceding paragraphs by reference.

**ANSWER:** ATEN incorporates by reference its responses to Paragraphs 1-18 as if fully set forth herein.

20. Plaintiff has alleged that it is the owner of the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent.

**ANSWER:** ATEN admits the allegations of Paragraph 20 of the Counterclaims.

21. Plaintiff has sued Defendants for infringement of the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent.

**ANSWER:** ATEN admits the allegations of Paragraph 21 of the Counterclaims.

22. An actual and justiciable controversy exists between Defendants and Plaintiff with respect to the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent. Absent a declaration of non-willful infringement, Plaintiff will continue to wrongfully assert that Defendants has willfully infringed the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, and the '141 Patent, thereby causing Defendants injury and damage.

**ANSWER:** Paragraph 22 of the Counterclaims states a legal conclusion to which no response is required. ATEN otherwise denies the allegations of Paragraph 22 of the Counterclaims.

23. Defendants do not infringe any valid and enforceable claim of the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, or the '141 Patent, either literally or under the doctrine of equivalents. Defendants have not actively induced or contributed to the willful infringement of the '275 Patent, the '289 Patent, the '287 Patent, the '217 Patent, or the '141 Patent. Defendants are entitled to a declaration to that effect.

1  **ANSWER:** ATEN denies the allegations of Paragraph 23 of the Counterclaims.

## FOURTH COUNTERCLAIM

### (DECLARATORY JUDGMENT OF UNENFORCEABILITY OF CLAIM 45 OF THE '275 PATENT FOR UNCLEAN HANDS OR PATENT MISUSE)

24. Defendants incorporate the preceding paragraphs by reference.

**ANSWER:** ATEN incorporates by reference its responses to Paragraphs 1-23 as if fully set forth herein.

25. The '275 Patent underwent a reexamination at the USPTO, resulting in a reexamination certificate issuing on March 26, 2013.

**ANSWER:** The counterclaims with respect to the '275 patent have been dismissed.

26. The USPTO inadvertently, and by clerical error, issued the wrong claims from the reexamination. Claim 45 is one of the erroneously issued claims.

**ANSWER:** The counterclaims with respect to the '275 patent have been dismissed.

27. Plaintiff knew, at least at the time the USPTO issued the reexamination certificate, that claim 45 was issued only as the result of a clerical error, and should not have issued.

**ANSWER:** The counterclaims with respect to the '275 patent have been dismissed.

28. Plaintiff has not sought a certificate of correction or taken any other steps to correct the set of erroneously issued claims.

**ANSWER:** The counterclaims with respect to the '275 patent have been dismissed.

29. Notwithstanding Plaintiff's knowledge that claim 45 was erroneously issued, as a result of a clerical error at the USPTO, Plaintiff asserted claim 45

against Uniclass in this litigation.

**ANSWER:** The counterclaims with respect to the '275 patent have been dismissed.

30. Because claim 45 erroneously issued as a result of a clerical error at the USPTO and Plaintiff has continued to assert it in this action without first petitioning for its correction, the '275 Patent is unenforceable and/or invalid for unclean hands or patent misuse. Defendants are entitled to a declaration to that effect.

**ANSWER:** The counterclaims with respect to the '275 patent have been dismissed.

**FIFTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT OF PATENT NO. 7,035,112)**

31. Defendants incorporate the preceding paragraphs by reference.

**ANSWER:** ATEN incorporates by reference its responses to Paragraphs 1-30 as if fully set forth herein

32. In 2009, Uniclass and Plaintiff entered into a "settlement-by-compromise" agreement for three patents ('112, '275 and '287), including Patent No. 7,035,112 ("'112 Patent").

**ANSWER:** ATEN admits that in 2009 ATEN and Uniclass entered into an agreement concerning the '112 Patent. ATEN denies that this agreement is a "settlement-by-compromise" agreement and states that the agreement is titled "LICENSE AGREEMENT."

33. Plaintiff has asserted, in Taiwanese Court, that it is the owner of the '112 Patent and that Uniclass breached the 2009 agreement relative to the '112 Patent.

**ANSWER:** ATEN admits that it is the owner of the '112 Patent and ATEN admits that it has asserted that Uniclass has breached the agreement entered

into between ATEN and Uniclass in 2009 titled "LICENSE AGREEMENT." Uniclass's allegations are vague and ambiguous, in particular as to the meaning of "relative to the '112 Patent" and the remaining allegations of this paragraph are therefore denied.

34. According to the terms of the 2009 agreement, there is no breach if all the claims of the '112 Patent are materially limited or declared invalid.

**ANSWER:** Uniclass misstates the terms of the agreement entered into between ATEN and Uniclass in 2009 titled "LICENSE AGREEMENT" which does not contain the language in this paragraph of Uniclass's counterclaim. The agreement does not include any language stating that "there is no breach if all the claims of the '112 Patent are materially limited or declared invalid." All allegations in this paragraph are therefore denied.

35. An actual and justiciable controversy exists between Defendants and Plaintiff with respect to the '112 Patent. Absent a declaration of invalidity and non-infringement, Plaintiff will continue to wrongfully assert that Defendants have breached the 2009 agreement relative to the '112 Patent, and thereby cause Defendants injury and damage.

**ANSWER:** Denied.

36. The '112 Patent is invalid under the patent laws of the United States, including but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112. Defendants are entitled to a declaration to that effect.

**ANSWER:** Denied.

37. Defendants do not infringe any valid and enforceable claim of the '112 Patent, either literally or under the doctrine of equivalents. Defendants have not actively induced or contributed to the infringement of the '112 Patent. Defendants are entitled to a declaration to that effect.

**ANSWER:** Denied.

## **PRAYER FOR RELIEF**

ATEN respectfully requests that this Court:

1. dismiss Defendants' counterclaims with prejudice;
2. find that Defendants shall take nothing on its Counterclaims;
3. find that the '287, '217, and '141 patents are infringed by Defendants;
4. find that the '287, '217, and '141 patents are not invalid;
5. find that Defendants' infringement is willful;
6. enjoin Defendants, its parents, subsidiaries, affiliates, officers, agents, servants, employees and attorneys, and all persons acting for, with, by through, or under any of them, or in active concert with any of them, from infringing the '287, '217, and '141 patents;
7. award ATEN damages adequate to compensate ATEN for its injuries resulting from Defendants' infringement, together with pre-judgment interest, post-judgment interest, and costs;
8. award ATEN treble damages pursuant to 35 U.S.C. § 284;
9. declare this to be an exceptional case within the meaning of 35 U.S.C. § 285 and award ATEN its attorneys' fees; and
10. award ATEN such other and further relief as this Court may deem just and proper.

Dated: December 1, 2015

FARNEY DANIELS PC

/s/ *Steven R. Daniels*
Steven R. Daniels, Bar No. 235398

*Attorney for Plaintiff*
*ATEN INTERNATIONAL CO., LTD.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 1, 2015 to all counsel who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Steven R. Daniels*
Steven R. Daniels