UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-04424-AG (AJWx) | Date | November 15, 2016 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

Present: The Honorable   ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

Proceedings:   [IN CHAMBERS] ORDER DENYING EX PARTE APPLICATION TO EXTEND DISCOVERY CUTOFF

Plaintiff ATEN International Co., Ltd. filed this patent infringement lawsuit against Defendants Uniclass Technology Co., Ltd. ("Uniclass"); Electronic Technology Co., Ltd. of Dongguan UNICLASS; Airlink 101; Phoebe Micro Inc.; Broadtech International Co., Ltd. d/b/a Linksey; Black Box Corporation; and Black Box Corporation of Pennsylvania. The parties in this case had stipulated to a modified schedule numerous times, but Plaintiff has now filed an ex parte application asking the Court to extend the discovery cutoff date for this case. Uniclass opposes this application.

The Court DENIES Plaintiff's ex parte application. (Dkt. No. 233.)

1.      LEGAL STANDARDS

    1.1     Ex Parte Applications

"[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Emergency applications can upset this fairness. They can be unfair to a party's opponent, who often has little or no opportunity to respond. *See Fuentes v. Shevin*, 407 U.S. 67, 80–82 (1972) (due process requires that affected parties "are entitled to be heard" following "meaningful" notice, except in "extraordinary situations").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04424-AG (AJWx) | Date | November 15, 2016 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

They can be unfair to the Court, which must drop all its work on other cases. They can be unfair to other litigants, who now have to wait longer for their own justice. They can even be unfair to the moving party, who may shortchange itself of an opportunity to put its best arguments forward. In sum, emergency applications can be an obstacle to the pursuit of fair and excellent justice. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 491–92 (C.D. Cal. 1995).

This is why emergency applications are disfavored and only granted when the moving party meets certain conditions. Among other things, the moving party must show that it's "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

### 1.2     Amending a Scheduling Order

A court's scheduling order sets a discovery cut-off date, a pretrial conference date, a trial date, and other deadlines for a case. Fed. R. Civ. P. 16(b). A court can modify a scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

### 2.     ANALYSIS

Plaintiff's main purpose in asking the Court to extend the discovery deadline is so that it can move to compel Uniclass "to produce the source code relating to the accused products." According to Plaintiff, Uniclass had previously agreed to produce this source code but then later refused to do so. Plaintiff states that the parties had agreed to "discuss representative products" before discovery had closed, but then after fact discovery closed, Uniclass "for the first time indicated they would not agree to representative products." (Dkt. No. 233-1 at 2.)

Discovery often requires motions to compel, which must be included in calculating when actions must be taken. Plaintiff appears to have miscalculated some steps while discovery was still open. Uniclass points out that "[a]t no time prior to the [discovery] cutoff did [Plaintiff] make a demand for source code review that was not accommodated. At no time prior to the cutoff did [Plaintiff] file a motion to compel source code production (or any other discovery)." (Dkt. No. 234 at 10.) Further, fact discovery ended in this case on July 27, 2016,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04424-AG (AJWx) | Date | November 15, 2016 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

but Plaintiff has brought this motion in November. Thus, Plaintiff hasn't shown that it is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect," such that emergency relief is appropriate. *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Nor has Plaintiff shown "good cause" for amending the scheduling order. Fed. R. Civ. P. 16(b)(4).

## 3. DISPOSITION

The Court DENIES Plaintiff's ex parte application. (Dkt. No. 233.)

|                  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |