Timothy Devlin (admitted pro hac vice)
Michael A. Siem (admitted pro hac vice)
Devlin Law Firm LLC
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile:  (302) 353-4251
Email: tdevlin@devlinlawfirm.com
         msiem@devlinlawfirm.com

Seth W. Wiener (California State Bar No. 203747)
Law Offices of Seth W. Wiener
9107 Wilshire Boulevard, Suite 450
Beverly Hills, CA 90210
Telephone: (925) 487-5607
Email: sethwiener@yahoo.com

Attorneys for Plaintiff
ATEN INTERNATIONAL CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATEN INTERNATIONAL CO., LTD,<br><br>Plaintiff,<br><br>vs.<br><br>UNICLASS TECHNOLOGY CO., LTD., ET AL.,<br><br>Defendants. | Case No. 2:15-cv-04424-AJG-AJW<br><br>**PLAINTIFF'S MOTION IN LIMINE REGARDING REFERENCE TO UNPRODUCED SOURCE CODE** |

## I. INTRODUCTION

Plaintiff ATEN International Co., Ltd. ("ATEN") hereby moves *in limine* to preclude from trial any evidence or argument relating to any source code that Defendants Uniclass Technology Co. Ltd., et al. ("Uniclass") did not produce during discovery. Admission of such evidence or argument would violate Federal Rules of Civil Procedure 26 and 37. Evidence or argument based on unproduced source code would also pose a threat of unfair prejudice to Plaintiff, making it inadmissible under Federal Rule of Evidence 403.

## II. FACTS AND ARGUMENT

Pursuant to F.R.C.P. Rules 26 and 37, Defendants should not be permitted to rely on source code that they never produced during discovery. Under F.R.C.P. Rule 26(a), a party is required to disclose all materials that it may use to support its claims or defenses. Fed. R. Civ. P. 26(a). Rule 37(c)(1) is the associated enforcement provision. It "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

During discovery, Uniclass chose not to produce relevant source code. Instead, Uniclass made source code available for inspection, but then refused access late in discovery. (*See* Dkt. 234-3, Ex. L at 5-7.) Uniclass also made the calculated decision not to produce any code of its own volition. The result is that a limited amount of source code has been produced, and is properly part of the case going forward. Any additional source code, which might have been produced if ATEN were permitted the access it requested, should be excluded.

Additionally, unproduced source code should be excluded under F.R.E. Rule 403, because its admission would result in unfair prejudice to Plaintiff. Under Rule 403, a court may exclude evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, Uniclass chose not to produce much of its source code. Any use now would be unfairly prejudicial because ATEN would not have sufficient opportunity to evaluate the code at this late juncture.

### III. CONCLUSION

For the reasons set forth above, ATEN's motion *in limine* to preclude any evidence or argument relating to source code that was not produced during discovery should be granted.

Dated: February 27, 2017      DEVLIN LAW FIRM LLC

/s/
_____

By:   Michael A. Siem
      Attorneys for Plaintiff
      ATEN INTERNATIONAL CO., LTD.