Jen-Feng Lee, SBN 204328 (jflee@ltpacificlaw.com)
Kenneth K. Tanji, Jr., SBN 162273 (ktanji@ltpacificlaw.com)
LT PACIFIC LAW GROUP, LLP
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Robert Aycock (Admitted Pro Hac Vice) (raycock@pa-law.com)
Joseph G. Pia (Admitted Pro Hac Vice) (joe.pia@pa-law.com)
PIA ANDERSON MOSS HOYT
136 East South Temple, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

Attorneys for Defendants
UNICLASS TECHNOLOGY CO. LTD., ET AL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| ATEN TECHNOLOGY, CO. LTD. | No. 2:15-cv-04424-BRO-AJW |
|---|---|
| Plaintiff, | **DEFENDANT'S PRE-TRIAL MEMORANDUM OF CONTENTIONS OF FACTS AND LAW PURSUANT TO LOCAL RULE 16-4** |
| vs. | |
| UNICLASS TECHNOLOGY CO., LTD., et al. | Hearing Date: June 5, 2017 |
| Defendants. | Hearing Time: 10:00 A.M. |
| | Courtroom: 10D |
| | Judge: Hon. Andrew Guilford |
| | Trial Date: June 20, 2017 |

## CONTENTIONS OF LAW AND FACT

**I.   INTRODUCTION**

Pursuant to Local Rule 16-4, Defendants Uniclass Technology Co., Ltd., Electronic Technology Co., Ltd. of Dongguan Uniclass, Airlink 101, Phoebe Micro Inc., Broadtech International Co., Ltd. D/B/A/ Linkskey, Black Box Corporation, and Black Box Corporation of Pennsylvania ("Defendants") submit their pre-trial Memorandum of Contentions of Facts and Law.  As set forth in Defendants' January 16, 2017 expert reports, Defendants' Technical Expert Report of Robert Dezmelyk Regarding Non-infringement and Invalidity ("Dezmelyk Report") and Expert Report of Scott W. Cragun ("Cragun Report"), there is no liability among any of the Defendants for any of Plaintiff Aten International Co., Ltd's ("Aten") infringement claims.

**II.   PLAINTIFF'S CLAIMS**

**A.   Plaintiff's Infringement Claims**

During this litigation, Aten has asserted infringement of 72 claims across six patents against over 125 of Defendants' products. These patents and claims included U.S. Patent Nos.:

- 6,957,287 ("'287 Patent"), claims 1, 3-7;
- 7,472,217 ("'217 Patent"), claims 1, 3-7;
- 7,640,289 ("'289 Patent"), claims 1-20;
- 8,589,141 ("'141 Patent"), claims 1-27;
- 6,564,275 ("'275 Patent"), claim 45; and,
- 7,035,112 ("'112 Patent"), claims 1, 12-19, and 21-23.

(collectively the "Asserted Patents").

After claim construction, extensive discovery, motion practice, and reconciliation of its initial contentions, Aten has abandoned its infringement contentions as to the '275 and '112 Patents, and their asserted claims, as well as numerous other claims of the Asserted Patents, and most of the initially accused products. Additionally, after the Court granted Defendants' Motion to Strike Aten's Final Infringement Contentions Disclosed Through Its Expert Report, (*see* Order at

1

dkt. no. 345), the parties were directed to identify the claims and accused products that do not depart substantially from Aten's Original Contentions. After meeting and conferring to reach agreement as to what accused products remained, the parties filed a report informing the Court that they had reached an agreement as to some but not all of the accused products that remained. (*See* Dkt. No. 350.)

On April 24, 2017, the Court entered its Order Granting in part and Denying in part Defendants' Partial Motion for Summary Judgment of Noninfringement of some of the Asserted Claims. (Dkt.  No. 364). However, because the parties cannot fully agree as to what accused products remain to be addressed at trial (*see* dkt. no. 350), Defendants present the following two tables to help identify what Asserted Claims and accused products remain and where the parties are in disagreement.

In view of the Court's recent orders concerning Defendants' motion to strike and for summary judgement of noninfringement, Defendants contend that only the following Asserted Patents, claims, and accused products remain to be addressed at the June 20, 2017 trial:

| Defendants' Identification of Accused Products, Asserted Patents and Claims | |
| --- | --- |
| Patents/Claims* | Accused Products (representative and linked products) |
| '287 Claim: 1 | <u>Rep. product</u>: UDV-TA2<br><br><u>Linked products</u>: UDP-TA2; UHV-TA2; USB-TA2 |
| '287 Claims: 1, 5, and 6<br><br>'217 Claims: 1, 3, and 4 | <u>Rep. product</u>: UKA-248<br><br><u>Linked products</u>: no linked products |
| '289 Claims: 1-20 | <u>Rep. product</u>: None*<br><br>(*Aten only analyzed the Prima 8 product in its Original Contentions and not the presently accused Prima T 4/8/16 products, which products are, and have never been, sold in the United States.)<br><u>Linked products</u>: None |

| '141 Claims: 1-17, 26, and 27 | Rep. product: None*<br><br>(*Aten only analyzed the Prima 8 product in its Original Contentions and not the presently accused Prima T 4/8/16 products, which products are, and have never been, sold in the United States.)<br><br>Linked products: None. |
|---|---|
| '141 Claims: 1-17, 26, and 27 | Rep. product: AD-CP02A<br><br>Linked products: AD-EP04A |

(* collectively the "Remaining Asserted Claims").

As presently understood by Defendants, and in view of the Court's order on summary judgement of noninfringement, Aten contends that infringement of the following Asserted Patents, claims, and accused products remain to be addressed at the June 20, 2017 trial:

| Aten's Identification of Accused Products, Asserted Patents and Claims | |
|---|---|
| Patents/Claims* | Accused Products (representative and linked products) |
| '287 Claims: 1, 5, and 6 | Rep. product: UDV-TA2<br><br>Linked products: UDP-TA2; UHV-TA2; USB-TA2; USB-SP02A; and, USB-SP04A |
| '287 Claims: 1, 5, and 6<br><br>'217 Claims: 1, 3, and 4 | Rep. product: UKA-248<br><br>Linked products: no linked products |
| '289 Claims: 1-20 | Rep. product: Prima T8<br><br>Linked products: Prima T4 and Prima T16 |
| '141 Claims: 1-17, 26, and 27 | Rep. product: Prima T8<br><br>Linked products: Prima T4 and Prima T16 |

| '141 Claims: 1-17, 26, and 27 | <u>Rep. product</u>: AD-CP02A<br><br><u>Linked products</u>:AD-EP04A; AH-832A and 834A; AI-832A and 834A; AL-832A and 834A; AP-832A and 834A; AD-202A and 204A; AH-202A and 204A; AD-502D and 504D; AD-502V and 504V; AD-702D and 704D; AD-702V and 704V; AL-702D and 704D |
|---|---|

In summary, its Defendants' position that the only remaining accused products to be decided at trial are:

1. UDV-TA2;
2. UDP-TA2;
3. UHV-TA2;
4. USB-TA2;
5. UKA-248;
6. AD-CP02A; and,
7. AD-EP04A.

In addition to these remaining accused products, it appears that Aten contends that the following twenty-seven products also remain at issue for trial:

8. USB-SP02A;
9. USB-SP04A;
10. AH-832A;
11. AH-834A;
12. AI-832A;
13. AI-834A;
14. AL-832A;
15. AL-834A;
16. AP-832A;
17. AP-834A;
18. AD-202A;
19. AD-204A;
20. AH-202A;
21. AH- 204A;
22. AD-502D;
23. AD-504D;
24. AD-502V;
25. AD-504V;
26. AD-702D;
27. AD-704D;
28. AD-702V;
29. AD-704V;
30. AL-702D;
31. AL-704D;
32. Prima T8;
33. Prima T4; and,
34. Prima T16

("Aten's Alleged Remaining Accused Products"). (*See* Tables above.)

Plaintiff contends that Defendants literally infringe these Remaining Asserted Claims, as well as infringing claim 1 of the '287 Patent under the doctrine of equivalents. Aten also asserts that Defendants have directly and indirectly infringed the Asserted Claims pursuant to 35 U.S.C. § 271. Aten also contends that Defendants have "willfully" infringed the Asserted Patents. Each of Aten's claims and Defendants' relevant contentions of facts and law will be addressed in turn.

## B.   Plaintiff's Damages Claims

The Court, in its Order re Defendants' Motion for Summary Judgment on Aten's Lost Profits Damages, found that Aten could not maintain its claim for lost profits damages as presented in its financial expert's report. (*See* Dkt. No. 363). Without lost profits damages, Aten's own expert's reasonable royalty damages, and under the assumption of a finding of infringement of all the accused products identified by Aten that it contends should be addressed at trial, only amounts to a total of $682,382 for accused sales through July 15, 2016. However, when the Prima T products are removed from this calculation, as they are, and have never been, sold in the U.S., this number is reduced to $517,683. And, when the accused products that are improperly linked to Aten's identified representative products are not included in this calculation, because they were not properly disclosed in Aten's Original Contentions, this amount decreases to $93,530. Again, this is under Aten's own damages expert's calculation.

Conversely, Defendants' damages expert's reasonable royalty calculation, under the same assumptions that infringement is found and all products remaining for trial identified by Aten as discussed in the paragraph above, is $87,542 for accused sales through July 15, 2016. But when the Prima T product line is removed this amount decreases to $65,546. And, when the accused products that are improperly linked to Aten's identified representative products are not included in this calculation, because they were not properly disclosed in Aten's Original Contentions, this amount decreases to $12,473.

1

Furthermore, Aten has not presented or identified any evidence that Defendants, other than Uniclass, are susceptible to liability apart from Uniclass' alleged infringement. As such, these other defendants should be dismissed, or alternatively severed from the case.

## III.   NON-INFRINGEMENT

At trial, Plaintiff bears the burden of proving infringement by a preponderance of evidence. *E.g.*, Federal Circuit Bar Association Model Jury Instructions, B.3.1.

Inasmuch as the Asserted Claims are method claims, Aten bears the burden of proving that Defendants practice each and every step of the claimed method(s). *E.g.*, Federal Circuit Bar Association Model Jury Instructions, B.3.1. Inasmuch as the Asserted Claims depend on Asserted Independent Claims, if the Asserted Independent Claims are not infringed, then the Asserted Dependent Claims cannot be infringed. *E.g.*, Federal Circuit Bar Association Model Jury Instructions, B.3.1 ("You must determine, separately for each asserted claim, whether or not there is infringement. There is one exception to this rule. If you find that a claim on which other claims depend is not infringed, there cannot be infringement of any dependent claim that refers directly or indirectly to that independent claim.")

### A.   Literal Infringement

To decide whether Defendants' accused products, and use of such products, literally infringe any of the Asserted Claims, a comparison will need to be made of Defendants' accused products and their use with the patent claims to determine whether every requirement of the claim(s) is included in each product or use. If so, Defendants' accused products and use literally infringes the claims. If, however, Defendants' accused products and use do not meet every requirement in the patent claims, Defendants' accused product(s) and use do not literally infringe those claims. Literal infringement for each asserted claim must be decided separately. *E.g.*, Federal Circuit Bar Association Model Jury Instructions, B.3.3.

In defense to the claims of infringement, Defendants will rely on the following key facts and evidence (which facts, evidence and arguments are detailed in the Dezmelyk Report and supporting documentation):

a. The structure and function of the accused products;

b. Technical documents, including but not limited to schematics, user guides, source code, etc.;

c. Testimony of Uniclass personnel;

d. The expert report, together with related testimony of Defendants' expert Robert Dezmelyk; and,

e. The prosecution histories of the Asserted Patents and cited prior art.

Defendants will also show that Plaintiff cannot meet its burden of proof as Aten admitted that it did not secure evidence during fact discovery to meet its burden at trial. During discovery, Aten failed to timely inspect the source code associated with all but a handful of the accused products. As admitted by Aten's technical expert in his September 30, 2016 Expert Report of Dr. Tal Lavian Regarding Infringement, Dr. Lavian was unable to assess infringement without source code. Further, according to its expert and infringement contentions, Aten has only inspected a few of the accused products. As such, Aten cannot meet its burden of proof at trial.

During claim construction briefing, Aten's previous expert, Mr. Narad, opined that the Court's construction concerning the "wherein" clause of claim 1 of the '287 Patent, and the construction Defendants proposed be readopted by the Court, could not be implemented in the accused products. Examples of what Mr. Narad said include:

> For example, Defendants' proposed construction [the construction the Court readopted] requires that "the data stream passing between the first computer system and the peripheral device is left uninterrupted" when the peripheral device is "switched from a first computer system to another computer system." As discussed above, a data flow cannot be maintained between a peripheral device and a first computer if the peripheral device is switched to a different computer; if the channel is not connected then a data flow cannot exist. For this reason the proposed construction renders the construed claim not implementable.

(Dkt. 93-1 p. 33); and,

a POSITA would understand that synchronous switching which switched a

3

peripheral device away from a first computer and to a second computer, would of necessity interrupt a data flow between the first computer and the peripheral device.

(Dkt. 93-1 p. 34.)  Consistent with this understanding, on May 25, 2016, then counsel for Aten via email, notified Defendants that Aten would no longer be asserting claim 1 of the '287 Patent:

| From: | Timothy Devlin |
|---|---|
| To: | Joseph Pia |
| Cc: | Robert Aycock; jflee (jflee@ltpacificlaw.com); Michael Siem; Timothy Devlin |
| Subject: | ATEN/Uniclass |
| Date: | Wednesday, May 25, 2016 9:03:24 AM |

Joe,

This email memorializes our discussion from last Friday.  Thanks again for taking the time to talk.

First, we confirm that, following the Court's Markman ruling, ATEN will no longer assert claims 5-7 of the '217 patent, and claims 1-4 and 7 of the '287 patent.  ATEN maintains its allegations regarding the remaining asserted claims of those two patents, as well as all asserted claims of the '289 and '141 patents. Those remaining asserted claims are set forth in ATEN's prior contentions.  The accused products are also

## B.   There is No Infringement of Claim 1 of the '287 Patent Under the Doctrine of Equivalents

Aten contends that, notwithstanding the '287 Patent's requirement that "[b]oth synchronous and asynchronous switching must be performed such that the data stream passing between the first computer system and the peripheral device is left uninterrupted at the time of switching," dkt. no. 226, Defendants may nonetheless infringe claims 1 and 6 of the '287 Patent under the doctrine of equivalents. If the jury determines that there is no literal infringement because Defendants' accused products cannot meet this limitation, Aten would be permitted to attempt to prove, by a preponderance of the evidence, Defendants' accused products infringes the asserted claim under the doctrine of equivalents.

The Court, in its claim construction order, dkt. no. 226, construed the "wherein" clause of claim 1 of the '287 Patent,

> wherein the console devices can be switched either synchronously or asynchronously with the one or more than one peripheral device to the same one of the plurality of computer systems or to different ones of the plurality of computer systems, without interruption of the signal to the one or more than one peripheral device

to mean a

> [c]onsole devices can be switched among computer systems either together with the switching of peripheral devices (i.e., synchronous switching) or independently (i.e., asynchronous switching.) Both synchronous and asynchronous switching must be performed such that the data stream passing between the first computer system and the peripheral device is left uninterrupted at the time of switching.

(Dkt. 226.)

Under the doctrine of equivalents, the accused products can infringe an Asserted Claim only if its switching function is identical or equivalent to the limitation as construed by the Court, "[c]onsole devices can be switched among computer systems either together with the switching of peripheral devices (*i.e.*, synchronous switching) or independently (*i.e.*, asynchronous switching). Both synchronous and asynchronous switching must be performed such that the data stream passing between the first computer system and the peripheral device is left uninterrupted at the time of switching." The accused products' switching function is equivalent to this limitation if a person of ordinary skill in the field would think that the differences between the two were not substantial as of the time of the alleged infringement.

One way to decide if the two are equivalents is to consider whether, as of the time of the alleged infringement, the accused products perform substantially the same function, in substantially same way, to achieve substantially the same results as "[c]onsole devices can be switched among computer systems either together with the switching of peripheral devices (*i.e.*, synchronous switching) or independently (*i.e.*, asynchronous switching). Both synchronous and asynchronous switching must be performed such that the data stream passing between the first computer system and

5

the peripheral device is left uninterrupted at the time of switching." Dkt. 226 (the Court adopting its prior claim construction in *ATEN International Co., Ltd. et al. v. Emine Technology Co., Ltd. et al.*, SACV 09-0843 AG (MLGx).)

Plaintiff may not use the doctrine of equivalents to establish infringement if Defendants' accused products operate the same as what was in the prior art before the application for the '287 Patent or what would have been obvious to persons of ordinary skill in the field in light of what was in the prior art. A patent holder may not obtain, under the doctrine of equivalents, protection that it could not have lawfully obtained from the Patent and Trademark Office.

Also, there is no infringement under the doctrine of equivalents for claim 1 of the '287 Patent because Aten cannot use this doctrine to extend claim 1's scope to cover the prior art it was amended to overcome. *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1332 (Fed. Cir. 2001.) The doctrine of equivalents does not permit the patent holder to recapture through equivalents coverage surrendered during prosecution. *Id.* "Clear assertions made during prosecution in support of patentability, whether or not actually required to secure allowance of the claim, may … create an estoppel." *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1583 (Fed. Cir. 1995.) The Court in this case has already found in its Claim Construction Order that "it is clear that the ability to switch synchronously and asynchronously without interruption of the data flow is the crucial distinction from the prior art…." Dkt. 226 (the Court adopting its prior claim construction in *ATEN International Co., Ltd. et al. v. Emine Technology Co., Ltd. et al.*, SACV 09-0843 AG (MLGx).)

Plaintiff may not use the doctrine of equivalents to establish infringement if the subject matter alleged to be equivalent to a requirement of the patent claim was described in the '287 Patent but not covered by any of its claims. *E.g.*, Federal Circuit Bar Association Model Jury Instructions, B.3.4.

In defense to a claim of infringement under the doctrine of equivalents, Defendants will rely upon, inter alia, the content of the '287 Patent and its file wrappers, together with the law on surrender and file wrapper estoppel.

6

## C. There is No Indirect Infringement

Liability for indirect infringement (inducement and/or contributory infringement) must be predicated on a finding of direct infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111 (U.S. 2014); *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015) (on remand, *en banc*). Based on the law and the facts related to infringement and divided infringement set forth above, Aten cannot prove direct infringement, and thus, there can be no indirect infringement.

## IV. THERE IS NO WILLFUL INFRINGEMENT

To establish willfulness, Plaintiff will bear the burden of proving by a preponderance the evidence that Defendants engaged in egregious "misconduct beyond typical infringement." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1935 (2016). To prove that each of the Defendants' misconduct, if any, was beyond typical infringement, the Plaintiff must prove that each Defendant acted despite a high likelihood that its actions infringed a valid and enforceable patent. Legitimate or credible defenses to infringement, even if not ultimately successful, demonstrate a lack of recklessness. Only if the jury finds "misconduct beyond typical infringement" can the jury consider whether Defendants knew, or should have known, that their actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent. *E.g*., Federal Circuit Bar Association Model Jury Instructions, B.3.10.

In defense to the claim of willful infringement, Defendants will rely on at least the following key facts and evidence as set forth in the Expert Reports of Robert Dezmelyk and Scott Cragun, and portions of the Reports of Plaintiff's Experts, the exhibits cited on the parties' various exhibit lists, and deposition and live testimony of Aten and Uniclass.  Defendants will show through the evidence referenced above that:

(a) The Patents are not infringed either directly, indirectly, or under the doctrine of equivalents.

(b) The patents are invalid.

7

(c) Aten cannot establish that there ever has been a high likelihood that its patents are valid and infringed.

(d) That Defendants had legitimate and credible defenses to assertions of infringement.

(e) The claim construction in the *Emine* Litigation and this case establishes non-infringement.

(f) The settlement by Aten with other accused infringers on the same patents for no money and no injunctions.

(g) Defendants' reliance on the claim construction in concluding that they did not infringe was reasonable.

(h) Defendants' reliance on the patents being "materially limited", as set forth in the license agreement between the parties, was reasonable.

(i) Plaintiff has asserted Patents against Defendants that it knows are not infringed or not valid, including without limitation the '275 patent and the '112 patent which were dropped from the case.  This constitutes patent misuse and generally undermines Plaintiff's arguments that the other Patents were knowingly and willfully infringed.

(j) Aten maintained that the UKA-248/LKV-248AUSK infringed the '141 Patent for two years, even though Aten admitted in its Opposition to Defendants' Motion that it performed no or relatively little investigation or analysis as to the infringement of the UKA-248/LKV-248AUSK against most of the asserted claims of the '141 Patent:

While ATEN included the LKV-248AUSK in the list of products originally believed to infringe the '141 Patent, ATEN itself did not even char many of the claims against the LKV-248AUSK. Instead, ATEN only charted claims 16-24 against that product (DKT 266-2 at 4.) Thus the vast majority of claims of the '141 patent [sic] have never been compared to any LKV-246AUSK [sic] product.

8

(Aten's International's Opposition to Defendants' Motion for Summary Judgment of Invalidity as to All Claims of U.S. Patent No. 8,589,141, dkt. no. 301 at page 13:3-7.)

     (k) Plaintiff cannot carry its burden, and has made no effort to establish an evidentiary groundwork, for showing willfulness for each and every Defendant.

## V.    ATEN IS NOT ENTITLED TO DAMAGES UNDER ITS THEORIES

To establish that Aten is not entitled to damages under its reasonable royalty theory and an injunction, Defendants will rely on at least the key facts and evidence as set forth in the Expert Reports of Robert Dezmelyk and Scott Cragun, and portions of the Reports of Plaintiff's Experts, the exhibits cited on the parties' various exhibit lists, and deposition and live testimony of Aten and Uniclass.

### A.    The Asserted Claims Are Invalid and/or Not Infringed

As discussed above and below, and as set forth in the Dezmelyk Report, if the Asserted Claims are applied so broadly as Aten now asserts in its infringement contentions, the Asserted Claims are invalid in view of the prior art as either anticipated and/or obvious. Further, certain other claims of the Asserted Patents are invalid for failure to meet the requirements set forth in 35 U.S.C. § 112. (*See* Dezmelyk Report.)

### B.    Even Assuming Validity and Infringement, Aten's Damages Are Limited to a Reasonable Royalty

The Court has already determined in its Order re Defendants' Motion for Summary Judgment on Aten's Lost Profits Damages found that Aten cannot meet its burden for lost profits damages. (*See* Dkt. No. 363). Thus, Aten, if it is able to meet its burden of proving infringement, can only obtain reasonable royalties.

### C.    Even Assuming Validity and Infringement, Aten is Not Entitled to an Injunction.

Aten is not entitled to injunctive relief because, among other things, it cannot show irreparable harm.  Aten did not seek a temporary restraining order or preliminary injunction in this case, and instead opted for seeking money damages at trial.  It could not seek early injunctive relief because Aten could not show a

9

likelihood of success on infringement and validity and still cannot.  Further, Aten could not establish irreparable harm because all of the relief it seeks can be quantified in money damages.  If Aten cannot quantify its damages to some degree, it is because Aten did not or cannot sufficiently undertake evidentiary findings, not because it is entitled to injunctive relief.  (*See* Cragun Report and other evidence cited in this section.)

### D.  Even Assuming Validity and Infringement, Aten is Not Entitled to Damages for Any Activities Occurring Outside of the US.

Aten cannot provide any cognizable legal theory for obtaining damages on sales of products outside of the United States. *See* 35 U.S.C. § 271(a). Aten has no factual or legal basis for seeking damages on sales outside of the United States.

### E.  Plaintiff is Not Entitled to Enhanced Damages or Attorneys' Fees Because the Infringement, if Any, is Not Willful.

Aten is not entitled to enhanced damages or attorneys' fees because the infringement, if any, is not willful. Further Aten cannot meet any applicable test under 35 U.S.C. § 285 and applicable case law including *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014).  Instead, Defendants are entitled to their attorneys' fees and costs because this is an exceptional case under those same standards as set forth below.

## VI.  DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

### A.  Invalidity Based on § 112 –Lack Written Description and are Indefinite.

#### 1.  Lack of Written Description

Defendants contend that the Asserted Claims of the '289 and '141 Patents are invalid because the specification of the Asserted Patents do not contain an adequate written description of the invention.

To succeed, Defendants must show by clear and convincing evidence that the specification fails to meet the law's requirements for written description of the invention. *E.g.*, Federal Circuit Bar Association Model Jury Instructions, B.4.2.a.

In the patent application process, the applicant may keep the originally filed claims, or change the claims between the time the patent application is first filed and the time a patent is issued. An applicant may amend the claims or add new claims. These changes may narrow or broaden the scope of the claims. The written description requirement ensures that the issued claims correspond to the scope of the written description that was provided in the original application. *E.g.*, Federal Circuit Bar Association Model Jury Instructions, B.4.2.a.

In deciding whether the patent satisfies this written description requirement, the jury must consider the description from the viewpoint of a person having ordinary skill in the field of technology of the patent when the application was filed. The written description requirement is satisfied if a person having ordinary skill reading the original patent application would have recognized that it describes the full scope of the claimed invention as it is finally claimed in the issued patent and that the inventor actually possessed that full scope by the filing date of the original application. *E.g.*, Federal Circuit Bar Association Model Jury Instructions, B.4.2.a.

In support of it § 112 defenses and counterclaims, Defendants will rely on the following key facts and evidence:

A. The Asserted Patents, their file wrappers, together with related testimony.

B. All evidence and testimony used in defense of Aten's claims of infringement.

C. The expert report, together with related testimony, of Robert Dezmelyk.

## 2.     Asserted Claims are Indefinite

Defendants contend that claim 6 of the '287 patent is invalid as indefinite. "[A] single claim covering both an apparatus and a method of use of that apparatus" is invalid if "it is unclear whether infringement ... occurs when one creates a[n infringing] system, or whether infringement occurs when the user actually uses [the system in an infringing manner]." *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed.Cir.2005). Claim 6 of the '287 Patent depends from independent claim 1, an apparatus claim, and independent claim 5, a method claim. In

support of their indefinite claim, Defendants will rely on the following key facts and evidence:

A. The Asserted Patents, their file wrappers, together with related testimony.

B. All evidence and testimony used in defense of Aten's claims of infringement.

C. The expert report, together with related testimony, of Robert Dezmelyk.

**B.    Invalidity Based on § 102 – Anticipation**

In order for someone to be entitled to a patent, the invention must actually be "new." In general, inventions are new when the identical method has not been made, used, or disclosed before. Anticipation must be determined on a claim-by-claim basis. *E.g.*, Federal Circuit Bar Association Model Jury Instructions, B.4.3.b.1.

Defendants contend that all of the Asserted Claims are invalid because the claimed inventions were anticipated. Defendants must prove anticipation by clear and convincing evidence. *E.g.*, Federal Circuit Bar Association Model Jury Instructions, B.4.3.b.1.

Defendants may prove a patent claim was not new in a number of ways, including:

(1) An invention is not new if it was known to or used by others in the United States before November 9, 2001 for the '287 and '217 Patents; November 8, 2001 for the '289 Patent; and July 24, 2007 for the '141 Patent. An invention is known when the information about it was reasonably accessible to the public on that date; or

(2) An invention is not new if it was already patented or described in a printed publication, anywhere in the world before November 9, 2001 for the '287 and '217 Patents; November 8, 2001 for the '289 Patent; and July 24, 2007 for the '141 Patent. A description is a "printed publication" only if it was publicly accessible; or

(3) Aten has lost its rights if the claimed invention was already patented or described in a printed publication, anywhere in the world by Aten or anyone

12

else, more than a year before November 9, 2001 for the '287 and '217 Patents, November 8, 2001 for the '289 Patent, and July 24, 2007 for the '141 Patent, which are the effective filing dates of the applications for the Asserted Patents. An invention was patented by another if the other patent describes the same invention claimed by Aten to a person having ordinary skill in the technology; or

(4) An invention is not new if it was described in a published patent application filed by another in the United States or under the PCT system and designated the United States, and was published in English before November 9, 2001 for the '287 and '217 Patents, November 8, 2001 for the '289 Patent, and July 24, 2007 for the '141 Patent; or

(5) An invention is not new if the claimed invention was described in a patent granted on an application for patent by another filed in the United States or under the PCT system and designated the United States, and was published in English and the application was filed before November 9, 2001 for the '287 and '217 Patents, November 8, 2001 for the '289 Patent, and July 24, 2007 for the '141 Patent; or

(6) Aten is not entitled to the Asserted Patents if the named inventors did not themselves invent the invention; or

(7) An invention is not new if the invention was made by someone else in the United States before the invention was made by Plaintiff and the other person did not abandon, suppress, or conceal the invention.

*E.g.*, Federal Circuit Bar Association Model Jury Instructions, B.4.3.b.1.

In support of it § 102 defenses and counterclaims, Defendants will rely on the following key facts and evidence (which facts, evidence and arguments are detailed in Defendants' Invalidity Contentions and the Dezmelyk Report):

A. The Asserted Patents, their file wrappers, together with related testimony.

B. Additional patents owned by Aten, together with their file wrappers and/or reexaminations.

C. The Court's claim construction.

D. The parties' claim construction briefing.

E. Prior art, including without limitation, that disclosed in Defendants' Invalidity Contentions and in the Dezmelyk Report.

F. Dezmelyk Report.

G. Aten's Original Infringement Contentions.

### C.   Invalidity Based on §103 – Obviousness

Even though an invention may not have been identically disclosed or described before it was made by an inventor, in order to be patentable, the invention must also not have been obvious to a person of ordinary skill in the field of technology of the patent as of March 29, 2001. *E.g.*, Federal Circuit Bar Association Model Jury Instructions, B.4.3.c.

Defendants must establish obviousness by clear and convincing evidence. *E.g.*, Federal Circuit Bar Association Model Jury Instructions, B.4.3.c.

In determining whether a claimed invention is obvious, the jury must consider the level of ordinary skill in the field of water treatment that someone would have had at the time the patent application was filed, the scope and content of the prior art, and any differences between the prior art and the claimed invention. *E.g.*, Federal Circuit Bar Association Model Jury Instructions, B.4.3.c.

In considering whether a claimed invention is obvious, the jury may, but is not required to find obviousness if it finds that at the time of the patent's filing date there was a reason that would have prompted a person having ordinary skill in the field of water treatment to combine the known elements in a way the claimed invention does, taking into account such factors as:

(1) whether the claimed invention was merely the predictable result of using prior art elements according to their known function(s);

(2) whether the claimed invention provides an obvious solution to a known problem in the relevant field;

14

(3) whether the prior art teaches or suggests the desirability of combining elements claimed in the invention;

(4) whether the prior art teaches away from combining elements in the claimed invention;

(5) whether it would have been obvious to try the combinations of elements, such as when there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions; and

(6) whether the change resulted more from design incentives or other market forces.

*E.g.*, Federal Circuit Bar Association Model Jury Instructions, B.4.3.c.

In support of it § 103 defenses and counterclaims, Defendants will rely on the following key facts and evidence (which facts, evidence and arguments are detailed in Defendants' Invalidity Contentions and the Dezmelyk Report):

A. The Asserted Patents, their file wrappers, together with related testimony.

B. Additional patents owned by Aten, together with their file wrappers and/or reexaminations.

C. The Court's claim construction.

D. The parties' claim construction briefing.

E. Prior art, including without limitation, that disclosed in Defendants' Invalidity Contentions and in the Dezmelyk Report.

F. Dezmelyk Report.

## VII.   THIS IS AN EXCEPTIONAL CASE, ENTITLING DEFENDANTS TO THEIR ATTORNEYS' FEES AND COSTS.

Due to Aten's exceptional litigation tactics and behavior in this case, Defendants will seek its costs and attorneys' fees pursuant to 35 U.S.C. § 285; "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." *See also Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014). Under 35 U.S.C. § 285, courts have discretion to award reasonable attorneys' fees in patent infringement cases that are deemed "exceptional." *E.g.*, *Mathis v. Spears*, 857 F.2d 749, 754 (Fed. Cir. 1988). A case may also be found exceptional if

15

it is (1) brought subjectively in bad faith and (2) is objectively baseless. *Brooks Furniture v. Dutailier Int'l*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). Where a patentee knew or should have known that its asserted claims are not infringed a court may infer that the case was brought or maintained in bad faith. *See, e.g., Kilopass Technology, Inc. v. Sidense Corp.*, 738 F.3d 1302, 1309-12, 1315 (Fed. Cir. 2013) (holding that objective or subjective bad faith prosecution of claims can be the basis for attorneys' fees). Subjective bad faith can be inferred where the patentee deliberately failed to investigate whether a claim element was absent from the accused device. *See id.*

Defendants plan to ask this Court to declare the case exceptional and for an award of their attorneys' fees incurred as a result of having to defend against Plaintiff's unusual and improper litigation approach, as well as taking unsupportable substantive positions in the case that have unnecessarily multiplied the proceedings and increased the fees and costs against the Defendants who are their market competitors. Defendants prevailed in transferring this case to this district and away from the Eastern District of Texas. Plaintiff's filing its complaint in Texas, despite this Court having already construed significant claim terms at issue, and forcing Defendants to comply with an accelerated docket and redo work that had already been performed before this Court in prior cases was an unnecessary and wasteful litigation tactic. The Court applied its same prior claim constructions to every disputed claim term.

Plaintiff's assertion of 6 patents and 72 claims against more than 125 accused products has made this case unwieldy from the start. Plaintiff accused, and have continued to accuse, products that are and were not sold in the United States, and maintained infringement allegations against those products even though evidence had been provided that they could not infringe under U.S. patent law. Defendants have prevailed with respect to the '275 Patent and the '112 Patent that were dismissed from this case. Defendants were successful in striking Plaintiff's expert report resulting in a reduction of nearly 100 accused products down to 34 accused products or less. Yet, during the entire pendency of the action, including claim construction

16

and discovery, Defendants were required to address all asserted claims and undertake infringement/non-infringement and invalidity analyses as to all accused products.  Plaintiff's shotgun strategy ran up costs unnecessarily.

As the case moved towards trial, Defendants sought to work with Plaintiff in vacating the trial date when it became clear that trial prep on the more than 120 accused products would become unnecessary if all, or a part of the motion to strike, were granted. Defendants refused.  The result was that Defendants were required to conduct trial prep on all accused products that resulted in significant unnecessary costs.  Plaintiff's lacked diligence in accusing many products that simply could not infringe – even when put on express notice of flaws in Plaintiff's analysis. Ultimately, the trial date was moved upon review of Defendants' request.

Adding to these unnecessary complication and expenditure of both the parties' and Court's resources, is Plaintiff changed law firms more than four times during the case and changed lead trial counsel more than five times.  Each change caused time and expense to be incurred by Defendants in retreading many agreements of counsel and issues that had been resolved, or could not be resolved because of the changes.  Many deadlines including discovery and expert reports were repeatedly extended to accommodate changes in counsel. Source code review, that became the focus of many disputes and motion practice, would have been substantially streamlined if Plaintiff had not changed counsel multiple times.  Eventually, Plaintiff agreed to pay some of Defendants' costs associated with post-discovery source code review, evidencing the injustice that was and continued to occur. However, Plaintiff has failed to make any such agreed to payment.

Defendants will also seek attorneys' fees as the prevailing party pursuant to 35 U.S.C. § 284.

Dated: May 15, 2017                    Respectfully submitted,

                                       /s/ Joseph G. Pia
                                       Joseph G. Pia
                                       Robert E. Aycock

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jen-Feng "Jeff" Lee
Attorney for Defendants
UNICLASS TECHNOLOGY CO., LTD.,
ELECTRONIC TECHNOLOGY CO., LTD.
OF DONGGUAN UNICLASS,
AIRLINK 101, PHOEBE MICRO INC.,
BROADTECH INTERNATIONAL CO.,
LTD. D/B/A/ LINKSKEY, BLACK BOX
CORPORATION, and BLACK BOX
CORPORATION OF PENNSYLVANIA