Lei Mei (SBN 240104)
mei@meimark.com
P. Andrew Riley (*Pro Hac Vice*)
ariley@meimark.com
Larry Sandell (SBN 262186)
lsandell@meimark.com
Irene Chen (*Pro Hac Vic*e)
ichen@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Telephone: 888-860-5678
Facsimile: 888-706-117

[Additional counsel listed on signature page]

Attorneys for Plaintiff
ATEN INTERNATIONAL CO., LTD.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ATEN INTERNATIONAL CO., LTD.,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNICLASS TECHNOLOGY CO. LTD., et al.,**<br><br>Defendants. | Case No. 2:15-cv-04424-AJG-AJW<br><br>**ATEN INTERNATIONAL CO. LTD.'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ANY CLAIM OR EVIDENCE OF BREACH OF CONTRACT**<br><br>Hearing Date: June 5, 2017<br>Hearing Time: 10:00 a.m.<br>Courtroom: 10D<br>Hon. Andrew Guilford |

## I. INTRODUCTION

Plaintiff ATEN International Co., Ltd. ("ATEN") opposes Defendants' motion *in limine* to exclude any claim or evidence of breach of contract (Dkt. 373). First, Defendants' motion is untimely as they filed their motion after the May 19, 2017 deadline. Second, Defendants' motion improperly seeks to exclude relevant evidence that supports ATEN's willful infringement and reasonable royalty claims.

## II. ARUGUMENT

### A. Defendants' Motion Should Be Denied Because It Is Untimely

Under the Scheduling Order Specifying Procedures, "[a]ny motion in limine shall be filed and served not later than ten court days before the Final Pretrial Conference . . . ." *See* Dkt. 165, § 6.1. The Final Pretrial Conference is set for Friday, June 5, 2017. *See* Dkt. 344 at 2. Memorial Day is a "legal holiday" under the Federal Rules of Civil Procedure, and thus not a "court day" to be counted when setting the above deadline. *See* Fed. R. Civ. P. 6(a)(6)(A). Therefore, Friday, May 19, 2017, was the deadline for filing motions *in limine* in this case. Defendants' timely filing of other motions *in limine* on May 19, 2017, shows they were conscious of the correct deadline. *See* Dkt. 368, 369.

In contravention of that May 19 deadline, Defendants filed and served this motion *in limine* on Monday, May 22, 2017. Defendants offered no reason for this untimeliness, nor did they make any attempt either to establish good cause that might otherwise excuse their unwarranted delay or to argue that ATEN would not suffer any prejudice therefrom. Defendants' attempts to circumvent the deadlines set by this Court and vitiate the Court's stated goal of "achiev[ing] an orderly resolution of disputed issues" should not be rewarded. *See* Dkt. 344 at 2. Thus, Defendants' motion should be denied in its entirety on this ground alone.

### B. Defendants' Motion Should Also Be Denied Because It Seeks to Impermissibly Exclude Relevant Evidence

It is unnecessary for the Court to analyze other deficiencies in Defendants'

motion given their failure to timely file and serve it in accordance with the deadlines set by the Court. However, out of an abundance of caution, ATEN addresses certain additional deficiencies in the motion that independently warrant denial.

First, Defendants argue that "statements regarding breach of contract are not relevant to the issues at trial" under FRE 401. Mem. at 1. But this argument is baseless. It is undisputed that (i) ATEN and Defendant Uniclass entered into a license agreement in 2009; (ii) this license agreement covered the asserted '287 patent; and (iii) Uniclass' 30(b)(6) witness testified that Uniclass failed to make payments under the terms of that agreement. While there is no breach of contract claim in this case, that ATEN and Uniclass had a license agreement covering an asserted patent which Uniclass breached is relevant at least to ATEN's willful infringement and reasonable royalty claims.

For example, Uniclass' breach is a factor tending to show that it acted recklessly—"culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016); *see also* 35 U.S.C. § 284. Uniclass' breach is also evidence that its conduct was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, [or] flagrant." *Halo*, 136 S. Ct. at 1932. In addition, the license agreement itself is relevant to ATEN's damages claim that it is due at least a reasonable royalty equal to the terms of the license. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *mod. and aff'd*, 446 F.2d 295 (2d Cir. 1971), *cert. denied*, 404 U.S. 870 (1971). And if Uniclass' breach is not explained to the jury, it will be left confused as to why it must determine infringement when a license between the parties exists.

Second, Defendants argue that even if relevant, statements regarding breach of the license agreement are inadmissible under FRE 403 because "[s]uch statements by ATEN would be 'substantially outweighed by a danger of one or more the [sic] following: unfair prejudice, confusing the issues, misleading the jury . . . wasting time . . . .'" Mem at 1-2. As an initial matter, the probative value of Uniclass' breach is not

"limited," as Defendants contend, because it allegedly relates only to Uniclass' notice of the '287 patent and is "unnecessary for any infringement . . . analysis." *Id*. at 2. Rather, evidence of Uniclass' breach is highly relevant at least to ATEN's willful infringement and reasonable royalty claims, as noted above.

Further, "Rule 403 only permits a court to exclude relevant evidence when its probative value is *substantially* outweighed by possible prejudice, and where that prejudice would be *undue*." *Classic Foods Int'l Corp. v. Kettle Foods, Inc.*, No. SACV 04-725 CJC (Ex), 2006 U.S. Dist. LEXIS 97200, at *24 (C.D. Cal. 2006). Here, in an apparent effort to argue undue harm, Defendants offer only unsupported speculations that any mention of Uniclass' breach "can inflame the emotions of the jury and may provoke the jury to attach undue significance to those allegations." Mem. at 2. Defendants do not contend, however, that such alleged inflamed emotions or provocations are likely to occur, or that a jury instruction on this issue would somehow be insufficient to avoid them. Moreover, the probative value of Uniclass' breach towards ATEN's willful infringement and reasonable royalty claims is not "substantially outweighed" by Defendants' alleged "unfair prejudice, confusing the issues, misleading the jury [or] wasting [of] time." Thus, evidence of Uniclass' breach should not be excluded under FRE 403.

Third, in support of their motion, Defendants appear to argue that "lay witnesses should not testify as to breach of contract" under FRE 701 and "[n]o expert or evidence has been presented in this case that would permit introducing breach of the License at trial." Mem. at 2-3. This argument is unavailing. Although lay witness testimony in the form of an opinion cannot be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702," lay witness opinion testimony *is* admissible when it is "rationally based on the witness's perception." FRE 701. And such admissible lay opinion testimony is already of record here—e.g., Uniclass' President and 30(b)(6) witness has testified that a fully executed, enforceable license agreement existed between ATEN and Uniclass, and that Uniclass failed to make

payments under the terms of that agreement.

Fourth, Defendants argue that even if relevant, statements regarding Uniclass' breach of the license agreement are inadmissible under FRE 408. Specifically, Defendants' position is that, "[b]ecause the License was executed as part of a settlement negotiation, it is protected under Rule 408 for the purposes of disclosure as to lability [sic], and should be excluded for this purpose." Mem. at 3. But Defendants offer no precedent supporting this strained theory of exclusion. Nor can they. FRE 408's scope is limited to "evidence of [valuable consideration in compromising or attempting to compromise . . . and conduct or a statement made during compromise negotiations] is not admissible . . . either to prove or disprove the validity or amount of a disputed claim or to impeach." Thus, the admissibility constraints of FRE 408—aptly titled "Compromise Offers and Negotiations"—were never meant to render inadmissible settlement agreements resulting from such offers and negotiations. *See* FRE 408; *Cates v. Morgan Portable Bldg. Corp.*, 780 F.2d 683, 691 (7th Cir. 1985) ("Obviously a settlement agreement is admissible to prove the parties' undertakings in the agreement, should it be argued that a party broke the agreement."). Indeed, expanding FRE 408 in this manner would undermine the rule's purpose of promoting the compromise and settlement of disputes, because it would provide an avenue for parties that breach the resulting agreement to potentially avoid liability. Such a result is impermissible. Thus, evidence of Uniclass' breach should not be excluded under FRE 408.

### III. CONCLUSION

ATEN respectfully requests that the Court deny Defendants' motion because Uniclass' breach of contract is relevant to ATEN's willful infringement claim and its probative value outweighs any prejudice that Defendants allege that evidence may cause.

Dated:  May 26, 2017

Respectfully submitted,

/s/ P. Andrew Riley
Lei Mei (SBN 240104)
mei@meimark.com
P. Andrew Riley (Pro Hac Vice)
ariley@meimark.com
Larry Sandell (SBN 262186)
lsandell@meimark.com
Irene Chen (Pro Hac Vice)
ichen@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Telephone: 888-860-5678
Facsimile: 888-706-117

Manni Li (SBN 273984)
mli@meimark.com
Mei & Mark LLP
433 North Camden Drive, Suite 400
Beverly Hills, CA 90210
Telephone: 888-860-5678 ext. 713
Facsimile: 310-564-2769

Attorneys for Plaintiff
ATEN INTERNATIONAL CO., LTD.

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **ATEN INTERNATIONAL CO. LTD.'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE ANY CLAIM OR EVIDENCE OF BREACH OF CONTRACT** was filed electronically, and pursuant to Civil L.R. 5-3.2, was served on all interested parties in this action (i.e., served to registered ECF recipients via ECF electronic service) on May 26, 2017.

/s/ Lei Mei
Lei Mei