Jen-Feng Lee, SBN 204328 (jflee@ltpacificlaw.com)
Kenneth K. Tanji, Jr., SBN 162273 (ktanji@ltpacificlaw.com)
LT PACIFIC LAW GROUP, LLP
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Robert Aycock (Admitted Pro Hac Vice) (raycock@padrm.com)
Joseph G. Pia (Admitted Pro Hac Vice) (joe.pia@padrm.com)
PIA ANDERSON MOSS HOYT
136 East South Temple, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

Attorneys for Defendants
UNICLASS TECHNOLOGY CO. LTD., ET AL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| ATEN TECHNOLOGY, CO. LTD.<br><br>Plaintiff,<br><br>vs.<br><br>UNICLASS TECHNOLOGY CO., LTD., et al.<br>Defendants. | No.  2:15-cv-04424-AG-AJW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE REGARDING ARGUMENT THAT THE ATEN/UNICLASS LICENSE AGREEMENT ONLY INCLUDES THREE PATENTS**<br><br>Hearing Date: June 5, 2017<br>Hearing Time: 8:30 a.m.<br>Courtroom:10D<br>**Judge: Hon. Andrew Guilford** |
|---|---|

Defendants submit this Opposition to Plaintiff Aten International Co., Ltd.'s ("Aten") Motion *In Limine* Regarding Argument that the Aten/Uniclass License Agreement Only Includes Three Patents, Dkt No. 309 ("Motion" or "Motion *In Limine*").

## I. INTRODUCTION

Aten's Motion *In Limine* is unnecessary because it seeks to prevent discussion of the three patents specifically identified in the Aten/Uniclass License Agreement without a discussion that the "plain language of the License Agreement sweeps in all ATEN patents." Dkt. No. 309 at 2. Aten wishes to ensure that there is not a partial reading of the License Agreement. This argument is misplaced for several reasons. First, the License Agreement is not at issue in this case. That Aten raises this issue now is troubling because Aten has not asserted a claim for breach of contract in any complaint, or for that matter, any other claim, pleading, or motion that would permit the Court to make a determination as to the scope of the License Agreement. Aten should not be seeking any legal determination as to the scope or efficacy of the License Agreement. Second, use of the existence and content of the License Agreement for the limited purpose as evidence of its existence and for a reasonable royalty data point in a *Georgia Pacific* analysis is proper.

Contrary to these limited relevant and non-prejudicial uses of the License Agreement as it relates to a reasonable royalty calculation, it now appears that Aten intends to present evidence and argue to the jury that Defendants breached the License Agreement. Aten may seek to do this in an effort to substitute its burden of proof for patent infringement with evidence of an un-asserted breach of contract claim. As detailed in Defendants' Motion *In Limine* to Exclude Any Claim or Evidence of Breach of Contract, dkt. no. 373, Aten should not be allowed to make statements regarding breach, or any reference to "non-payment under the license" or "cessation of payment" or "failure to pay" because this may cause the jury to unfairly believe that Aten can meet its burden to show patent infringement by showing a breach of contract.

This is a patent infringement suit. The elements and law for breach of contract are significantly different than patent infringement. There is no claim for breach of contract. Such statements by Aten would be "substantially outweighed by a danger of one or more the following: unfair prejudice, confusing the issues, misleading the jury. . . wasting time. . ." Fed. R. Evid. 403. If Aten wants the Court to determine the scope of the License Agreement as it relates to a breach of contract, or limit Uniclass's discussion about the three patents specifically identified in the Agreement, it should have done so through alleging such a cause of action in its complaint, and later conducting discovery, and then later filing a motion for summary judgment—not a motion *in limine*. In sum, Uniclass should be able to discuss all facts and statements made within the License Agreement for the use in rebutting Aten's damages claims. However, Aten should not be able to imply that the License Agreement was breached.

Because Aten has made no claim for breach of contract, the use and relevance of the License Agreement should be narrow, such as evidence of a royalty rate useable by the parties' respective financial experts.

## II. STATEMENT OF MATERIAL FACTS

In 2009, Aten and Uniclass entered into the License Agreement. (Dkt. No. 309, Ex. 1.) That License Agreement specifically identified three patents. (*Id*.) Substantial evidence supports the position that any value attributed to the License was based on the three listed patents as well as the threat of litigation, and nothing else. (Kuan Dep. at 45:12-13 (Apr. 29, 2015) ("[i]t's those patents that are indicated in the agreement, those three U.S. patents").[1]) Aten claims that as a matter of contract interpretation, the License Agreement encompasses more patents than those three named patents and that the other unnamed patents must be discussed by Uniclass at trial. (Dkt. No. 309.) Aten is using a motion *in limine* that could prejudicially limit the jury's ability to consider the evidence. There has been no

---

[1] Defendants are not including the cited reference because it is conceded and noted in Aten's Motion in Limine. (*See* Dkt. 309, p. 2.)

3

legal determination by the Court as to the scope of the License Agreement.

## III. ARGUMENT

### A. The License Agreement is Relevant as a Part of a Reasonable Royalty Analysis.

Rule 402 provides a general admissibility of relevant evidence. Rule 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence regarding the scope of the License Agreement, or which portions of the license provided value to the parties is relevant in undertaking a reasonable royalty analysis to determine damages. If the jury finds that the parties to the License Agreement really only applied weight to the three named patents, then Aten's assertions regarding alleged damages are substantially less probable.

Discussing the relevant provisions of the License Agreement, including the identified patents, and the value attributed to them by Uniclass and Aten has high probative value and a low risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403. A jury's determination of a reasonable royalty would be hindered if testimony could not be garnered as to the only patents in the License that were actually identified. Further, the only products that were specifically named as royalty bearing products are those listed in the exhibits in relation to the identified patents. A presentation of the terms of the License including the identified patents at trial would be appropriate for the purposes of assessing a royalty. Aten has presented no argument that the prejudice of doing so would ***substantially*** outweigh its probative value.

### B. Aten's Backdoor Request for a Determination as to the Scope of the License Agreement Should be Rejected.

Aten, through its Motion, wants the Court to adopt its interpretation of the legal scope of the License Agreement to include all of Aten's other patents, beyond just the three identified patents. Perhaps Aten's request would make sense had it

4

filed a claim for breach of contract, and then conducted discovery, and filed a motion for summary judgment at the appropriate time. However, Aten's request was made pursuant to a motion *in limine*, and is therefore improper. *See Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1593 ("What *in limine* motions are *not* designed to do is to replace the dispositive motions prescribed by the Code of Civil Procedure."); 75 Am. Jur. 2d Trial § 44 (2009) ("The use of motions *in limine* to summarily dismiss a portion of a claim has been condemned, and the trial courts are cautioned not to allow motions in limine to be used as unwritten and unnoticed motions for summary judgment or motions to dismiss.") Under the Court's scheduling order, any motions for summary judgment had to be filed by February 10, 2017—more than two weeks before Plaintiff filed this motion *in limine*. (*Compare* Dkt. No. 232, p. 2 *with* Dkt. No. 309.) Furthermore, even if Aten submitted its request as a motion for summary judgment on the issue, there is sufficient evidence to provide a material dispute to the matter. (*See* Dkt. 309, p. 2.)

### IV. CONCLUSION

For the foregoing reasons, the Court must deny Plaintiff's Motion *In Limine*.

Dated: May 26, 2017            Respectfully submitted,

/s/ Joseph G. Pia
Joseph G. Pia
Attorney for Defendants
UNICLASS TECHNOLOGY CO., LTD.,
ELECTRONIC TECHNOLOGY CO., LTD.
OF DONGGUAN UNICLASS,
AIRLINK 101, PHOEBE MICRO INC.,
BROADTECH INTERNATIONAL CO.,
LTD. D/B/A/ LINKSKEY, BLACK BOX
CORPORATION, and BLACK BOX
CORPORATION OF PENNSYLVANIA

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 26, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Joseph G. Pia
Joseph G. Pia