Lei Mei (SBN 240104)
mei@meimark.com
P. Andrew Riley (*Pro Hac Vice*)
ariley@meimark.com
Larry Sandell (SBN 262186)
lsandell@meimark.com
Irene Chen (*Pro Hac Vic*e)
ichen@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Telephone: 888-860-5678
Facsimile: 888-706-117

[Additional counsel listed on signature page]

Attorneys for Plaintiff
ATEN INTERNATIONAL CO., LTD.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| **ATEN INTERNATIONAL CO., LTD.,**<br><br>    Plaintiff,<br><br>vs.<br><br>**UNICLASS TECHNOLOGY CO. LTD., et al.,**<br><br>    Defendants. | Case No. 2:15-cv-04424-AJG-AJW<br><br>**JOINT AGREED UPON (PROPOSED) JURY INSTRUCTIONS**<br><br>TRIAL START DATE: SEPT. 19, 2017<br><br>COURTROOM: 10D<br><br>HON. ANDREW J. GUILFORD |

# TABLE OF CONTENTS

**PRELIMINARY JURY INSTRUCTIONS**

1.  DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL) ..................................................................................... 1

2.  WHAT A PATENT IS AND HOW ONE IS OBTAINED ................................................. 3

4.  PATENTS AT ISSUE ...................................................................................................... 6

5.  OVERVIEW OF APPLICABLE LAW ........................................................................... 7

6.  OUTLINE OF TRIAL ................................................................................................... 10

7.  BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE ........................... 11

8.  BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE ........................... 12

9.  TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS ..................................... 13

10. WHAT IS EVIDENCE ................................................................................................. 14

11. WHAT IS NOT EVIDENCE ........................................................................................ 15

12. EVIDENCE FOR A LIMITED PURPOSE ................................................................... 16

13. DIRECT AND CIRCUMSTANTIAL EVIDENCE ...................................................... 17

14. RULING ON OBJECTIONS ........................................................................................ 18

15. CREDIBILITY OF WITNESSES ................................................................................ 19

16. EXPERT OPINION ...................................................................................................... 21

17. FOREIGN LANGUAGE TESTIMONY ...................................................................... 22

18. CONDUCT OF THE JURY ......................................................................................... 23

i

19. NO TRANSCRIPT AVAILABLE TO JURY ................................................................... 26

20. TAKING NOTES ........................................................................................................... 27

21. QUESTIONS TO WITNESSES BY JURORS ............................................................... 28

22. BENCH CONFERENCES AND RECESSES................................................................. 30

**FINAL JURY INSTRUCTIONS**

1. DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT
END OF CASE)........................................................................................................... 31

2. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE ............................ 33

3. BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE ............................ 34

4. TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS ...................................... 35

5. WHAT IS EVIDENCE .................................................................................................. 36

6. WHAT IS NOT EVIDENCE ......................................................................................... 37

7. DIRECT AND CIRCUMSTANTIAL EVIDENCE ........................................................ 38

8. CREDIBILITY OF WITNESSES ................................................................................. 39

9. EXPERT OPINION ....................................................................................................... 41

10. FOREIGN LANGUAGE TESTIMONY ......................................................................... 42

11. CHARTS AND SUMMARIES IN EVIDENCE .............................................................. 43

12. DUTY TO DELIBERATE ............................................................................................. 44

13. COMMUNICATION WITH COURT ............................................................................. 45

14. RETURN OF VERDICT ................................................................................................ 46

16. THE ROLE OF THE CLAIMS OF A PATENT ............................................................. 47

17. HOW A CLAIM DEFINES WHAT IT COVERS ........................................................... 48

18. INDENDENT AND DEPENDENT CLAIMS ................................................................ 50

19. CLAIM INTERPRETATION......................................................................................... 52

20. DIRECT INFRINGEMENT BY "LITERAL INFRINGEMENT" ................................. 53

21. DIRECT INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS ............. 54

22. INDIRECT INFRINGEMENT—ACTIVE INDUCEMENT........................................... 56

23. INDIRECT INFRINGEMENT—CONTRIBUTORY INFRINGEMENT....................... 58

24. WILLFULNESS ............................................................................................................ 60

26. WRITTEN DESCRIPTION REQUIREMENT .............................................................. 62

27. PRIOR ART (For Patents Having an Effective Filing Date Before March 16, 2013) ...... 64

28. ANTICIPATION (For Patents Having an Effective Filing Date Before March 16, 2013) 66

29. OBVIOUSNESS ............................................................................................................ 69

30. OBVIOUSNESS – LEVEL OF ORDINARY SKILL.................................................... 72

31. OBVIOUSNESS – SCOPE AND CONTENT OF THE PRIOR ART............................ 73

34. DAMAGES—INTRODUCTION.................................................................................... 74

35. REASONABLE ROYALTY—DEFINITION ................................................................ 76

36. REASONABLE ROYALTY RELEVANT FACTORS ................................................... 77

38. GLOSSARY .................................................................................................................. 78

(PROPOSED) JOINT JURY INSTRUCTIONS

**PRELIMINARY JURY INSTRUCTION NO. __.**

**1.      DUTY OF JURY** (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL)

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Authorities: 9th Cir. Civ. Jury Instr. 1.2 (2017)

_____ Given

_____ Modified

_____ Denied

**PRELIMINARY JURY INSTRUCTION NO. __.**

**2.    WHAT A PATENT IS AND HOW ONE IS OBTAINED**

This case involves a dispute relating to four United States patents.  Before summarizing the positions of the parties and the issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO" or "the Patent Office").  A valid United States patent gives the patent holder the right for up to 20 years from the date the patent application was filed to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, without the patent holder's permission.  A violation of the patent holder's rights is called infringement.  The patent holder may try to enforce a patent against persons believed to be infringers by a lawsuit filed in federal court.

The process of obtaining a patent is called patent prosecution.  To obtain a patent, one must first file an application with the PTO.  The PTO is an agency of the Federal Government and employs trained Examiners who review applications for patents.  The application includes what is called a "specification," which contains a written description of the claimed invention telling what the invention is, how it works, how to make it, and how to use it.  The specification concludes with one or more numbered sentences.  These are the patent "claims."  When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

After the applicant files the application, an Examiner reviews the application to determine whether or not the claims are patentable (appropriate for patent protection) and whether or not the specification adequately describes the invention claimed.  In examining a patent application, the Examiner reviews certain information about the state of the technology at the time the application was filed.  The PTO searches for and reviews information that is publicly available or that is submitted by the applicant.  This information is called "prior art."  The Examiner reviews this prior art to determine whether or not the invention is truly an advance over the state of the art at the time.  Prior art is defined by law and I will give you, at a later time during these instructions, specific instructions as to what constitutes prior art.  However, in general, prior art includes information that demonstrates the state of technology that existed before the claimed invention was made or before the application was filed.  A patent lists the prior art that the Examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the Examiner informs the applicant in writing of what the Examiner has found and whether the Examiner considers any claim to be patentable and, thus, would be "allowed."  This writing from the Examiner is called an "Office Action."  If the Examiner rejects the claims, the applicant has an opportunity to respond to the Examiner to try to persuade the Examiner to allow the claims, and to change the claims or to submit new claims.  This process may go back and forth for some time until the Examiner is satisfied that the application meets the requirements for a patent and the application issues as a patent, or that the application should be rejected and no patent should issue.  Sometimes, patents are issued after appeals within the PTO or to a court.  The papers generated during these communications between the Examiner and the applicant are called the "prosecution history."

4

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent.  For example, the PTO may not have had available to it all other prior art that will be presented to you.  A person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is invalid because it does not meet the requirements for a patent.  It is your job to consider the evidence presented by the parties and determine independently whether or not the Defendants have proven that the patent is invalid.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. A.1 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

## PRELIMINARY JURY INSTRUCTION NO. __.

**4.      PATENTS AT ISSUE**

[The Court should show the jury a patent at issue and point out the parts, which include the specification, drawings, and claims, including the claims at issue.

The Court may wish to hand out its claim constructions and the glossary at this time.  If the claim constructions are handed out, the following instruction should be read:]

I have already determined the meaning of certain terms in the claims of the Asserted Patents. You have been given a document reflecting those meanings.  For a claim term for which I have not provided you with a definition, you should apply the ordinary meaning.  You are to apply my definitions of these terms throughout this case.  However, my interpretation of the language of the claims should not be taken as an indication that I have a view regarding issues such as infringement and invalidity.  Those issues are yours to decide.  I will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate your verdict.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. A.3 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

6

**PRELIMINARY JURY INSTRUCTION NO. ___.**

**5.      OVERVIEW OF APPLICABLE LAW**

[The Court may wish to give preliminary instructions that are applicable to the specific issues in
the case.  This may help focus the jury on the facts that are relevant to the issues it will have to
decide.  Even if preliminary instructions are given, the Court would, nonetheless, give complete
instructions at the close of evidence.]

In deciding the issues I just discussed, you will be asked to consider specific legal standards.  I
will give you an overview of those standards now and will review them in more detail before the
case is submitted to you for your verdict.

The first issue you will be asked to decide is whether the Defendants have infringed the claims of
the Asserted Patents.  Infringement is assessed on a claim-by-claim basis.  Therefore, even
within a single patent, there may be infringement as to one claim but not infringement as to
another.  There are a few different ways that a patent may be infringed.  I will explain the
requirements for each of these types of infringement to you in detail at the conclusion of the
case.  In general, however, the Defendants may infringe the Asserted Patents by making, using,
selling, or offering for sale in the United States, or by importing into the United States, a product
or by using a method, or performing certain steps, meeting all the requirements of a claim from
the Asserted Patents.  The Defendants may also indirectly infringe the Asserted Patents by
contributing to infringement by another entity, or by inducing another person or entity to
infringe.  I will provide you with more detailed instructions on the requirements for each of these
types of infringement at the conclusion of the case.

7

Another issue you will be asked to decide is whether any of the Asserted Patents are invalid.  A

patent may be invalid for a number of reasons, including because it claims subject matter that is

not new or is obvious.  For a claim to be invalid because it is not new, the Defendants must

show, by clear and convincing evidence, that all of the elements of a claim are present in a single

previous device or method, or sufficiently described in a single previous printed publication or

patent.  We call these "prior art." If a claim is not new, it is said to be anticipated.


Another way that a claim may be invalid is that it may have been obvious.  Even though every

element of a claim is not shown or sufficiently described in a single piece of "prior art," the

claim may still be invalid if it would have been obvious to a person of ordinary skill in the field

of technology of the patent at the relevant time.  You will need to consider a number of questions

in deciding whether the invention(s) claimed in the Asserted Patents are obvious.  I will provide

you detailed instructions on these questions at the conclusion of the case.


A patent may also be invalid if its description in the specification does not meet certain

requirements.  To be valid, a patent must meet the "written description" requirement.  In order to

meet this written description requirement, the description of the invention in the specification

portion of the patent must be detailed enough to demonstrate that the applicant actually

possessed the invention as broadly as claimed in the claims of the issued patent.


If you decide that any claim of the Asserted Patents has been infringed and is not invalid, you

will then need to decide any money damages to be awarded to ATEN to compensate it for the

infringement.  A damages award should put ATEN in approximately the same financial position

8

that it would have been in had the infringement not occurred, but in no event may the damages award be less than what ATEN would have received had it been paid a reasonable royalty.  I will instruct you later on the meaning of a reasonable royalty.  The damages you award are meant to compensate ATEN and not to punish the Defendants.  You may not include in your award any additional amount as a fine or penalty, above what is necessary to compensate ATEN for the infringement, in order to punish the Defendants.  I will give you more detailed instructions on the calculation of damages at the conclusion of the case.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. A.4 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

## PRELIMINARY JURY INSTRUCTION NO. __.

**6.**   **OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authorities: 9th Cir. Civ. Jury Instr. 1.21 (2017)

_____ Given

_____ Modified

_____ Denied

**PRELIMINARY JURY INSTRUCTION NO. __.**

**7.      BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authorities: 9th Cir. Civ. Jury Instr. 1.6 (2017)

_____ Given

_____ Modified

_____ Denied

**PRELIMINARY JURY INSTRUCTION NO. __.**

**8.       BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

Authorities: 9th Cir. Civ. Jury Instr. 1.7 (2017)

_____ Given

_____ Modified

_____ Denied

### PRELIMINARY JURY INSTRUCTION NO. __.

### 9.      TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the

instructions apply to all parties.


Authorities: 9th Cir. Civ. Jury Instr. 1.8 (2017)

_____ Given

_____ Modified

_____ Denied

**PRELIMINARY JURY INSTRUCTION NO. __.**

**10.    WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I may instruct you to accept as proved.


Authorities: 9th Cir. Civ. Jury Instr. 1.9 (2017)

_____ Given

_____ Modified

_____ Denied

**PRELIMINARY JURY INSTRUCTION NO. __.**

## 11.     WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.


Authorities: 9th Cir. Civ. Jury Instr. 1.10 (2017)(modified)

_____ Given

_____ Modified

_____ Denied

15

**PRELIMINARY JURY INSTRUCTION NO. __.**

**12.    EVIDENCE FOR A LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.


When I instruct you that an item of evidence has been admitted only for a limited purpose, you

must consider it only for that limited purpose and not for any other purpose.


Authorities: 9th Cir. Civ. Jury Instr. 1.11 (2017)

_____ Given

_____ Modified

_____ Denied

16

**PRELIMINARY JURY INSTRUCTION NO. __.**

**13.    DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Authorities: 9th Cir. Civ. Jury Instr. 1.12 (2017)

_____ Given

_____ Modified

_____ Denied

**PRELIMINARY JURY INSTRUCTION NO. \_\_.**

**14.    RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Authorities: 9th Cir. Civ. Jury Instr. 1.13 (2017)

\_\_\_\_\_ Given

\_\_\_\_\_ Modified

\_\_\_\_\_ Denied

## PRELIMINARY JURY INSTRUCTION NO. __.

### 15.    CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you

think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authorities: 9th Cir. Civ. Jury Instr. 1.14 (2017)

_____ Given

_____ Modified

_____ Denied

## PRELIMINARY JURY INSTRUCTION NO. __.

### 16.    EXPERT OPINION

You are about to hear testimony from [name] who will testify to opinions and the reasons for his opinions.  This opinion testimony is allowed, because of the education or experience of this witness.


Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.


Authorities: 9th Cir. Civ. Jury Instr. 2.13 (2017)

_____ Given

_____ Modified

_____ Denied

**PRELIMINARY JURY INSTRUCTION NO. __.**

**17.     FOREIGN LANGUAGE TESTIMONY**

You are about to hear testimony of a witness who will be testifying in the Mandarin Chinese language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Mandarin Chinese language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

Authorities: 9th Cir. Civ. Jury Instr. 2.8 (2017)

_____ Given

_____ Modified

_____ Denied

## PRELIMINARY JURY INSTRUCTION NO. __.

### 18.    CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury

23

service or anything about this case, you must respond that you have been

ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly

may consider to return a verdict:  do not read, watch or listen to any news or

media accounts or commentary about the case or anything to do with it,

although I have no information that there will be news reports about this case;

do not do any research, such as consulting dictionaries, searching the Internet,

or using other reference materials; and do not make any investigation or in any

other way try to learn about the case on your own.  Do not visit or view any

place discussed in this case, and do not use Internet programs or other devices

to search for or view any place discussed during the trial.  Also, do not do any

research about this case, the law, or the people involved—including the parties,

the witnesses or the lawyers—until you have been excused as jurors.  If you

happen to read or hear anything touching on this case in the media, turn away

and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been

presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of

their testimony is tested through the trial process.  If you do any research or investigation outside

the courtroom, or gain any information through improper communications, then your verdict

may be influenced by inaccurate, incomplete, or misleading information that has not been tested

by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you

24

decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Authorities: 9th Cir. Civ. Jury Instr. 1.15 (2017)

_____ Given

_____ Modified

_____ Denied

**PRELIMINARY JURY INSTRUCTION NO. __.**

**19.   NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.


Authorities: 9th Cir. Civ. Jury Instr. 1.17 (2017)

_____ Given

_____ Modified

_____ Denied

**PRELIMINARY JURY INSTRUCTION NO. __.**

**20.   TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

Authorities: 9th Cir. Civ. Jury Instr. 1.18 (2017)

_____ Given

_____ Modified

_____ Denied

**PRELIMINARY JURY INSTRUCTION NO. __.**

**21.    QUESTIONS TO WITNESSES BY JURORS**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Authorities: 9th Cir. Civ. Jury Instr. 1.19 (2017)

\_\_\_\_\_ Given

\_\_\_\_\_ Modified

\_\_\_\_\_ Denied

## PRELIMINARY JURY INSTRUCTION NO. __.

### 22.    BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authorities: 9th Cir. Civ. Jury Instr. 1.20 (2017)

_____ Given

_____ Modified

_____ Denied

## FINAL JURY INSTRUCTIONS

## FINAL JURY INSTRUCTION NO. __.

**1.     DUTY OF JURY** (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Authorities: 9th Cir. Civ. Jury Instr. 1.4 (2017)

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**2.       BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim by a preponderance of the evidence, it means

you must be persuaded by the evidence that the claim is more probably true than not true.


You should base your decision on all of the evidence, regardless of which party presented it.


Authorities: 9th Cir. Civ. Jury Instr. 1.6 (2017)

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**3.      BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence,

it means that the party must present evidence that leaves you with a firm belief or conviction that

it is highly probable that the factual contentions of the claim or defense are true.  This is a higher

standard of proof than proof by a preponderance of the evidence, but it does not require proof

beyond a reasonable doubt.


Authorities: 9th Cir. Civ. Jury Instr. 1.7 (2017)

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**4.    TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each defendant separately. Unless otherwise stated, the

instructions apply to all parties.


Authorities: 9th Cir. Civ. Jury Instr. 1.8 (2017)

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**5.     WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.


Authorities: 9th Cir. Civ. Jury Instr. 1.9 (2017)

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**6.     WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.


Authorities: 9th Cir. Civ. Jury Instr. 1.10 (2017)

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**7.      DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.


Authorities: 9th Cir. Civ. Jury Instr. 1.12 (2017)

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**8.     CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you

think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authorities: 9th Cir. Civ. Jury Instr. 1.14 (2017)

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**9.      EXPERT OPINION**

You have heard testimony from experts who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authorities: 9th Cir. Civ. Jury Instr. 2.13 (2017)

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**10.    FOREIGN LANGUAGE TESTIMONY**

You have heard testimony of a witness who testified in the Mandarin Chinese language.

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Mandarin Chinese language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

Authorities: 9th Cir. Civ. Jury Instr. 2.8 (2017)

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**11.     CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.


Authorities: 9th Cir. Civ. Jury Instr. 2.15 (2017)

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**12.     DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authorities: 9th Cir. Civ. Jury Instr. 3.1 (2017)

_____ Given

_____ Modified

_____ Denied

## FI3NAL JURY INSTRUCTION NO. __.

**13.    COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Authorities: 9th Cir. Civ. Jury Instr. 3.3 (2017)

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**14.    RETURN OF VERDICT**

A verdict form has been prepared for you.  [Explain verdict form as needed.]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.


Authorities: 9th Cir. Civ. Jury Instr. 3.5 (2017)

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**16.    THE ROLE OF THE CLAIMS OF A PATENT**

Before you can decide many of the issues in this case, you will need to understand the role of patent "claims."  The patent claims are the numbered sentences at the end of each patent.  The claims are important because it is the words of the claims that define what a patent covers.  The figures and text in the rest of the patent provide a description and/or examples of the invention and provide a context for the claims, but it is the claims that define the breadth of the patent's coverage.  Each claim is effectively treated as if it were a separate patent, and each claim may cover more or less than another claim. Therefore, what a patent covers depends, in turn, on what each of its claims covers.

You will first need to understand what each claim covers in order to decide whether or not there is infringement of the claim and to decide whether or not the claim is invalid.  The law says that it is my role to define the terms of the claims and it is your role to apply my definitions to the issues that you are asked to decide in this case.  Therefore, as I explained to you at the start of the case, I have determined the meaning of the claims and I will provide to you my definitions of certain claim terms.  You must accept my definitions of these words in the claims as being correct.  It is your job to take these definitions and apply them to the issues that you are deciding, including the issues of infringement and validity.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 2.1 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

47

**FINAL JURY INSTRUCTION NO. __.**

**17.    HOW A CLAIM DEFINES WHAT IT COVERS**

I will now explain how a claim defines what it covers.

A claim sets forth, in words, a set of requirements. Each claim sets forth its requirements in a single sentence. If a device or a method satisfies each of these requirements, then it is covered by the claim.

There can be several claims in a patent.  Each claim may be narrower or broader than another claim by setting forth more or fewer requirements.  The coverage of a patent is assessed claim-by-claim.  In patent law, the requirements of a claim are often referred to as "claim elements" or "claim limitations."  When a thing (such as a product or a process) meets all of the requirements of a claim, the claim is said to "cover" that thing, and that thing is said to "fall" within the scope of that claim. In other words, a claim covers a product or process where each of the claim elements or limitations is present in that product or process.

Sometimes the words in a patent claim are difficult to understand, and therefore it is difficult to understand what requirements these words impose.  It is my job to explain to you the meaning of the words in the claims and the requirements these words impose.

As I just instructed you, there are certain specific terms that I have defined and you are to apply the definitions that I provide to you.

48

By understanding the meaning of the words in a claim and by understanding that the words in a claim set forth the requirements that a product or process must meet in order to be covered by that claim, you will be able to understand the scope of coverage for each claim. Once you understand what each claim covers, then you are prepared to decide the issues that you will be asked to decide, such as infringement and invalidity.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 2.2 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**18.    INDEPENDENT AND DEPENDENT CLAIMS**

This case involves two types of patent claims: independent claims and dependent claims.

An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim.  Thus, it is not necessary to look at any other claim to determine what an independent claim covers.  In this case, the following claims are independent claims:

- Claim 5 from the '287 patent

- Claim 1 from the '217 patent

- Claims 1, 6, and 14 from the '289 patent

- Claims 1 and 9 from the '141 patent (Plaintiff does not accuse Defendants of infringing claims 1 and 9 of the '141 Patent, but it does accuse Defendants of infringing some claims that depend from these independent claims).

The remainder of the claims in the Asserted Patents are "dependent claims."  A dependent claim does not itself recite all of the requirements of the claim but refers to another claim for some of its requirements.  In this way, the claim "depends" on another claim.  A dependent claim incorporates all of the requirements of the claim(s) to which it refers.  The dependent claim then adds its own additional requirements.  To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claim(s) to which it refers.  A product that meets all of the requirements of both the dependent claim and the claim(s) to which it refers is covered by that dependent claim.

Authorities: Fed. Cir. Bar Assoc.-, Model Instructions No. 2.2a (2016) (modified).

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**19.    CLAIM INTERPRETATION**

I will now explain to you the meaning of some of the words of the claims in this case.  In doing so, I will explain some of the requirements of the claims.  As I have previously instructed you, you must accept my definition of these words in the claims as correct.  For any words in the claim for which I have not provided you with a definition, you should apply their common meaning.  You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement and invalidity.  These issues are yours to decide.

[Court gives its claim interpretation.  This instruction may be divided up into claim-by-claim sub-instructions if the Court believes it would be helpful.]

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 2.3 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**20.    DIRECT INFRINGEMENT BY "LITERAL INFRINGEMENT"**

There are two types of "direct infringement": (1) "literal infringement" and (2) "infringement under the doctrine of equivalents."  In order to prove direct infringement by literal infringement, ATEN must prove by a preponderance of the evidence, i.e., that it is more likely than not, that the Defendants made, used, sold, offered for sale within, or imported into the United States a product that meets all of the requirements of a claim and did so without the permission of ATEN during the time the Asserted Patents were in force.  You must compare the product with each and every one of the requirements of a claim to determine whether all of the requirements of that claim are met.

You must determine, separately for each asserted claim, whether or not there is infringement. There is one exception to this rule.  If you find that a claim on which other claims depend is not infringed, there cannot be infringement of any dependent claim that refers directly or indirectly to that independent claim.  On the other hand, if you find that an independent claim has been infringed, you must still decide, separately, whether the product meets additional requirements of any claims that depend from the independent claim, thus, whether those claims have also been infringed.  A dependent claim includes all the requirements of any of the claims to which it refers plus additional requirements of its own.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 3.1a (2016) (modified).

_____ Given

_____ Modified

_____ Denied

53

# FINAL JURY INSTRUCTION NO. __.

## 21.    DIRECT INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

If a company makes, uses, sells, offers to sell within, or imports into the United States a product that does not meet all of the requirements of a claim and thus does not literally infringe that claim, there can still be direct infringement if that product satisfies that claim "under the doctrine of equivalents."

Under the doctrine of equivalents, a product infringes a claim if the accused product contains elements or performs steps corresponding to each and every requirement of the claim that is equivalent to, even though not literally met by, the accused product.  You may find that an element or step is equivalent to a requirement of a claim that is not met literally if a person having ordinary skill in the field of technology of the patent would have considered the differences between them to be "insubstantial" or would have found that the structure or action: (1) performs substantially the same function and (2) works in substantially the same way (3) to achieve substantially the same result as the requirement of the claim.  In order for the structure or action to be considered interchangeable, the structure or action must have been known at the time of the alleged infringement to a person having ordinary skill in the field of technology of the patent.  Interchangeability at the present time is not sufficient.  In order to prove infringement by "equivalents," ATEN must prove the equivalency of the structure or actions to a claim element by a preponderance of the evidence.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 3.1c (2016) (modified).

_____ Given

_____ Modified

54

\_\_\_\_\_ Denied

FINAL JURY INSTRUCTION NO. __.

**22.    INDIRECT INFRINGEMENT—ACTIVE INDUCEMENT**

ATEN alleges that Uniclass is liable for infringement by actively inducing StarTech, Tripp Lite,

Black Box, and Linkskey to directly infringe the Asserted Patents literally or under the doctrine

of equivalents.  As with direct infringement, you must determine whether there has been active

inducement on a claim-by-claim basis.


Uniclass is liable for active inducement to infringe a claim only if ATEN proves by a

preponderance of the evidence:

(1) that the acts are actually carried out by StarTech, Tripp Lite, TRENDnet, Black Box, and

Broadtech and directly infringe that claim;

(2) that Uniclass took action during the time the Asserted Patents were in force intending to

cause the infringing acts by StarTech, Tripp Lite, Airlink, Black Box, and Broadtech; and

(3) that Uniclass was aware of the Asserted Patents and knew that the acts, if taken, would

constitute infringement of that patent.


If you find that Uniclass was aware of the patent, but believed that the acts it encouraged did not

infringe that patent, Uniclass cannot be liable for inducement.


In order to establish active inducement of infringement, it is not sufficient that StarTech, Tripp

Lite, TRENDnet, Black Box, and Broadtech themselves directly infringe the claim.  Nor is it

sufficient that Uniclass was aware of the acts by StarTech, Tripp Lite, Airlink, Black Box, and

Broadtech that allegedly constitute the direct infringement.  Rather, in order to find active

inducement of infringement, you must find either that Uniclass specifically intended StarTech,

56

Tripp Lite, Airlink, Black Box, and Broadtech to infringe the Asserted Patents or that Uniclass believed there was a high probability that StarTech, Tripp Lite, Airlink, Black Box, and Broadtech would infringe the Asserted Patents, but deliberately avoided learning the infringing nature of StarTech, Tripp Lite, Airlink, Black Box, and Broadtech's acts.  The mere fact, if true, that Uniclass knew or should have known that there was a substantial risk that StarTech, Tripp Lite, Airlink, Black Box, and Broadtech's acts would infringe the Asserted Patents would not be sufficient for active inducement of infringement.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 3.2 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

## FINAL JURY INSTRUCTION NO. __.

**23.   INDIRECT INFRINGEMENT—CONTRIBUTORY INFRINGEMENT**

ATEN argues that Uniclass is liable for contributory infringement by contributing to the direct infringement of the Asserted Patents by Airlink, StarTech, Tripp Lite, Black Box, and Broadtech. As with direct infringement, you must determine contributory infringement on a claim-by-claim basis.

Uniclass is liable for contributory infringement of a claim if ATEN proves by a preponderance of the evidence:

(1) Uniclass sells, offers to sell, or imports within the United States a component of a product, or apparatus for use in a process, during the time the Asserted Patents are in force;

(2) the component or apparatus has no substantial, noninfringing use;

(3) the component or apparatus constitutes a material part of the invention;

(4) Uniclass is aware of the Asserted Patents and knows that the KVM switches have no other substantial use may be covered by a claim of the Asserted Patents or may satisfy a claim of the Asserted Patents under the doctrine of equivalents; and

(5) that use directly infringes the claim.

In order to prove contributory infringement, ATEN must prove that each of the above requirements is met.  This proof of each requirement must be by a preponderance of the evidence, i.e., that it is more likely than not that each of the above requirements is met.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 3.3 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

## FINAL JURY INSTRUCTION NO. __.

**24.    WILLFULNESS**

In this case, ATEN argues both that defendant Uniclass infringed and, further, that the Defendants infringed willfully.  If you have decided that the Defendants have infringed, you must go on and address the additional issue of whether or not this infringement was willful.  Willfulness requires you to determine whether ATEN proved that it is more likely than not that the infringement by the Defendants was especially worthy of punishment.  You may not determine that the infringement was willful just because the Defendants knew of one or more of the Asserted Patents and infringed it.  Instead, willful infringement is reserved for egregious behavior, such as where the infringement is willful, reckless, malicious, deliberate, consciously wrongful, or done in bad faith.

To determine whether the Defendants acted willfully, consider all facts.  These may include, but are not limited, to:

(1) Whether or not the Defendants acted consistently with the standards of behavior for its industry;

(2) Whether or not the Defendants intentionally copied a product of ATEN that is covered by the Asserted Patents;

(3) Whether or not the Defendants reasonably believed it did not infringe or that the patent was invalid;

(4) Whether or not the Defendants made a good-faith effort to avoid infringing the Asserted Patents, for example, whether the Defendants attempted to design around the Asserted Patent; and

(5) Whether or not the Defendants tried to cover up its infringement.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 3.10 (2016) (modified); *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016).

_____ Given

_____ Modified

_____ Denied

FINAL JURY INSTRUCTION NO. __.

**26.   WRITTEN DESCRIPTION REQUIREMENT**

The patent law contains certain requirements for the part of the patent called the specification. Uniclass contends that the asserted claims of the '289 patent and '141 patent are invalid because the specification of these patents does not contain an adequate written description of the invention.  To succeed, Uniclass must show by clear and convincing evidence that the specification fails to meet the law's requirements for written description of the invention.  In the patent application process, the applicant may keep the originally filed claims, or change the claims between the time the patent application is first filed and the time a patent is issued.  An applicant may amend the claims or add new claims.  These changes may narrow or broaden the scope of the claims.  The written description requirement ensures that the issued claims correspond to the scope of the written description that was provided in the original application.

In deciding whether the patent satisfies this written description requirement, you must consider the description from the viewpoint of a person having ordinary skill in the field of technology of the patent when the application was filed.  The written description requirement is satisfied if a person having ordinary skill reading the original patent application would have recognized that it describes the full scope of the claimed invention as it is finally claimed in the issued patent and that the inventor actually possessed that full scope by the filing date of the original application.

The written description requirement may be satisfied by any combination of the words, structures, figures, diagrams, formulas, etc., contained in the patent application.  The full scope of a claim or any particular requirement in a claim need not be expressly disclosed in the original patent application if a person having ordinary skill in the field of technology of the patent at the

time of filing would have understood that the full scope or missing requirement is in the written description in the patent application.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 4.2a (2016) (modified).

_____ Given

_____ Modified

_____ Denied

## FINAL JURY INSTRUCTION NO. __.

**27.     PRIOR ART (For Patents Having an Effective Filing Date Before March 16, 2013)**

Prior art may include items that were publicly known or that have been used or offered for sale, or references, such as publications or patents, that disclose the claimed invention or elements of the claimed invention. To be prior art, the item or reference must have been made, known, used, published, or patented either before the invention was made or more than one year before the filing date of the patent application. For this determination, use the following filing dates:

- '289 Patent – November 8, 2001

- '287 Patent – November 9, 2001

- '217 Patent – November 9, 2001

- '141 Patent – July 24, 2007


However, prior art does not include a publication that describes the inventor's own work and was published less than one year before the date of invention.


For the claim to be invalid because it is not new, Defendants must show by clear and convincing evidence that all of the requirements of that claim were present in a single previous device or method that was known of, used, or described in a single previous printed publication or patent. We call these things "anticipating prior art." To anticipate the invention, the prior art does not have to use the same words as the claim, but all of the requirements of the claim must have been disclosed, either stated expressly or implied to a person having ordinary skill in the art in the technology of the invention, so that looking at that one reference, that person could make and use the claimed invention.

64

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 4.3a-1 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

## FINAL JURY INSTRUCTION NO. __.

**28.    ANTICIPATION (For Patents Having an Effective Filing Date Before March 16, 2013)**

In order for someone to be entitled to a patent, the invention must actually be "new" and the inventor must not have lost her or his rights by delaying the filing of an application claiming the invention. In general, inventions are new when the identical product has not been made, used, or disclosed before. Anticipation must be determined on a claim-by-claim basis.

Defendants contends that the claims of the Asserted Patents are invalid because the claimed inventions are anticipated or because ATEN lost the right to obtain a patent. Defendants must convince you of this by clear and convincing evidence, i.e., that the evidence highly probably demonstrates that the claim(s) is/are invalid. For this determination, use the following priority dates:

- '289 Patent – November 8, 2001

- '287 Patent – November 9, 2001

- '217 Patent – November 9, 2001

- '141 Patent – July 24, 2007

Here is a list of ways that Defendants can show that a patent claim was not new or that the patentee lost the right to patent the claims:

(1) An invention is not new if it was known to or used by others in the United States before the date of invention. An invention is known when the information about it was reasonably accessible to the public on that date.

66

(2) An invention is not new if it was already patented or described in a printed publication, anywhere in the world before the date of invention.

(3) ATEN has lost its rights if the claimed invention was already patented or described in a printed publication, anywhere in the world by ATEN or anyone else, more than a year before the invention date, which is the effective filing date of the application for the Asserted Patents. An invention was patented by another if the other patent describes the same invention claimed by ATEN to a person having ordinary skill in the technology.

(4) ATEN has lost its rights if the claimed invention was publicly used, sold, or offered for sale in the United States more than one year before the invention date, which is the effective filing date of the application for the patent. An invention was publicly used when it was either accessible to the public or commercially exploited. An invention was sold or offered for sale when it was offered commercially and what was offered was ready to be patented, i.e., a description to one having ordinary skill in the field of the technology could have made and used the claimed invention, even if it was not yet reduced to practice.

(5) ATEN has lost its rights if it abandoned the invention.

(6) ATEN has lost its rights if it had already obtained a patent for the invention in a foreign country before the filing date of the application in the United States or the patent application was filed in a foreign country more than a year before the filing date of the application for the patent in the United States.

(7) An invention is not new if it was described in a published patent application filed by another in the United States, or under the PCT system and designated the United States, and was published in English before the date of invention.

(8) An invention is not new if the claimed invention was described in a patent granted on an application for patent by another filed in the United States, or under the PCT system and designated the United States, and was published in English, and the application was filed before the filing date of the Asserted Patent.

(9) ATEN is not entitled to the Asserted Patent if the named inventor did not himself invent the invention.

(10) An invention is not new if the invention was made by someone else in the United States before the invention was made by ATEN and the other person did not abandon, suppress, or conceal the invention.


Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 4.3b-1 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**29.    OBVIOUSNESS**

Even though an invention may not have been identically disclosed or described before it was

made by an inventor, in order to be patentable, the invention must also not have been obvious to

a person of ordinary skill in the field of technology of the patent before the filing date. For this

determination, use the following priority dates:

- '289 Patent – November 8, 2001

- '287 Patent – November 9, 2001

- '217 Patent – November 9, 2001

- '141 Patent – July 24, 2007


Defendants may establish that a patent claim is invalid by showing, by clear and convincing

evidence, that the claimed invention would have been obvious to persons having ordinary skill in

the art at the time the patent was filed in the field of KVM switches.


In determining whether a claimed invention is obvious, you must consider the level of ordinary

skill in the field KVM Switches that someone would have had at the time the patent was filed,

the scope and content of the prior art, and any differences between the prior art and the claimed

invention.


Keep in mind that the existence of each and every element of the claimed invention in the prior

art does not necessarily prove obviousness. Most, if not all, inventions rely on building blocks of

prior art. In considering whether a claimed invention is obvious, you may but are not required to

find obviousness if you find that at the time of the patent's filing date there was a reason that would have prompted a person having ordinary skill in the field of KVM switches to combine the known elements in a way the claimed invention does, taking into account such factors as:

(1) whether the claimed invention was merely the predictable result of using prior art elements according to their known function(s);

(2) whether the claimed invention provides an obvious solution to a known problem in the relevant field;

(3) whether the prior art teaches or suggests the desirability of combining elements claimed in the invention;

(4) whether the prior art teaches away from combining elements in the claimed invention;

(5) whether it would have been obvious to try the combinations of elements, such as when there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions; and

(6) whether the change resulted more from design incentives or other market forces.


To find it rendered the invention obvious, you must find that the prior art provided a reasonable expectation of success. Obvious to try is not sufficient in unpredictable technologies.


In determining whether the claimed invention was obvious, consider each claim separately. Do not use hindsight, i.e., consider only what was known at the time of the patent's filing date.

In making these assessments, you should take into account any objective evidence (sometimes called "secondary considerations") that may shed light on the obviousness or not of the claimed invention, such as:

a. Whether the invention was commercially successful as a result of the merits of the claimed invention (rather than the result of design needs or market-pressure advertising or similar activities);

b. Whether the invention satisfied a long-felt need;

c. Whether others had tried and failed to make the invention;

d. Whether others invented the invention at roughly the same time;

e. Whether others copied the invention;

f. Whether there were changes or related technologies or market needs contemporaneous with the invention;

g. Whether the invention achieved unexpected results;

h. Whether others in the field praised the invention;

i. Whether persons having ordinary skill in the art of the invention expressed surprise or disbelief regarding the invention;

j. Whether others sought or obtained rights to the patent from the patent holder; and

k. Whether the inventor proceeded contrary to accepted wisdom in the field.


Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 4.3c (2016).

_____ Given

_____ Modified

_____ Denied

71

**FINAL JURY INSTRUCTION NO. __.**

**30.    OBVIOUSNESS – LEVEL OF ORDINARY SKILL**

In deciding what the level of ordinary skill in the field of KVM switches is, you should consider all the evidence introduced at trial, including but not limited to:

(1) the levels of education and experience of the inventor and other persons actively working in the field;

(2) the types of problems encountered in the field;

(3) prior art solutions to those problems;

(4) rapidity with which innovations are made; and

(5) the sophistication of the technology.


Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 4.3c(i) (2016).

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. ___.**

**31.    OBVIOUSNESS – SCOPE AND CONTENT OF THE PRIOR ART**

In considering whether the claimed invention was obvious, you must first determine the scope and content of the prior art.

The scope and content of prior art for deciding whether the invention was obvious includes at least prior art in the same field as the claimed invention. It also includes prior art from different fields that a person of ordinary skill in the art would have considered when trying to solve the problem that is addressed by the invention.

Where the party challenging the validity of the patent is relying on prior art that was not considered by the PTO during examination, you may consider whether that prior art is significantly different and more relevant than the prior art that the PTO did consider. If you decide it was different and more relevant, you may weigh that prior art more heavily when considering whether the challenger has carried its clear-and-convincing burden of proving invalidity.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 4.3c(ii) (2016).

_____ Given

_____ Modified

_____ Denied

73

**FINAL JURY INSTRUCTION NO. __.**

**34.    DAMAGES—INTRODUCTION**

If you find that one or more of the Defendants infringed any valid claim of the Asserted Patents, you must then consider what amount of damages to award to ATEN.  I will now instruct you about the measure of damages.  By instructing you on damages, I am not suggesting which party should win this case, on any issue.  If you find that a Defendant has not infringed any valid claim of the patent, then ATEN is not entitled to any damages from that Defendant.

The damages you award must be adequate to compensate ATEN for the infringement.  They are not meant to punish an infringer.  Your damages award, if you reach this issue, should put ATEN in approximately the same financial position that it would have been in had the infringement not occurred.

ATEN has the burden to establish the amount of its damages by a preponderance of the evidence. In other words, you should award only those damages that ATEN establishes that it more likely than not suffered.  While ATEN is not required to prove the amount of its damages with mathematical precision, it must prove them with reasonable certainty.  You may not award damages that are speculative, damages that are only possible, or damages that are based on guesswork.

There are different types of damages that ATEN may be entitled to recover.  In this case, ATEN seeks a reasonable royalty.  A reasonable royalty is defined as the money amount ATEN and any one of the Defendants would have agreed upon as a fee for use of the invention at the time prior to when infringement began.  But, regardless of the type of damages you may choose to award,

74

you must be careful to ensure that award is no more or no less than the value of the patented invention.

I will give more detailed instructions regarding damages shortly.  Note, however, that ATEN is entitled to recover no less than a reasonable royalty for each infringing importation, offer for sale, or sale in the United States.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 6.1 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**35.    REASONABLE ROYALTY—DEFINITION**

A royalty is a payment made to a patent holder in exchange for the right to make, use, or sell the claimed invention.  A reasonable royalty is the amount of royalty payment that a patent holder (such as ATEN) and the alleged infringer (such as Uniclass) would have agreed to in a hypothetical negotiation taking place at a time prior to when the infringement first began if both sides had been reasonably and voluntarily trying to reach an agreement.  In considering this hypothetical negotiation, you should focus on what the expectations of the patent holder and the alleged infringer would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations.  In determining this, you must assume that both parties believed the patent was valid and infringed and that both parties were willing to enter into an agreement.  The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation, and not simply a royalty either party would have preferred.  Evidence of things that happened after the infringement first began can be considered in evaluating the reasonable royalty only to the extent that the evidence aids in assessing what royalty would have resulted from a hypothetical negotiation.  Although evidence of the actual profits an alleged infringer made may be used to determine the anticipated profits at the time of the hypothetical negotiation, the royalty may not be limited or increased based on the actual profits the alleged infringer made.


Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 6.6 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

**FINAL JURY INSTRUCTION NO. __.**

**36.    REASONABLE ROYALTY RELEVANT FACTORS**

In determining the reasonable royalty, you should consider all the facts known and available to the parties at the time the infringement began.  Some of the kinds of factors that you may consider in making your determination are:

(1) The value that the claimed invention contributes to the accused product.

(2) The value that factors other than the claimed invention contributes to the accused product.

(3) Comparable license agreements, such as those covering the use of the claimed inventions or similar technology.


No one factor is dispositive and you can and should consider the evidence that has been presented to you in this case on each of these factors.  You may also consider any other factors which in your mind would have increased or decreased the royalty the alleged infringer would have been willing to pay and the patent holder would have been willing to accept, acting as normally prudent business people.


Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 6.7 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

**38.    GLOSSARY**

Some of the terms in this glossary will be defined in more detail in the legal instructions you are given. The definitions in the instructions must be followed and must control your deliberations.

**Abstract**: A brief summary of the technical disclosure in a patent to enable the U.S. Patent and Trademark Office and the public to determine quickly the nature and gist of the technical disclosure in the patent.

**Amendment**: A patent applicant's change to one or more claims or to the specification either in response to an office action taken by an Examiner or independently by the patent applicant during the patent application examination process.

**Anticipation**: A situation in which a claimed invention describes an earlier invention and, therefore, is not considered new and is not entitled to be patented.

**Assignment**: A transfer of patent rights to another called an "assignee" who, upon transfer, becomes the owner of the rights assigned.

**Claim**: A concise, formal definition of an invention that appears at the end of the specification of a patent in a separately numbered paragraph. In concept, a patent claim marks the boundaries of the patent in the same way that a legal description in a deed specifies the boundaries of land, i.e., similar to a landowner who can prevent others from trespassing on the bounded property, the inventor can prevent others from using what is claimed. Claims may be independent or

dependent. An independent claim stands alone. A dependent claim does not stand alone and refers to one or more other claims. A dependent claim incorporates whatever the other referenced claim or claims say.

**Drawings**: The drawings are visual representations of the claimed invention contained in a patent application and issued patent, and usually include several figures illustrating various aspects of the claimed invention.

**Elements**: The required parts of a device or the required steps of a method. A device or method infringes a patent if it contains each and every requirement of a patent claim.

**Embodiment**: A product or method that contains or practices the claimed invention.

**Examination**: Procedure before the U.S. Patent and Trademark Office whereby an Examiner reviews the filed patent application to determine if the claimed invention is patentable.

**Filing Date**: Date a patent application, with all the required sections, has been submitted to the U.S. Patent and Trademark Office.

**HID**:  Abbreviation for Human Interface Device.  USB-HID is an industry-standard human interface device such as keyboards and mice.

**Infringement**: Violation of patent rights occurring when someone makes, uses, or sells a patented invention, without permission of the patent holder, within the United States during the term of the patent. Infringement may be direct, by inducement, or contributory. Direct infringement is making, using, or selling the patented invention without permission. Inducing infringement is intentionally causing another to directly infringe a patent. Contributory infringement is offering to sell or selling an item that is a significant part of the invention, so that the buyer directly infringes the patent. To be a contributory infringer, one must know that the part being offered or sold is designed specifically for infringing the patented invention and is not a common object suitable for noninfringing uses.

**KVM switch** (with KVM being an abbreviation for "keyboard, video and mouse") is a hardware device that allows a user to control multiple computers from one set of keyboard, video monitors, and mouse.

**Limitation**: A required part of an invention set forth in a patent claim. A limitation is a requirement of the invention. The word "limitation" is often used interchangeably with the word "requirement" or "element."

**Nonobviousness**: One of the requirements for securing a patent. To be valid, the subject matter of the invention must not have been obvious to a person of ordinary skill in the field at the time of the earlier of the filing date of the patent application or the date of invention.

**Office Action**: A written communication from the Examiner to the patent applicant in the course of the application examination process.

**Patent**: An exclusive right granted by the U.S. Patent and Trademark Office to an inventor to prevent others from making, using, or selling an invention for a term of 20 years from the date the patent application was filed (or 17 years from the date the patent issued). When the patent expires, the right to make, use, or sell the invention is dedicated to the public. The patent has three parts, which are a specification, drawings and claims. The patent is granted after examination by the U.S. Patent and Trademark Office of a patent application, which has these parts, filed by the inventor and this examination is called the prosecution history.

**Patent and Trademark Office (PTO)**: An administrative branch of the U.S. Department of Commerce that is charged with overseeing and implementing the federal laws of patents and trademarks. It is responsible for examining all patent applications and issuing all patents in the United States.

**Prior Art**: Previously known subject matter in the field of a claimed invention for which a patent is being sought. It includes issued patents, publications, and knowledge deemed to be publicly available, such as trade skills, trade practices, and the like.

**Prosecution History**: The complete written record of the proceedings in the PTO from the initial application to the issued patent. The prosecution history includes the office actions taken by the

81

PTO and the amendments to the patent application filed by the applicant during the examination process.

**Reads On**: A patent claim "reads on" a device or method when each required part (requirement) of the claim is found in the device or method.

**Reduction to Practice**: The invention is "reduced to practice" when it is sufficiently developed to show that it would work for its intended purpose.

**Requirement**: A required part or step of an invention set forth in a patent claim. The word "requirement" is often used interchangeably with the word "limitation" or "element."

**Royalty**: A payment made to the owner of a patent by a non-owner in exchange for rights to make, use, or sell the claimed invention.

**Specification**: A required part of a patent application and an issued patent. It is a written description of the invention and of the manner and process of making and using the claimed invention.

**USB**:  Abbreviation for Universal Serial Bus. An industry standard that defines cables, connectors and communications protocols for connection, communication, and power supply between computers and devices.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **JOINT AGREED UPON (PROPOSED) JURY INSTRUCTIONS** was filed electronically, and pursuant to Civil L.R. 5-3.2, was served on all interested parties in this action (i.e., served to registered ECF recipients via ECF electronic service) on September 12, 2017.

/s/ Lei Mei
Lei Mei