Lei Mei (SBN 240104)
mei@meimark.com
P. Andrew Riley (*Pro Hac Vice*)
ariley@meimark.com
Larry Sandell (SBN 262186)
lsandell@meimark.com
Irene Chen (*Pro Hac Vic*e)
ichen@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Telephone: 888-860-5678
Facsimile: 888-706-117

[Additional counsel listed on signature page]

Attorneys for Plaintiff
ATEN INTERNATIONAL CO., LTD.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| **ATEN INTERNATIONAL CO., LTD.,**<br><br>        Plaintiff,<br><br>    vs.<br><br>**UNICLASS TECHNOLOGY CO. LTD., et al.,**<br><br>        Defendants. | Case No. 2:15-cv-04424-AJG-AJW<br><br>**JOINT DISPUTED (PROPOSED) JURY INSTRUCTIONS AND OBJECTIONS**<br><br>TRIAL START DATE: SEPT. 19, 2017<br><br>COURTROOM: 10D<br><br>HON. ANDREW J. GUILFORD |

# TABLE OF CONTENTS

DISPUTED PRELIMINARY JURY INSTRUCTION NO. 3 (SUMMARY OF CONTENTIONS) ................................................................ 1

DISPUTED FINAL JURY INSTRUCTION NO. 15 (SUMMARY OF CONTENTIONS)................................................................ 15

DISPUTED FINAL JURY INSTRUCTION NO. 25 (INVALIDITY—BURDEN OF PROOF)................................................................ 25

DISPUTED FINAL JURY INSTRUCTION NO. 32 (UNCLEAN HANDS)............. 28

DISPUTED FINAL JURY INSTRUCTION NO. 33 (EQUITABLE ESTOPPEL).... 31

DISPUTED FINAL JURY INSTRUCTION NO. 37 (DATE OF COMMENCEMENT OF DAMAGES – PRODUCTS) ……………………………………………..38

# DISPUTED PRELIMINARY JURY INSTRUCTION NO. 3

## SUMMARY OF CONTENTIONS

| Plaintiff's Proposed Instruction (Text) | Defendants' Proposed Instruction (Text) |
|---|---|
| To help you follow the evidence, I will now give you a summary of the positions of the parties. | To help you follow the evidence, I will now give you a summary of the positions of the parties. |
| The plaintiff in this case is ATEN International Co., Ltd., and the defendants are Uniclass Technology Co., Ltd., Electronic Technology Co., Ltd. of Dongguan Uniclass (referred to collectively as "Uniclass"), Airlink 101, Phoebe Micro Inc. (referred to collectively as "Airlink"), Broadtech International Co., Ltd. D/B/A Linkskey ("Linkskey"), Black Box Corporation, and Black Box Corporation of Pennsylvania (referred to collectively as "Blackbox") (collectively "Defendants"). | The plaintiff in this case is ATEN International Co., Ltd., and the defendants are Uniclass Technology Co., Ltd., Electronic Technology Co., Ltd. of Dongguan Uniclass (referred to collectively as "Uniclass"), Airlink 101, Phoebe Micro Inc. (referred to collectively as "Airlink"), Broadtech International Co., Ltd. D/B/A Linkskey ("Linkskey"), Black Box Corporation, and Black Box Corporation of Pennsylvania (referred to collectively as "Blackbox") (collectively "Defendants"). |
| The case involves four (4) United States patents:<br>• U.S. Patent No. 7,640,289 | The case involves four (4) United States patents:<br>• U.S. Patent No. 7,640,289 |

| | |
|---|---|
| • U.S. Patent No. 6,957,287<br>• U.S. Patent No. 7,472,217<br>• U.S. Patent No. 8,589,141<br><br>These patents are all assigned to ATEN. For your convenience, the parties and I will often refer to these patents by the last three numbers of the patent number:<br>    • U.S. Patent No. 7,640,289 is the<br>      "'289 patent"<br>    • U.S. Patent No. 6,957,287 is the<br>      "'287 patent"<br>    • U.S. Patent No. 7,472,217 is the<br>      "'217 patent"<br>    • U.S. Patent No. 8,589,141 is the<br>      "'141 patent"<br><br>Also for your convenience, the parties and I will often refer to all of the patents together as the "Asserted Patents."<br><br>ATEN filed suit in this court seeking money damages from the Defendants for allegedly infringing the Asserted Patents by making, importing, using, selling, offering for sale, into the United States KVM switches (where KVM means | • U.S. Patent No. 6,957,287<br>• U.S. Patent No. 7,472,217<br>• U.S. Patent No. 8,589,141<br><br>These patents are all assigned to ATEN. For your convenience, the parties and I will often refer to these patents by the last three numbers of the patent number:<br>    • U.S. Patent No. 7,640,289 is the<br>      "'289 patent"<br>    • U.S. Patent No. 6,957,287 is the<br>      "'287 patent"<br>    • U.S. Patent No. 7,472,217 is the<br>      "'217 patent"<br>    • U.S. Patent No. 8,589,141 is the<br>      "'141 patent"<br><br>Also for your convenience, the parties and I will often refer to all of the patents together as the "Asserted Patents."<br><br>ATEN filed suit in this court seeking money damages from the Defendants for allegedly infringing the Asserted Patents by making, importing, using, selling, offering for sale, into the United States KVM switches (where KVM means |

keyboard, video monitor, and mouse) that ATEN argues are covered by certain claims of the Asserted Patents.  ATEN also argues that defendant Uniclass has actively induced infringement of these claims of the Asserted Patents by others and/or contributed to the infringement of these claims of the Asserted Patents by others.

The KVM switches that are alleged to infringe are:

1) UDV-TA2 representative product
   a. Linked products include: USB-SP02A, USB-SP04A, UDP-TA2; UHV-TA2; USB-TA2
   b. Linked customer products include: Linkskey LDV-302ARC, LKU-S02ASK, LKU-S04ASK; Airlink AKVM-U22, AKVM-U42
2) Prima T8 representative product
   a. Linked products include: Prima T4 and T16
   b. Linked customer products include: Linkskey LKV-

keyboard, video monitor, and mouse) that ATEN argues are covered by certain claims of the Asserted Patents.  ATEN also argues that defendant Uniclass has actively induced infringement of these claims of the Asserted Patents by others and/or contributed to the infringement of these claims of the Asserted Patents by others.

The KVM switches that are alleged to infringe are:

1) UDV-TA2 representative product
   a. Linked products include: USB-SP02A, USB-SP04A, UDP-TA2; UHV-TA2; USB-TA2
   b. Linked customer products include: Linkskey LDV-302ARC, LKU-S02ASK, LKU-S04ASK; Airlink AKVM-U22, AKVM-U42
2) Prima T8 representative product
   a. Linked products include: Prima T4 and T16
3) AD-CP02A representative product
   a. Linked products include AD-

9304, LKV-9308, and LKV-9316

3) AD-CP02A representative product

    a. Linked products include AD-EP04A; AH-832A and 4A; AI-832A and 4A; AL-832A and 4A; AP-832A and 4A; AD-202A and 204A; AH-202A and 204A; AD-502D and 504D; AD-502V and 504V; AD-702D and 704D; AD-702V and 704V; AL-702D and 704D

    b. Linkskey LDV-242AUSK; Airlink AKVM-2UDA; Linkskey LDV-DM722AUSK, LDV-DM724AUSK, LDV-DM712AUSK, LDV-DM714AUSK

4) UKA-248 representative product

    a. Linked customer products: Linkskey LKV248AUSK and Black Box K7021AK

Defendants deny that they have infringed the claims of the Asserted Patents. The Defendants also argue that the claims are invalid. I will instruct you later as to the ways in which a patent may be invalid. In general, however, a patent is invalid if it is not new or is obvious in view of the state

Defendants also argue that the claims are invalid.  I will instruct you later as to the ways in which a patent may be invalid.  In general, however, a patent is invalid if it is not new or is obvious in view of the state of the art at the relevant time, or if the description in the patent does not meet certain requirements.

Your job will be to decide whether or not the claims of the Asserted Patents have been infringed and whether or not those claims are invalid.  If you decide that any claim has been infringed and is not invalid, you will then need to decide any money damages to be awarded to ATEN to compensate it for the infringement.  You will also need to make a finding as to whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damages award you give.  I will take willfulness into account later.

Specifically, ATEN asserts that the Defendants infringe the following claims:
- Claims 1-20 of the '289 patent

of the art at the relevant time, or if the description in the patent does not meet certain requirements.

Your job will be to decide whether or not the claims of the Asserted Patents have been infringed and whether or not those claims are invalid.  If you decide that any claim has been infringed and is not invalid, you will then need to decide any money damages to be awarded to ATEN to compensate it for the infringement.  You will also need to make a finding as to whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damages award you give.  I will take willfulness into account later.

Specifically, ATEN asserts that the Defendants infringe the following claims:
- Claims 1-20 of the '289 patent
- Claim 5 of the '287 patent
- Claims 1, 3, 4 of the '217 patent
- Claims 3, 8, 10 of the '141 patent

Authorities: Fed. Cir. Bar Assoc., Model

| | |
|---|---|
| • Claim 5 of the '287 patent<br><br>• Claims 1, 3, 4 of the '217 patent<br><br>• Claims 3, 8, 10 of the '141 patent<br><br>Authorities: Fed. Cir. Bar Assoc., Model Instructions No. A.2 (2016) (modified).<br><br>_____ Given<br><br>_____ Modified<br><br>_____ Denied | Instructions No. A.2 (2016) (modified).<br><br>_____ Given<br><br>_____ Modified<br><br>_____ Denied |

| Plaintiff's Proposed Instruction (Redlined) | Defendants' Proposed Instruction (Redlined) |
|---|---|
| To help you follow the evidence, I will now give you a summary of the positions of the parties.<br><br>The plaintiff in this case is ATEN International Co., Ltd., and the defendants are Uniclass Technology Co., Ltd., Electronic Technology Co., Ltd. of Dongguan Uniclass (referred to collectively as "Uniclass"), Airlink 101, Phoebe Micro Inc. (referred to collectively as "Airlink"), Broadtech International Co., Ltd. D/B/A Linkskey ("Linkskey"), Black Box Corporation, and | To help you follow the evidence, I will now give you a summary of the positions of the parties.<br><br>The plaintiff in this case is ATEN International Co., Ltd., and the defendants are Uniclass Technology Co., Ltd., Electronic Technology Co., Ltd. of Dongguan Uniclass (referred to collectively as "Uniclass"), Airlink 101, Phoebe Micro Inc. (referred to collectively as "Airlink"), Broadtech International Co., Ltd. D/B/A Linkskey ("Linkskey"), Black Box Corporation, and |

| | |
|---|---|
| Black Box Corporation of Pennsylvania (referred to collectively as "Blackbox") (collectively "Defendants"). | Black Box Corporation of Pennsylvania (referred to collectively as "Blackbox") (collectively "Defendants"). |
| The case involves four (4) United States patents: | The case involves four (4) United States patents: |
| • U.S. Patent No. 7,640,289 <br> • U.S. Patent No. 6,957,287 <br> • U.S. Patent No. 7,472,217 <br> • U.S. Patent No. 8,589,141 | • U.S. Patent No. 7,640,289 <br> • U.S. Patent No. 6,957,287 <br> • U.S. Patent No. 7,472,217 <br> • U.S. Patent No. 8,589,141 |
| These patents are all assigned to ATEN. For your convenience, the parties and I will often refer to these patents by the last three numbers of the patent number: | These patents are all assigned to ATEN. For your convenience, the parties and I will often refer to these patents by the last three numbers of the patent number: |
| • U.S. Patent No. 7,640,289 is the "'289 patent" <br> • U.S. Patent No. 6,957,287 is the "'287 patent" <br> • U.S. Patent No. 7,472,217 is the "'217 patent" <br> • U.S. Patent No. 8,589,141 is the "'141 patent" | • U.S. Patent No. 7,640,289 is the "'289 patent" <br> • U.S. Patent No. 6,957,287 is the "'287 patent" <br> • U.S. Patent No. 7,472,217 is the "'217 patent" <br> • U.S. Patent No. 8,589,141 is the "'141 patent" |
| Also for your convenience, the parties and I will often refer to all of the patents together as the "Asserted Patents." | Also for your convenience, the parties and I will often refer to all of the patents together as the "Asserted Patents." |

ATEN filed suit in this court seeking money damages from the Defendants for allegedly infringing the Asserted Patents by making, importing, using, selling, offering for sale, into the United States KVM switches (where KVM means keyboard, video monitor, and mouse) that ATEN argues are covered by certain claims of the Asserted Patents.  ATEN also argues that defendant Uniclass has actively induced infringement of these claims of the Asserted Patents by others and/or contributed to the infringement of these claims of the Asserted Patents by others.

The KVM switches that are alleged to infringe are:

1) UDV-TA2 representative product
   a. Linked products include: USB-SP02A, USB-SP04A, UDP-TA2; UHV-TA2; USB-TA2
   b. Linked customer products include: Linkskey LDV-302ARC, LKU-S02ASK,

ATEN filed suit in this court seeking money damages from the Defendants for allegedly infringing the Asserted Patents by making, importing, using, selling, offering for sale, into the United States KVM switches (where KVM means keyboard, video monitor, and mouse) that ATEN argues are covered by certain claims of the Asserted Patents.  ATEN also argues that defendant Uniclass has actively induced infringement of these claims of the Asserted Patents by others and/or contributed to the infringement of these claims of the Asserted Patents by others.

The KVM switches that are alleged to infringe are:

1) UDV-TA2 representative product
   a. Linked products include: USB-SP02A, USB-SP04A, UDP-TA2; UHV-TA2; USB-TA2
   b. Linked customer products include: Linkskey LDV-302ARC, LKU-S02ASK,

LKU-S04ASK; Airlink
AKVM-U22, AKVM-U42

2) Prima T8 representative product

a. Linked products include:
Prima T4 and T16

a.b.   Linked customer
products include: Linkskey
LKV-9304, LKV-9308, and
LKV-9316

3) AD-CP02A representative product

a. Linked products include AD-
EP04A; AH-832A and 4A;
AI-832A and 4A; AL-832A
and 4A; AP-832A and 4A;
AD-202A and 204A; AH-
202A and 204A; AD-502D
and 504D; AD-502V and
504V; AD-702D and 704D;
AD-702V and 704V; AL-
702D and 704D

b. Linskey LDV-242AUSK;
Airlink AKVM-2UDA;
Linkskey LDV-
DM722AUSK, LDV-
DM724AUSK, LDV-
DM712AUSK, LDV-
DM714AUSK

LKU-S04ASK; Airlink
AKVM-U22, AKVM-U42

2) Prima T8 representative product

a. Linked products include:
Prima T4 and T16

3) AD-CP02A representative product

a. Linked products include AD-
EP04A; AH-832A and 4A;
AI-832A and 4A; AL-832A
and 4A; AP-832A and 4A;
AD-202A and 204A; AH-
202A and 204A; AD-502D
and 504D; AD-502V and
504V; AD-702D and 704D;
AD-702V and 704V; AL-
702D and 704D

b. Linskey LDV-242AUSK;
Airlink AKVM-2UDA;
Linkskey LDV-
DM722AUSK, LDV-
DM724AUSK, LDV-
DM712AUSK, LDV-
DM714AUSK

4) UKA-248 representative product

a. Linked customer products:
Linkskey LKV248AUSK,
and Black Box K7021AK

4) UKA-248 representative product
    a.  Linked customer products:
        Linkskey LKV248AUSK,
        and Black Box KV7021AK.

Defendants deny that they have infringed the claims of the Asserted Patents.  The Defendants also argue that the claims are invalid.  I will instruct you later as to the ways in which a patent may be invalid.  In general, however, a patent is invalid if it is not new or is obvious in view of the state of the art at the relevant time, or if the description in the patent does not meet certain requirements.

Your job will be to decide whether or not the claims of the Asserted Patents have been infringed and whether or not those claims are invalid.  If you decide that any claim has been infringed and is not invalid, you will then need to decide any money damages to be awarded to ATEN to compensate it for the infringement.  You will also need to make a finding as to whether the infringement was willful.  If you decide that any infringement was

Defendants deny that they have infringed the claims of the Asserted Patents.  The Defendants also argue that the claims are invalid.  I will instruct you later as to the ways in which a patent may be invalid.  In general, however, a patent is invalid if it is not new or is obvious in view of the state of the art at the relevant time, or if the description in the patent does not meet certain requirements.

Your job will be to decide whether or not the claims of the Asserted Patents have been infringed and whether or not those claims are invalid.  If you decide that any claim has been infringed and is not invalid, you will then need to decide any money damages to be awarded to ATEN to compensate it for the infringement.  You will also need to make a finding as to whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damages award you give.  I will take willfulness into account later.

Specifically, ATEN asserts that the

| | |
|---|---|
| willful, that decision should not affect any damages award you give.  I will take willfulness into account later.<br><br>Specifically, ATEN asserts that the Defendants infringe the following claims:<br><br>• Claims 1-20 of the '289 patent<br>• Claim 5 of the '287 patent<br>• Claims 1, 3, 4 of the '217 patent<br>• Claims 3, 8, 10 of the '141 patent<br><br>Authorities: Fed. Cir. Bar Assoc., Model Instructions No. A.2 (2016) (modified).<br>_____ Given<br>_____ Modified<br>_____ Denied | Defendants infringe the following claims:<br><br>• Claims 1-20 of the '289 patent<br>• Claim 5 of the '287 patent<br>• Claims 1, 3, 4 of the '217 patent<br>• Claims 3, 8, 10 of the '141 patent<br><br>Authorities: Fed. Cir. Bar Assoc., Model Instructions No. A.2 (2016) (modified).<br>_____ Given<br>_____ Modified<br>_____ Denied |

**Plaintiff's Points and Authorities**

The Prima T customer products (LKV 9304, 9308 and 9316) were analyzed by Dr. Lavian in the claim charts to his expert report (trial exhibits 126 and 128).  They were described as Prima T products and were not rebranded as Prima A products. Defendants have had notice of these products since Dr. Lavian's report was issued in December 2016.

**Defendants' Points and Authorities**

ATEN's position that Uniclass's customer, and co-defendant, Linkskey's LKV-9304, LKV-9308, and LKV-9316 products ("LKV" products) are just rebranded Uniclass

Prima T4, Prima T8, and Prima T16 ("Prima T" products) is erroneous and, if accepted less than a week before the start of trial, would severely prejudice Defendants.

The Linkskey LKV-9304, LKV-9308, and LKV-9316 products are not rebranded Uniclass Prima T4, Prima T8, and Prima T16 products respectively, but are rebranded Uniclass Prima 4, Prima 8, and Prima 16 products.  The "Prima T" and "Prima" products are not the same because they have significantly different architecture and design. On February 27, 2017, Defendants specifically pointed out and described the distinction between the "Prima T" and the "Prima," or rebranded "LKV," products in their Motion and Memorandum to Exclude Expert Opinions and Testimony of ATEN's technical expert, Dr. Lavian. (*See* Dkt. 322 and 322-1).

Thereafter, on March 24, 2017, and in response to the Court's direction in its Order on Defendants Motion to Strike, (Dkt. 345), the parties submitted a report of their respective groupings of proposed representative and linked products. *See* Dkt. 350. In this report, ATEN only identified the "Prima T" products in its groups 3 and 4 products. However, ATEN stated in respect to its groups 3 and 4:

> The Group 3 and 4 products differ only in number of ports, and otherwise have identical functionality (8 ports for the Prima T8, 4 ports for the Prima T4, and 16 ports for the Prima T16). (Ex. P2; see generally Dkt. 336, Ex. 3-1, Ex. 4-1A, and 4-1B.) Uniclass markets these products together as a related family. (Ex. P2.) Uniclass objects to the naming of the Prima T products as opposed to the Prima products, but Uniclass itself conflates these product names. (*See, e.g.*, Ex. P4.

Although recognizing these differences, ATEN failed to identify the "LKV" or "Prima" products anywhere in the parties' joint submission on March 24, 2017.

Further, the dispute between the "Prima T" products and the "Prima"/"LKV" products was decided by the Court in its order granting in part Defendants Motion to Strike (Dkt. 345). In its Order the Court stated:

> Uniclass's motion to strike is **GRANTED** as to portions of [Dr. Lavian's] expert report that present new infringement theories <u>or new accused products that depart substantially from ATEN's Original Contentions</u>. For consistency, any portions of Defendants' expert report that constitute new invalidity theories (not disclosed in the original invalidity contentions) must be stricken as well.
>
> Because the parties are in the best position to differentiate the old from the new, the Court orders the ATEN and Uniclass to meet and confer on the particular portions of the expert reports to be stricken. To the extent the parties are unable to agree, the parties shall submit a joint report (not to exceed 5 pages) by March 24, 2017, setting forth the specific dispute and the parties' respective positions.

(Dkt. 345 at 6 (underline emphasis added).

Also, ATEN did not identify the products it accused, or raised this dispute, in the parties' jointly filed "Final Pretrial Conference Order," at dkt. 374-1, that the Court then adopted as the Final Pretrial Conference Oder at dkt. 394.

ATEN took no discovery on the "Prima"/"LKV" products that it now attempts to include as accused products, and will have nothing to present at trial.  If ATEN attempts to pass off the "Prima T" financials and product information it did conduct discovery on, for "Prima"/"LKV" products, the prejudice will be irreparable.

ATEN's statement that "Defendants have had notice of these products since Dr. Lavian's report was issued in December 2016" does not support its position but rather demonstrates the severe prejudice Defendants will face if ATEN is now permitted to include the "Prima"/"LKV" products as accused products. Indeed, ATEN only put Defendants on notice of its infringement allegations against the "Prima"/"LKV" products in Dr. Lavian's December 2016 report that issued five (5) months after fact discovery closed. Thus, Defendants have been deprived of taking fact discovery on ATEN's new position.

# DISPUTED FINAL JURY INSTRUCTION NO. 15

## SUMMARY OF CONTENTIONS

| Plaintiff's Proposed Instruction (Text) | Defendants' Proposed Instruction (Text) |
|---|---|
| As I did at the start of the case, I will first give you a summary of each side's contentions in this case.  I will then provide you with detailed instructions on what each side must prove to win on each of its contentions. | As I did at the start of the case, I will first give you a summary of each side's contentions in this case.  I will then provide you with detailed instructions on what each side must prove to win on each of its contentions. |
| As I previously told you, ATEN seeks money damages from the Defendants for allegedly infringing the Asserted Patents by making, importing, using, selling, and offering for sale KVM switches that ATEN argues are covered by claims of the Asserted Patents.  These are the asserted claims:<br>• Claims 1-20 of the '289 patent<br>• Claim 5 of the '287 patent<br>• Claims 1, 3, 4 of the '217 patent<br>• Claims 3, 8, 10 of the '141 patent<br>ATEN also argues that the Defendants have actively induced infringement of | As I previously told you, ATEN seeks money damages from the Defendants for allegedly infringing the Asserted Patents by making, importing, using, selling, and offering for sale KVM switches that ATEN argues are covered by claims of the Asserted Patents.  These are the asserted claims:<br>• Claims 1-20 of the '289 patent<br>• Claim 5 of the '287 patent<br>• Claims 1, 3, 4 of the '217 patent<br>• Claims 3, 8, 10 of the '141 patent<br>ATEN also argues that the Defendants have actively induced infringement of |

certain claims of the Asserted Patents by others and contributed to the infringement of these claims of the Asserted Patents by others. The KVM switches that are alleged to infringe are:

1) UDV-TA2 representative product
   a. Linked products include: USB-SP02A, USB-SP04A, UDP-TA2; UHV-TA2; USB-TA2
   b. Linked customer products include: Linkskey LDV-302ARC, LKU-S02ASK, LKU-S04ASK; Airlink AKVM-U22, AKVM-U42

2) Prima T8 representative product
   a. Linked products include: Prima T4 and T16
   b. Linked customer products include: Linkskey LKV-9304, LKV-9308, and LKV-9316

3) AD-CP02A representative product
   a. Linked products include AD-EP04A; AH-832A and 4A; AI-832A and 4A; AL-832A and 4A; AP-832A and 4A;

certain claims of the Asserted Patents by others and contributed to the infringement of these claims of the Asserted Patents by others. The KVM switches that are alleged to infringe are:

1) UDV-TA2 representative product
   a. Linked products include: USB-SP02A, USB-SP04A, UDP-TA2; UHV-TA2; USB-TA2
   b. Linked customer products include: Linkskey LDV-302ARC, LKU-S02ASK, LKU-S04ASK; Airlink AKVM-U22, AKVM-U42

2) Prima T8 representative product
   a. Linked products include: Prima T4 and T16

3) AD-CP02A representative product
   a. Linked products include AD-EP04A; AH-832A and 4A; AI-832A and 4A; AL-832A and 4A; AP-832A and 4A; AD-202A and 204A; AH-202A and 204A; AD-502D and 504D; AD-502V and 504V; AD-702D and 704D;

AD-202A and 204A; AH-202A and 204A; AD-502D and 504D; AD-502V and 504V; AD-702D and 704D; AD-702V and 704V; AL-702D and 704D

   b.  Linkskey LDV-242AUSK; Airlink AKVM-2UDA; Linkskey LDV-DM722AUSK, LDV-DM724AUSK, LDV-DM712AUSK, LDV-DM714AUSK

4) UKA-248 representative product

   a.  Linked customer products: Linkskey LKV248AUSK, and Black Box KV7021AK

The Defendants deny that they infringe the claims of the Asserted Patents and argue that, in addition, the claims of the Asserted Patents are invalid.

Your job is to decide whether the Defendants have infringed the asserted claims of the Asserted Patents and whether any of the asserted claims of the

AD-702V and 704V; AL-702D and 704D

   b.  Linkskey LDV-242AUSK; Airlink AKVM-2UDA; Linkskey LDV-DM722AUSK, LDV-DM724AUSK, LDV-DM712AUSK, LDV-DM714AUSK

4) UKA-248 representative product

   a.  Linked customer products: Linkskey LKV248AUSK and Black Box K7021AK

The Defendants deny that they infringe the claims of the Asserted Patents and argue that, in addition, the claims of the Asserted Patents are invalid.

Your job is to decide whether the Defendants have infringed the asserted claims of the Asserted Patents and whether any of the asserted claims of the Asserted Patents are invalid.  If you decide that any claim of the Asserted Patents has been infringed and is not invalid, you will then need to decide any

Asserted Patents are invalid.  If you decide that any claim of the Asserted Patents has been infringed and is not invalid, you will then need to decide any money damages to be awarded to ATEN to compensate it for the infringement.  You will also need to make a finding as to whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damages award you make.  I will take willfulness into account later.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. B.1 (2016) (modified).

\_\_\_\_\_ Given

\_\_\_\_\_ Modified

\_\_\_\_\_ Denied

money damages to be awarded to ATEN to compensate it for the infringement.  You will also need to make a finding as to whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damages award you make.  I will take willfulness into account later.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. B.1 (2016) (modified).

\_\_\_\_\_ Given

\_\_\_\_\_ Modified

\_\_\_\_\_ Denied

| Plaintiff's Proposed Instruction (Redlined) | Defendants' Proposed Instruction (Redlined) |
|---|---|
| As I did at the start of the case, I will first give you a summary of each side's contentions in this case.  I will then provide you with detailed instructions on what each side must prove to win on each | As I did at the start of the case, I will first give you a summary of each side's contentions in this case.  I will then provide you with detailed instructions on what each side must prove to win on each |

of its contentions.

As I previously told you, ATEN seeks money damages from the Defendants for allegedly infringing the Asserted Patents by making, importing, using, selling, and offering for sale KVM switches that ATEN argues are covered by claims of the Asserted Patents.  These are the asserted claims:

- Claims 1-20 of the '289 patent
- Claim 5 of the '287 patent
- Claims 1, 3, 4 of the '217 patent
- Claims 3, 8, 10 of the '141 patent

ATEN also argues that the Defendants have actively induced infringement of certain claims of the Asserted Patents by others and contributed to the infringement of these claims of the Asserted Patents by others. The KVM switches that are alleged to infringe are:

1) UDV-TA2 representative product
   a.  Linked products include: USB-SP02A, USB-SP04A, UDP-TA2; UHV-TA2; USB-TA2
   b. Linked customer products

of its contentions.

As I previously told you, ATEN seeks money damages from the Defendants for allegedly infringing the Asserted Patents by making, importing, using, selling, and offering for sale KVM switches that ATEN argues are covered by claims of the Asserted Patents.  These are the asserted claims:

- Claims 1-20 of the '289 patent
- Claim 5 of the '287 patent
- Claims 1, 3, 4 of the '217 patent
- Claims 3, 8, 10 of the '141 patent

ATEN also argues that the Defendants have actively induced infringement of certain claims of the Asserted Patents by others and contributed to the infringement of these claims of the Asserted Patents by others. The KVM switches that are alleged to infringe are:

1) UDV-TA2 representative product
   a.  Linked products include: USB-SP02A, USB-SP04A, UDP-TA2; UHV-TA2; USB-TA2
   b. Linked customer products

include: Linkskey LDV-302ARC, LKU-S02ASK, LKU-S04ASK; Airlink AKVM-U22, AKVM-U42

2) Prima T8 representative product

   a. Linked products include: Prima T4 and T16

3). AD-CP02A representative product

   a. Linked products include AD-EP04A; AH-832A and 4A; AI-832A and 4A; AL-832A and 4A; AP-832A and 4A; AD-202A and 204A; AH-202A and 204A; AD-502D and 504D; AD-502V and 504V; AD-702D and 704D; AD-702V and 704V; AL-702D and 704D

   b.  Linkskey LDV-242AUSK; Airlink AKVM-2UDA; Linkskey LDV-DM722AUSK, LDV-DM724AUSK, LDV-DM712AUSK, LDV-DM714AUSK

4). UKA-248 representative product

---

include: Linkskey LDV-302ARC, LKU-S02ASK, LKU-S04ASK; Airlink AKVM-U22, AKVM-U42

2) Prima T8 representative product

   a. Linked products include: Prima T4 and T16

   b. Linked customer products include: Linkskey LKV-9304, LKV-9308, and LKV-9316

3). AD-CP02A representative product

   a. Linked products include AD-EP04A; AH-832A and 4A; AI-832A and 4A; AL-832A and 4A; AP-832A and 4A; AD-202A and 204A; AH-202A and 204A; AD-502D and 504D; AD-502V and 504V; AD-702D and 704D; AD-702V and 704V; AL-702D and 704D

   c.  Linkskey LDV-242AUSK; Airlink AKVM-2UDA; Linkskey LDV-DM722AUSK, LDV-DM724AUSK, LDV-DM712AUSK, LDV-DM714AUSK

4). UKA-248 representative product

   a. Linked customer products: Linkskey LKV248AUSK, and Black Box K7021AK

a. Linked customer products:

Linkskey LKV248AUSK, and

Black Box KV7021AK

The Defendants deny that they infringe the claims of the Asserted Patents and argue that, in addition, the claims of the Asserted Patents are invalid.

Your job is to decide whether the Defendants have infringed the asserted claims of the Asserted Patents and whether any of the asserted claims of the Asserted Patents are invalid.  If you decide that any claim of the Asserted Patents has been infringed and is not invalid, you will then need to decide any money damages to be awarded to ATEN to compensate it for the infringement. You will also need to make a finding as to whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damages award you make.  I will take willfulness into account later.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. B.1 (2016) (modified).

The Defendants deny that they infringe the claims of the Asserted Patents and argue that, in addition, the claims of the Asserted Patents are invalid.

Your job is to decide whether the Defendants have infringed the asserted claims of the Asserted Patents and whether any of the asserted claims of the Asserted Patents are invalid.  If you decide that any claim of the Asserted Patents has been infringed and is not invalid, you will then need to decide any money damages to be awarded to ATEN to compensate it for the infringement. You will also need to make a finding as to whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damages award you make.  I will take willfulness into account later.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. B.1 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

| | |
|---|---|
| _____ Given<br><br>_____ Modified<br><br>_____ Denied | |

**Plaintiff's Points and Authorities**

The Prima T customer products (LKV 9304, 9308 and 9316) were analyzed by Dr. Lavian in the claim charts to his expert report (trial exhibits 126 and 128). They were described as Prima T products and were not rebranded as Prima A products. Defendants have had notice of these products since Dr. Lavian's report was issued in December 2016.

**Defendants' Points and Authorities**

ATEN's position that Uniclass's customer, and co-defendant, Linkskey's LKV-9304, LKV-9308, and LKV-9316 products ("LKV" products) are just rebranded Uniclass Prima T4, Prima T8, and Prima T16 ("Prima T" products) is erroneous and, if accepted less than a week before the start of trial, would severely prejudice Defendants.

The Linkskey LKV-9304, LKV-9308, and LKV-9316 products are not rebranded Uniclass Prima T4, Prima T8, and Prima T16 products respectively, but are rebranded Uniclass Prima 4, Prima 8, and Prima 16 products. The "Prima T" and "Prima" products are not the same because they have significantly different architecture and design. On February 27, 2017, Defendants specifically pointed out and described the distinction between the "Prima T" and the "Prima," or rebranded "LKV," products in their Motion and Memorandum to Exclude Expert Opinions and Testimony of ATEN's technical expert, Dr. Lavian. (*See* Dkt. 322 and 322-1).

Thereafter, on March 24, 2017, and in response to the Court's direction in its Order on Defendants Motion to Strike, (Dkt. 345), the parties submitted a report of their respective groupings of proposed representative and linked products. *See* Dkt. 350. In this report, ATEN only identified the "Prima T" products in its groups 3 and 4 products. However, ATEN stated in respect to its groups 3 and 4:

> The Group 3 and 4 products differ only in number of ports, and otherwise have identical functionality (8 ports for the Prima T8, 4 ports for the Prima T4, and 16 ports for the Prima T16). (Ex. P2; see generally Dkt. 336, Ex. 3-1, Ex. 4-1A, and 4-1B.) Uniclass markets these products together as a related family. (Ex. P2.) Uniclass objects to the naming of the Prima T products as opposed to the Prima products, but Uniclass itself conflates these product names. (*See, e.g*., Ex. P4.

Although recognizing these differences, ATEN failed to identify the "LKV" or "Prima" products anywhere in the parties' joint submission on March 24, 2017.

Further, the dispute between the "Prima T" products and the "Prima"/"LKV" products was decided by the Court in its order granting in part Defendants Motion to Strike (Dkt. 345). In its Order the Court stated:

> Uniclass's motion to strike is **GRANTED** as to portions of [Dr. Lavian's] expert report that present new infringement theories <u>or new accused products that depart substantially from ATEN's Original Contentions</u>. For consistency, any portions of Defendants' expert report that constitute new invalidity theories (not disclosed in the original invalidity contentions) must be stricken as well.
>
> Because the parties are in the best position to differentiate the old from the new, the Court orders the ATEN and Uniclass to meet and confer on the particular portions of the expert reports to be stricken. To the extent

the parties are unable to agree, the parties shall submit a joint report (not to exceed 5 pages) by March 24, 2017, setting forth the specific dispute and the parties' respective positions.

(Dkt. 345 at 6 (underline emphasis added).

Also, ATEN did not identify the products it accused, or raised this dispute, in the parties' jointly filed "Final Pretrial Conference Order," at dkt. 374-1, that the Court then adopted as the Final Pretrial Conference Oder at dkt. 394.

ATEN took no discovery on the "Prima"/"LKV" products that it now attempts to include as accused products, and will have nothing to present at trial.  If ATEN attempts to pass off the "Prima T" financials and product information it did conduct discovery on, for "Prima"/"LKV" products, the prejudice will be irreparable.

ATEN's statement that "Defendants have had notice of these products since Dr. Lavian's report was issued in December 2016" does not support its position but rather demonstrates the severe prejudice Defendants will face if ATEN is now permitted to include the "Prima"/"LKV" products as accused products. Indeed, ATEN only put Defendants on notice of its infringement allegations against the "Prima"/"LKV" products in Dr. Lavian's December 2016 report that issued five (5) months after fact discovery closed. Thus, Defendants have been deprived of taking fact discovery on ATEN's new position.

# DISPUTED FINAL JURY INSTRUCTION NO. 25

## <u>INVALIDITY—BURDEN OF PROOF</u>

| **Plaintiff's Proposed Instruction (Text)** | **Defendants' Proposed Instruction (Text)** |
|---|---|
| I will now instruct you on the rules you must follow in deciding whether or not the Defendants have proven that claims of the Asserted Patents are invalid. A patent claim is presumed to be valid. To prove that any claim of a patent is invalid, the Defendants must persuade you by clear and convincing evidence.  That is you must be left with a clear conviction that the claim is invalid or you must find that the claim remains valid.<br><br>Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 4.1 (2016) (modified).<br>_____ Given<br>_____ Modified<br>_____ Denied | I will now instruct you on the rules you must follow in deciding whether or not the Defendants have proven that claims of the Asserted Patents are invalid. To prove that any claim of a patent is invalid, the Defendants must persuade you by clear and convincing evidence, i.e., you must be left with a clear conviction that the claim is invalid or you must find that the claim is valid.<br><br>Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 4.1 (2016) (modified).<br>_____ Given<br>_____ Modified<br>_____ Denied |
| **Plaintiff's Proposed Instruction (Redlined)** | **Defendants' Proposed Instruction (Redlined)** |
| | |

| | |
|---|---|
| I will now instruct you on the rules you must follow in deciding whether or not the Defendants have proven that claims of the Asserted Patents are invalid. A patent claim is presumed to be valid. To prove that any claim of a patent is invalid, the Defendants must persuade you by clear and convincing evidence.  That is you must be left with a clear conviction that the claim is invalid or you must find that the claim remains valid. | I will now instruct you on the rules you must follow in deciding whether or not the Defendants have proven that claims of the Asserted Patents are invalid. ~~A patent claim is presumed to be valid.~~ To prove that any claim of a patent is invalid, the Defendants must persuade you by clear and convincing evidence, i.e., ~~That is~~ you must be left with a clear conviction that the claim is invalid or you must find that the claim isremains valid. |
| Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 4.1 (2016) (modified). | Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 4.1 (2016) (modified). |
| _____ Given | _____ Given |
| _____ Modified | _____ Modified |
| _____ Denied | _____ Denied |

**Plaintiff's Points and Authorities**;

A patent is presumed to be valid. 35 U.S.C § 282(a). AIPLA Model Patent Jury Instructions (Preliminary Jury Instructions II.) (2015): "A patent is presumed to be valid.  In other words, it is presumed to have been properly granted."

**Defendants' Points and Authorities:**

ATEN's proposal to combine two separate jury instructions will likely confuse the jury. The Federal Circuit Bar Association Model Instruction is sufficiently clear as it stands. Inserting a line from an unrelated jury instruction from a distinct source will make the instruction needlessly complicated. The parties agreed to using the Federal Circuit Bar Association Model Jury Instruction for patent specific issues.

## DISPUTED FINAL JURY INSTRUCTION NO. 32

## <u>UNCLEAN HANDS</u>

| Plaintiff's Proposed Instruction (Text) | Defendants' Proposed Instruction (Text) |
|---|---|
| [None] | The owner of a patent may be barred from enforcing the patent against an infringer where the owner of the patent acts or acted inequitably, unfairly, or deceitfully towards the infringer or the Court in a way that has immediate and necessary relation to the relief that the patent holder seeks in a lawsuit. This is referred to as "unclean hands," and it is a defense that Defendants contend precludes any recovery by ATEN in this lawsuit.<br><br>You must consider and weigh all the facts and circumstances to determine whether you believe that, on balance, ATEN acted in such an unfair way towards Defendants or the Court in the matters relating to the controversy between ATEN and Defendants that, in fairness, ATEN should be denied the relief it seeks in this lawsuit. Defendants must prove unclean hands by a preponderance of the evidence. |

|  | Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 5.5 (2016). _____ Given _____ Modified _____ Denied |
|---|---|

| Plaintiff's Proposed Instruction (Redlined) | Defendants' Proposed Instruction (Redlined) |
|---|---|
| [None] | The owner of a patent may be barred from enforcing the patent against an infringer where the owner of the patent acts or acted inequitably, unfairly, or deceitfully towards the infringer or the Court in a way that has immediate and necessary relation to the relief that the patent holder seeks in a lawsuit. This is referred to as "unclean hands," and it is a defense that Defendants contend precludes any recovery by ATEN in this lawsuit.

You must consider and weigh all the facts and circumstances to determine whether you believe that, on balance, ATEN acted in such an unfair way towards Defendants or the Court in the matters relating to the controversy between ATEN and |

| | Defendants that, in fairness, ATEN should be denied the relief it seeks in this lawsuit. Defendants must prove unclean hands by a preponderance of the evidence.<br><br>Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 5.5 (2016).<br>_____ Given<br>_____ Modified<br>_____ Denied |
|---|---|

## Plaintiff's Points and Authorities

Plaintiff's proposal is that no instruction on unclean hands be allowed. Defendants did not raise the issue of unclean hands in either of their Pre-trial Memorandum of Contentions of Fact and Law. [Dkt Nos. 299 and 367]. Accordingly, Defendants should not be permitted to raise this new defense at trial.

## Defendants' Points and Authorities

Defendants' proposal is to instruct the jury on equitable estoppel. Defendants asserted this affirmative defense in their Answer [Dkt No. 136] and have not waived this affirmative defense. Including this instruction does not prejudice Plaintiffs and will prevent prejudice to Defendants. ATEN's argument that Defendants' failed to include this in the Pre-Trial Memorandum of Contentions of Fact and Law is without effect by its similar failure to include its position regarding the "Prima"/"LKV" products as accused products.

## DISPUTED FINAL JURY INSTRUCTION NO. 33.

## <u>EQUITABLE ESTOPPEL</u>

| Plaintiff's Proposed Instruction (Text) | Defendants' Proposed Instruction (Text) |
|---|---|
| [None] | The owner of a patent may forfeit its right to any relief from an infringer where: (1) the patent holder communicates something in a misleading way to the infringing party about the lack of infringement or about not being sued, (2) the infringer relies upon the misleading communication from the patent holder, and (3) the infringer will be materially harmed if the patent holder is allowed to assert a claim relating to the issue that is inconsistent with the patent holder's prior misleading communication. This is referred to as an "equitable estoppel" and it is a defense that Defendants contend precludes any recovery by ATEN in this lawsuit. Defendants must prove each of these elements by a preponderance of the evidence, but even if all these elements are proven, equitable estoppel need not be found if such a finding would be unfair in light of the conduct of the parties. |

Defendants contend that ATEN made a misleading communication about Defendants' alleged infringement before ATEN filed this lawsuit. A communication may be made through written or spoken words, conduct, silence, or a combination of words, conduct, and silence. Conduct may include action or inaction. Whether in fact ATEN communicated with Defendants about their alleged infringement prior to the filing of this lawsuit, and whether in fact that communication, if you find there to have been any, was misleading, are questions that must be answered by considering the facts and circumstances as they existed at the time.

Material harm to Defendants can be evidentiary or economic in form. Whether Defendants suffered evidentiary harm is a question that must be answered by evaluating whether Defendants will be unable to present a full and fair defense on the merits of ATEN's claim(s). Not being able to present a full and fair defense on

the merits of ATEN's claim(s) can occur due to the loss of important records, the death or impairment of an important witness(es), the unreliability of memories about important events because they occurred in the distant past, or other similar types of things. Whether Defendants suffered economic prejudice is a question that must be answered by evaluating whether Defendants changed its economic position as a result of its reliance on any misleading communication from ATEN about Defendants' alleged infringement, resulting in losses beyond merely paying for infringement (such as if Defendants could have switched to a noninfringing product if sued earlier) and whether losses as a result of any change in economic position could have been avoided.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 5.3 (2016).

_____ Given

_____ Modified

_____ Denied

| Plaintiff's Proposed Instruction (Redlined) | Defendants' Proposed Instruction (Redlined) |
|---|---|
| [None] | The owner of a patent may forfeit its right to any relief from an infringer where: (1) the patent holder communicates something in a misleading way to the infringing party about the lack of infringement or about not being sued, (2) the infringer relies upon the misleading communication from the patent holder, and (3) the infringer will be materially harmed if the patent holder is allowed to assert a claim relating to the issue that is inconsistent with the patent holder's prior misleading communication. This is referred to as an "equitable estoppel" and it is a defense that Defendants contend precludes any recovery by ATEN in this lawsuit. Defendants must prove each of these elements by a preponderance of the evidence, but even if all these elements are proven, equitable estoppel need not be found if such a finding would be unfair in light of the conduct of the parties.

Defendants contend that ATEN made a misleading communication about |

Defendants' alleged infringement before ATEN filed this lawsuit. A communication may be made through written or spoken words, conduct, silence, or a combination of words, conduct, and silence. Conduct may include action or inaction. Whether in fact ATEN communicated with Defendants about their alleged infringement prior to the filing of this lawsuit, and whether in fact that communication, if you find there to have been any, was misleading, are questions that must be answered by considering the facts and circumstances as they existed at the time.

Material harm to Defendants can be evidentiary or economic in form. Whether Defendants suffered evidentiary harm is a question that must be answered by evaluating whether Defendants will be unable to present a full and fair defense on the merits of ATEN's claim(s). Not being able to present a full and fair defense on the merits of ATEN's claim(s) can occur due to the loss of important records, the death or impairment of an important

witness(es), the unreliability of memories about important events because they occurred in the distant past, or other similar types of things. Whether Defendants suffered economic prejudice is a question that must be answered by evaluating whether Defendants changed its economic position as a result of its reliance on any misleading communication from ATEN about Defendants' alleged infringement, resulting in losses beyond merely paying for infringement (such as if Defendants could have switched to a noninfringing product if sued earlier) and whether losses as a result of any change in economic position could have been avoided.

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 5.3 (2016).

\_\_\_\_\_ Given

\_\_\_\_\_ Modified

\_\_\_\_\_ Denied

## Plaintiff's Points and Authorities

Plaintiff's proposal is that no instruction on equitable estoppel be allowed. Defendants did not raise the issue of equitable estoppel in either of their Pre-trial Memorandum of

Contentions of Fact and Law. [Dkt Nos. 299 and 367]. Accordingly, Defendants should not be permitted to raise this new defense at trial.

### **Defendants' Points and Authorities**

Defendants' proposal is to instruct the jury on equitable estoppel. Defendants asserted this affirmative defense in their Answer [Dkt No. 136] and have not waived this affirmative defense. Including this instruction does not prejudice Plaintiffs and will prevent prejudice to Defendants. ATEN's argument that Defendants' failed to include this in the Pre-Trial Memorandum of Contentions of Fact and Law is without effect by its similar failure to include its position regarding the "Prima"/"LKV" products as accused products.

# DISPUTED FINAL JURY INSTRUCTION NO. 37

## DATE OF COMMENCEMENT OF DAMAGES - PRODUCTS

| Plaintiff's Proposed Instruction (Text) | Defendants' Proposed Instruction (Text) |
|---|---|
| In determining the amount of damages, you must determine when the damages began. Damages commence on the date that Defendants has both infringed and been notified of the alleged infringement of the asserted patents.<br><br>The parties agree that the dates are:<br>• '287 patent: May 21, 2009<br>• '217 patent: May 21, 2009<br>• '289 patent: December 29, 2009<br>• '141 patent: November 19, 2013 | In determining the amount of damages, you must determine when the damages period began. Damages commence on the date that Defendants have both infringed and been notified of the alleged infringement of the Asserted Patents.<br><br>In this case, there is another consideration. Patent damages cannot commence during the term of an existing license agreement. Uniclass and ATEN were in a license agreement until ATEN terminated the license agreement on May 21, 2014. Therefore, damages cannot begin before May 21, 2014.<br><br>The filing of the complaint in this case qualified as actual notice too.  The filing of the complaint was August 6, 2014, a few months after ATEN terminated the license agreement. |

ATEN claims to have provided actual notice of infringement prior to filing of the complaint, which dates its must prove. If ATEN is able to prove that the Defendants had actual notice of infringement prior to the filing of the Complaint, the damages period will start to run at the soonest from the termination date of May 21, 2014.

If you find that Defendants infringed the Asserted Patents, damages should be calculated as of the following issue dates:

- '289 Patent – [either May 21, 2014 or August 6, 2014]
- '287 Patent – [either May 21, 2014 or August 6, 2014]
- '217 Patent – [either May 21, 2014 or August 6, 2014]
- '141 Patent – [either May 21, 2014 or August 6, 2014]

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 6.8 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

| Plaintiff's Proposed Instruction (Redlined) | Defendants' Proposed Instruction (Redlined) |
|---|---|
| In determining the amount of damages, you must determine when the damages began. Damages commence on the date that Defendants has both infringed and been notified of the alleged infringement of the asserted patents.<br><br>The parties agree that the dates are:<br>• '287 patent: May 21, 2009<br>• '217 patent: May 21, 2009<br>• '289 patent: December 29, 2009<br>• '141 patent: November 19, 2013<br><br>Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 6.8 (2016) (modified).<br>_____ Given<br>_____ Modified<br>_____ Denied | In determining the amount of damages, you must determine when the damages period began. Damages commence on the date that Defendants have both infringed and been notified of the alleged infringement of the Asserted Patents.<br><br>In this case, there is another consideration. Patent damages cannot commence during the term of an existing license agreement. Uniclass and ATEN were in a license agreement until ATEN terminated the license agreement on May 21, 2014. Therefore, damages cannot begin before May 21, 2014.<br><br>The filing of the complaint in this case qualified as actual notice too. The filing of the complaint was August 6, 2014, a few months after ATEN terminated the license agreement.<br><br>ATEN claims to have provided actual notice of infringement prior to filing of the complaint, which dates its must prove. |

If ATEN is able to prove that the Defendants had actual notice of infringement prior to the filing of the Complaint, the damages period will start to run at the soonest from the termination date of May 21, 2014.

If you find that Defendants infringed the Asserted Patents, damages should be calculated as of the following issue dates:

- '289 Patent – [either May 21, 2014 or August 6, 2014]
- '287 Patent – [either May 21, 2014 or August 6, 2014]
- '217 Patent – [either May 21, 2014 or August 6, 2014]
- '141 Patent – [either May 21, 2014 or August 6, 2014]

Authorities: Fed. Cir. Bar Assoc., Model Instructions No. 6.8 (2016) (modified).

_____ Given

_____ Modified

_____ Denied

**Plaintiff's Points and Authorities**

Plaintiff has proposed an alternative instruction with damages start dates for the four patents as follows: (1) May 21, 2009 for the '287 patent and the '217 patent (both

patents issued earlier than May 2009); (2) December 29, 2009 for the '289 patent (date of patent issuance); and (3) November 19, 2013 for the '141 patent (date of patent issuance). Nonetheless, Plaintiff does not believe that a damages start date instruction is needed because both parties' experts already have taken these different damages dates into account. Moreover, as discussed in its Opposition to Defendants' motion for supplemental briefing [Dkt. 409], Plaintiff argued that Defendants' motion to limit the damages period to after May 2014 is improper due to the fact that (a) Defendants have raised this issue too late; (b) Defendants' damages expert, Mr. Cragun, utilized May 21, 2009 as the damages start date; (c) a May 2014 damages start date would conflict with the alleged infringement starting in May 2009, (d) it would require a confusing explanation to the jury, which would prejudice ATEN; and (e) violate the Court's June 13, 2017 order precluding references to breach of contract of the May 21, 2009 license agreement.  In fact, Defendants' proposed instruction asserts that ATEN "terminated the License Agreement on May 21, 2014." ATEN would be prejudiced by this instruction because,  without hearing any evidence on Uniclass' breach of contract, the jury may believe that ATEN unilaterally terminated the License Agreement.

## Defendants' Points and Authorities

Defendants proposed jury instruction limits infringement damages to the period after the license for the patents at issue was terminated. Recovery for royalties arising under breach of contract are not part of this case. The jury must be instructed that ATEN's recovery for patent infringement (if any) must begin after the termination of the contract to prevent confusion between breach of contract and patent damages or the possibility of ATEN getting a double recovery. As discussed in Defendants' Motion to File Supplemental Briefing [Dkt. 405], any claim or evidence purporting to entitle Plaintiff to damages between May 2009 and May 2014 requires a breach of contract analysis and is barred by (1) the Court's Order granting in part the Motion *in limine*

[Dkt. 39]), (2) the venue provision in the License Agreement, (3) the general rule against double recovery. "Generally, the double recovery of damages is impermissible." *Aero Prod. Int'l, Inc. v. Intex Recreation Corp.,* 466 F.3d 1000, 1017 (Fed. Cir. 2006).


Dated:  September 12, 2017                         Respectfully submitted,

                                                   /s/ P. Andrew Riley
                                                   Lei Mei (SBN 240104)
                                                   mei@meimark.com
                                                   P. Andrew Riley (Pro Hac Vice)
                                                   ariley@meimark.com
                                                   Larry Sandell (SBN 262186)
                                                   lsandell@meimark.com
                                                   Irene Chen (Pro Hac Vice)
                                                   ichen@meimark.com
                                                   MEI & MARK LLP
                                                   P.O. Box 65981
                                                   Washington, DC 20035-5981
                                                   Telephone: 888-860-5678
                                                   Facsimile: 888-706-117

                                                   Manni Li (SBN 273984)
                                                   mli@meimark.com
                                                   Mei & Mark LLP
                                                   433 North Camden Drive, Suite 400
                                                   Beverly Hills, CA 90210
                                                   Telephone: 888-860-5678 ext. 713
                                                   Facsimile: 310-564-2769

                                                   Attorneys for Plaintiff
                                                   ATEN INTERNATIONAL CO., LTD.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **JOINT DISPUTED (PROPOSED) JURY INSTRUCTIONS AND OBJECTIONS** was filed electronically, and pursuant to Civil L.R. 5-3.2, was served on all interested parties in this action (i.e., served to registered ECF recipients via ECF electronic service) on September 12, 2017.

/s/ Lei Mei
Lei Mei