Lei Mei (SBN 240104)
mei@meimark.com
P. Andrew Riley (*Pro Hac Vice*)
ariley@meimark.com
Laurence M. Sandell (SBN 262186)
lsandell@meimark.com
Irene Chen (*Pro Hac Vic*e)
ichen@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Telephone: 888-860-5678
Facsimile: 888-706-117

[Additional counsel listed on signature page]

Attorneys for Plaintiff
ATEN INTERNATIONAL CO., LTD.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ATEN INTERNATIONAL CO., LTD.,** | CASE NO. 2:15-CV-04424-AJG-AJW |
| Plaintiff, | **PLAINTIFF'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW** |
| vs. | TRIAL START DATE: SEPT. 19, 2017 |
| **UNICLASS TECHNOLOGY CO. LTD., et al.,** | COURTROOM: 10D |
| | HON. ANDREW J. GUILFORD |
| Defendants. | |

PLAINTIFF'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW
Case No. 2:15-cv-04424-AJG-AJW

Pursuant to Federal Rule of Civil Procedure 50(a), Plaintiff ATEN International Co. Ltd. ("ATEN") respectfully moves for judgement as a matter of law as follows:

(a) for judgment in favor of ATEN and against Defendants on all issues including direct infringement, contributory infringement, induced infringement, and willful infringement by Defendants;

(b) for judgment in favor of ATEN and against Defendants on all issues of invalidity; and

(c) awarding ATEN damages of $678,337 against Defendants including $634,549 against Uniclass, $36,970 against Linkskey, and $6,818 against Airlink.

The motion is supported by evidence presented in the trial as follows, and such argument as the Court permits and/or memorandum filed by ATEN in support:

**<u>No Invalidity – Lack of Written Description</u>**

Defendants contended that the asserted claims of the '289 and '141 patents are invalid because their specifications do not contain an adequate written description of the invention. Defendants, however, did not present any evidence on this issue at trial. *See generally* Tr. (09/27/2017). Therefore, Defendants have not proven by clear and convincing evidence that the asserted claims of the '289 and '141 patents are invalid for lack of written description.

**<u>No Invalidity – Other Grounds</u>**

First, regarding claim 1-20 of U.S. Patent No. 7,640,289 ("'289 patent"), evidence presented in the trial compels a finding that Defendants have not proven invalidity by clear and convincing evidence. *See, e.g.,* Tr. (09/27/2017) at 136:19-151:12.

Defendants' technical expert, Robert Dezmelyk, failed to conduct the required element-by-element analysis to show anticipation of the '289 patent. Tr. (09/27/2017) at 136:19-151:12.  "Typically, testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is

disclosed in the prior art reference. The testimony is insufficient if it is merely conclusory." *Schumer v. Lab. Comp. Sys., Inc.*, 308 F.3d 1304, 1315-16 (Fed. Cir. 2002). Therefore, Defendants have not proven invalidity of the '289 patent by clear and convincing evidence.

Second, regarding claims 1, 3, and 4 of U.S. Patent No. 7,472,217 ("'217 patent"), evidence presented in the trial compels a finding that Defendants have not proven invalidity by clear and convincing evidence. *See, e.g.,* Tr. (09/27/2017) at 163:25-173:14.

Specifically, Element 1.6 states "wherein control of the one or more than one peripheral device can be maintained by one of the plurality of computer systems even while the video monitor, the keyboard and the mouse are controlling another one of the plurality of computer systems." Mr. Dezmelyk merely made a conclusory statement that Element 1.6 is met without pointing to any particular evidence. Tr. (09/27/2017) at 171.14-172:3. His testimony is insufficient. *Schumer*, 308 F.3d at 1315-16. Therefore, Defendants have not proven invalidity of the '217 patent by clear and convincing evidence.

Third, regarding claims 3, 8, and 10 of U.S. Patent No. 8,589,141 ("'141 patent"), evidence presented in the trial compels a finding that Defendants have not proven invalidity by clear and convincing evidence. *See, e.g.,* Tr. (09/27/2017) at 173:15-190:3.

Specifically, Mr. Dezmelyk conceded during cross examination that he previously opined:

> Every embodiment shown in the '141 Patent uses this approach, which differs from other techniques known in the prior art, to use hot key commands to control KVM switches without passing the characters entered as a part of the KVM command on to the attached host computer.

Tr. (09/27/2017) at 208:17-209:7.

Moreover, Mr. Dezmelyk admitted that ATEN's CS-1762 user manual does not meet all of the claim limitations, Tr. (09/27/2017) at 211:21-212:1, and then failed to establish that ATEN's CS-1762 device is prior art. He could not identify an exact month in 2006 for when the alleged firmware used on ATEN's CS-1762 device was made publicly available. Tr. (09/27/2017) at 212:8-25. Because the '141 patent has an effective filing date of July 24, 2007, ATEN's own product sold after July 24, 2006 is not prior art. Pre-AIA 35 U.S.C. § 102(b).

Therefore, Defendants have not proven invalidity of the '141 patent by clear and convincing evidence.

Fourth, regarding claim 5 of U.S. Patent No. 6,957,287 ("'287 patent"), evidence presented in the trial compels a finding that Defendants have not proven invalidity by clear and convincing evidence. *See, e.g.,* Tr. (09/27/2017) at 151:13-163:18.

Specifically, Mr. Dezmelyk relied on a single reference, GB '540 patent, for invalidity. For Element 5.3 (enumerating ports of a root hub), however, his quoted portion talks about an emulator, not "enumerating ports of a root hub":

> protocol. A USB host emulator 176 within the peripheral interface circuit 160 performs the reverse task of the keyboard emulator circuit 172 and converts USB protocol independent keyboard data into USB signals that flow over a Universal Serial Bus link 178 to and from the controlling keyboard 120. The host emulator function is mostly implemented using a Cypress CY7C67113 USB mini-host microcontroller. Like the CY7C66113, this part is an 8-bit

Tr. (09/27/2017) at 159:16-160:18.

Therefore, Defendants have not proven invalidity of the '287 patent by clear and convincing evidence.

**<u>Direct Infringement</u>**

A reasonable jury would not have a legally sufficient evidentiary basis to find for Defendants on the issue of direct infringement.

First, evidence presented in the trial compels a finding of direct infringement for claims 1, 3, and 4 of U.S. Patent No. 7,472,217 ("'217 patent"). *See, e.g.,* Exs. 233, 181, 251, 243, 242, 134; Tr. (09/21/2017 vol. 1) at 7:19-53:2. Mr. Dezmelyk testified that the accused products have no imitation of signals to peripheral devices and no host control module(s). Tr. (09/27/2017) at 86:12, 87:12-13. But he conceded that the accused products repeat signals to peripheral devices (which is a form of imitation of signals). Tr. (09/27/2017) at 86:7. Under cross examination, he also conceded that the accused products have a host controller (which necessarily has a host control module). Tr. (09/27/2017) at 195:24-196:1. Therefore, the accused products directly infringe claims 1, 3, and 4 of the '217 patent.

Second, evidence presented in the trial compels a finding of direct infringement for claim 1-20 of U.S. Patent No. 7,640,289 ("'289 patent"). *See, e.g.,* Exs. 337, 338, 286, 237, 37, 238, 341; Tr. (09/21/2017 vol. 1) at 53:3-102:5; Tr. (09/21/2017 vol. 2) at 1:15-27:19. Mr. Dezmelyk testified that the accused products do not detect whether the first port is "occupied" because it is his opinion that the '289 patent only detects connecting a cable based on a portion of Fig. 3. Tr. (09/27/2017) at 96:3-4, 97:1-18. The full diagram of Fig. 3, however, shows a step 670 called "[w]aiting for command from Master." Ex. 1 at Fig. 3. Therefore, the '289 patent does teach detecting whether the port is "occupied" through communication. Defendants made no argument of non-infringement under the correct interpretation of the term "occupied." Tr. (09/27/2017) at 94:21-108:17. Accordingly, the accused products directly infringe claims 1-20 of the '289 patent.

Third, evidence presented in the trial compels a finding of direct infringement for claim 5 of U.S. Patent No. 6,957,287 ("'287 patent"). *See, e.g.,* Exs. 233, 257, 227, 177, 242, 241, 264, 176, 344, 134, 243; Tr. (09/21/2017 vol. 2) at 27:20-80:20.  Mr.

Dezmely testified that the accused products do not have a root hub. Tr. (09/27/2017) at 46:18-23. Under cross examination, however, he conceded that the Cypress chip used in the accused products has a root hub. Tr. (09/27/2017) at 195:18-19. Therefore, the accused products directly infringe claim 5 of the '287 patent.

Fourth, evidence presented in the trial compels a finding of direct infringement for claims 3, 8, and 10 of U.S. Patent No. 8,589,141 ("'141 patent"). *See, e.g.,* Exs. 337, 156, 150, 245, 146, 196, 317, 140, 141, 269, 248, 187, 143, 236, 134, 164, 160, 286, 338; Tr. (09/21/2017 vol. 2) at 80:21-101:14; Tr. (09/22/2017 vol. 1) at 2:24-34:3. For example, Mr. Dezmelyk testified that the accused products "always emulate, never connect." Tr. (09/27/2017) at 111:12-16. But he conceded under cross examination that the data from an input device (e.g., a mouse) goes to the host (personal computer), Tr. (09/27/2017) at 206:18-22, which shows connection. Therefore, the accused products directly infringe claims 3, 8, and 10 of the '141 patent.

**Contributory and Induced Infringement**

Evidence presented in the trial compels a finding of contributory and induced infringement because Defendants instruct end-users to use the accused products in a manner that infringes the asserted patents. *See, e.g.,* Exs. 233, 257, 227, 177, 242, 241, 264, 176, 344, 134, 243; Tr. (09/21/2017 vol. II) at 80:7-20; Exs. 337, 156, 150, 245, 146, 196, 317, 140, 141, 269, 248, 187, 143, 236, 134, 164, 160, 286, 338; Tr. (09/22/2017 vol. 1) at 34:15-35:8.

The Federal Circuit has "affirmed induced infringement verdicts based on circumstantial evidence of inducement (e.g., advertisements, user manuals) directed to a class of direct infringers (e.g., customers, end users) without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1335 (Fed. Cir. 2016); *see also Arthrocare Corp. v. Smith & Nephew, Inc.*, 406 F.3d 1365, 1377 (Fed. Cir. 2005) (affirming the jury's induced infringement verdict where defendant distributed "sales literature" and "manuals" that instructed how to use

product in infringing manner). Here, Defendants have distributed sales literature and user manuals that instructed users on how to use product in infringing manner.

### Willful Infringement

Evidence presented in the trial compels a finding of willful infringement because Defendant Uniclass knew or should have known its infringement of the asserted patents at least based on the May 2009 licensing agreement with ATEN. Defendants Linkskey and Airlink knew their infringement of the asserted patents at least when they were served with the complaint in this case in August 2014. *See, e.g.,* Ex. 5; Tr. (09/26/2017) at 98:19-120:4, 123:11-124:17.

In addition, Uniclass' founder and general manager, Alex Kuan, admitted during cross examination that he previously testified that "[f]rom May of 2009 until the present, Uniclass has sold products that practice those three patents" listed on the May 2009 licensing agreement including the asserted '287 patent. Tr. (09/26/2017) at 102:7-19. Therefore, Uniclass' infringement is willful.

### Damages

The present case is unlike a typical case that constructs a "hypothetical negotiation" between a "willing licensor" (the patent owner) and a "willing licensee" (the infringer) at the time the infringement began, to determine reasonable royalty damages. *Georgia-Pacific Corp. v. United States Plywood Corp.,* 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *mod. and aff'd,* 446 F.2d 295 (2d Cir. 1971), *cert. denied,* 404 U.S. 870 (1971). In this case the parties actually negotiated and entered a licensing agreement on May 20, 2009—the date both parties agree should be used for the hypothetical negotiation. In that agreement, Uniclass agreed to pay a 7.5% royalty rate. Exs. 5, 401-404.

Accordingly, evidence presented in the trial compels awarding ATEN damages of $678,337 against Defendants including $634,549 against Uniclass, $36,970 against Linkskey, and $6,818 against Airlink, based on a 7.5% royalty rate for Uniclass and a 6% royalty rate for Linkskey and Airlink. *See, e.g.,* Exs. 5, 401, 402, 403, 404, 462,

463, 464, 1522, 1523, 1526, 1962, 1951; Tr. (09/22/2017 vol. 2) at 81:4-132:2; Tr. (09/26/2017) at 5:3-21:1.

For these reasons, ATEN respectfully requests that it Rule 50(a) motion for judgment as a matter of law be granted.

Dated:  September 28, 2017

Respectfully submitted,

/s/ P. Andrew Riley
Lei Mei (SBN 240104)
mei@meimark.com
P. Andrew Riley (Pro Hac Vice)
ariley@meimark.com
Laurence M. Sandell (SBN 262186)
lsandell@meimark.com
Irene Chen (Pro Hac Vice)
ichen@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Telephone: 888-860-5678
Facsimile: 888-706-117

Attorneys for Plaintiff
ATEN INTERNATIONAL CO., LTD.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **PLAINTIFF'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW** was filed electronically, and pursuant to Civil L.R. 5-3.2, was served on all interested parties in this action (i.e., served to registered ECF recipients via ECF electronic service) on September 28, 2017.

/s/ Lei Mei
Lei Mei