**V.     P. R. 3-3(d): Grounds of Invalidity Based on Lack of Written Description, Non-Enablement, or Indefiniteness under 35 U.S.C. § 112, ¶¶ 1-2**

Claim 45 is invalid under 35 U.S.C. § 112 for several reasons including being indefinite and lacking written description as discussed below. Claim 45 depends from a claim that does not exist and was not properly issued. During reexamination of the '275 Patent, in a first office action dated April 13, 2010, the examiner rejected independent claim 3 under 35 U.S.C. 102(e) as being unpatentable by Osakada. Alternatively, the examiner rejected independent claim 3 under 35 U.S.C. 103(a) as being unpatentable by Osakada, further in view of Jung. Additionally, the examiner rejected independent claim 3 under 35 U.S.C. 102(a) as being unpatentable by Sonobe. To overcome the cited prior art, the Applicant amended independent claim 3 to include the limitation "wherein the multiplexor is an integrated circuit comprising an input pin as the selecting signal input terminal."

In the following Action Closing Prosecution, dated November 19, 2011, the examiner withdrew the rejection of independent claim 3 under 35 U.S.C. 102(e) as being unpatentable by Osakada due to the amendments to independent claim 3. Similarly, the examiner withdrew the rejection of independent claim 3 under 35 U.S.C. 102(e) as being unpatentable by Sonobe due to the amendments to independent claim 3. The examiner, however, maintained the rejection of independent claim 3 under 35 U.S.C. 103(a) as being unpatentable by Osakada, further in view of Jung, because Jung taught the amended feature.

In response to the Action Closing Prosecution, the Applicant attempted to improperly amend the claims. Specifically, the Applicant improperly amended independent claim 3 to include the additional limitation "wherein the control signal generator is configured to process the trigger signal without using signals from the USB interface of the at least two electronic devices." Additionally, the Applicant improperly added new claim 71 (now numbered as the

Exhibit A

asserted claim 45) to the application. Within the Right of Appeal Notice, dated April 12, 2011, the Examiner refused entry of the improper amendments, including improperly added claim 45 (then claim 71). Accordingly, because it was improperly added to the application and refused for entry, claim 45 was not examined by the examiner or the Board of Appeals.

At the close of the reexamination, however, the USPTO incorrectly published the wrong claim set, and inadvertently published improperly added claim 45. Additionally, the USPTO failed to publish both the proper first amendment and the improper second amendments made to independent claim 3, but instead simply cancelled independent claim 3 within the Reexamination Certificate. As such, in its present form, the '275 Patent contains claim 45, which was never examined or allowed. Further, the improperly amended claim 3, from which claim 45 depends, was never examined, allowed, or published. Accordingly, there is significant confusion regarding which limitations improper claim 45 should incorporate.

35 U.S.C. 112(d) states that "a claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers." As such, claim 45 is indefinite because it fails "to incorporate by reference all limitations [from] the claim to which it refers." Specifically, because the USPTO failed to publish improperly amended claim 3, improperly published claim 45 fails to incorporate all of the limitations of the claim to which it refers. In the alternative, and at the very least, it is fatally unclear which limitations should be incorporated into improperly published claim 45. In particular, it is unclear whether improperly published claim 45 should incorporate the limitations of original claim 3, the limitations of properly amended claim 3 (which the USPTO inadvertently failed to publish), or the amendments of improperly amended claim 3 (from which improperly published claim 45 directly depended). In

any case, the mistakes of the USPTO in inadvertently publishing the incorrect claims renders claim 45 indefinite.

Additionally, claim 45 comprises negative limitations indicated by the words "consists" and "only." Negative claim limitations are not per se improper, but the inventive rationale for excluding particular features from the scope of a claim must be fully and expressly supported by the patent specification. That is, there must be some inventive significance attached to excluding elements by way of negative limitation. Absent a description of this significance in the specification, a negatively-expressed claim lacks the support necessary for patentability under 35 U.S.C. §112, Paragraphs 1 and 2. *In re Schechter*, 205 F.2d 185, 187- 188 (CCPA 1953) (Attempt to claim invention by excluding what was not invented rather than by particularly and distinctly pointing out what was invented rendered claim indefinite and unpatentable); *In re Langdon*, 77 F.2d 920 (CCPA 1935); cf., *Ex parte Grasselli*, 231 U.S.P.Q. 393 (BPAI 1986) (Negative limitations not appearing in a specification as filed violated written description requirement of 35 U.S.C. §112, and also constituted impermissible new matter prohibited under 35 U.S.C. §132.).

Nothing in the '275 specification remotely suggests that any invention resides in limiting the inputs of the claimed control signal generator to "consist[] of the connection to the output of the trigger signal generator for receiving only the trigger signal outputted from the trigger signal generator enabled by the user." (Emphasis added.) To the contrary, in every embodiment of the '275 patent, all components including the control signal generator receive power signals from the USB interfaces. ('275 patent at 9:32-37, PAT- A.) The USB Specification describes this power supply feature. (USB Specification, Section 7.2, p. 131, PA-J.) Claim 45 is thus rendered indefinite and/or inoperative. Even then, the '275 specification is devoid of any hint that such a

**Exhibit A**

restriction is part of the inventive subject matter of the '275 patent. Lacking support in the '275 specification, the proposed amendments fail §112, Paragraphs 1 and 2.