**Certificate of Translation**

_____ I, Julienne H. Ohara-Hsu, am a California State Certified Mandarin Interpreter# 301635. I am competent to translate and proofread from Mandarin Chinese into English and hereby certify that the translation of the above documents, *Translate-2015-1007-dh* (a portion of the first two pages of Civil Reply (2) and, *Translate-2016-0122-dh* (a portion of the first two pages of Civil Reply (4), are true and accurate to the best of my abilities.

Julienne H. Ohara-Hsu (September 13, 2016)
626-589-1674
San Bernardino

I.  Appellant alleged: regarding the U.S. lawsuit between the two sides, further inquiry to the stated facts of U.S. District Court, Central District of California having dismissed the asserted claims in Appelle's '275 patent, please be advised:

> Appellee filed patent infringement suit against Appellant and related parties in U.S. District Court, Eastern District of Texas. Subsequently, the jurisdiction was transferred to U.S. District Court, Central District of California in June, 2015. According to Judge Guilford's decree, there is a number limitation to the total amount of terms to be included in the claim construction proceeding, whereas Appellee's asserted claims exceed the total limitation, necessitating both sides to negotiate for a result to comply with Judge Guilford's requirement; after negotiation between both sides, the Appellee withdrew the '275 patent claims, and jointly drafted and stipulated a request for the judge to sign (Appellee Proof 1). Accordingly, it can be seen that the above-decision was reached only because appellee's proposed terms in the asserted claims for claim construction exceeded the requirement set by the Judge, who asked both sides to negotiate and withdraw certain claims; after subsequent negotiation, both sides jointly submitted a request to the court, whereby the appellee withdrew the asserted claim in the '275 patent, and made no more assertion based upon the claims in the '275 patent; whereas "dismiss" (its noun "dismissal") can have meanings of "dismissal of suit", "withdrawal of suit" (Appellee Proof 2), and the above-context would apparently mean "withdrawal of suit". However, the appellant covered up the result of bipartisan negotiation, and the facts of joint submission to the court re appellee withdrawing suit of the '275 patent and the stipulation presented for the Judge to sign, but instead presented Appellant Proof 9 decision, along with the statement that Central District of California, U.S. District Court has dismissed all assertions of '275 patent made by appellee, this is obviously done to mislead the court and should not be adopted by the court.

I.  Appellant alleged: in the '275 patent-in-suit subject matter, in the U.S. lawsuit between the two sides, where the U.S. District Court, Central District of California having dismissed all the asserted claims of the '275 patent, and that the Appelle shall not be allowed to bring any suit against Appellant on account of said '275 patent, please be advised:

(1) Appellee filed patent infringement suit against Appellant and related parties in U.S. District Court, Eastern District of Texas. Subsequently, the jurisdiction was transferred to U.S. District Court, Central District of California in June, 2015. According to Judge Guilford's decree, there is a number limitation to the total amount of terms to be included in the claim construction proceeding, whereas Appellee's asserted claims exceed the total limitation, necessitating both sides to negotiate for a result to comply with Judge Guilford's requirement; after negotiation between both sides, the Appellee withdrew the '275 patent claims, and jointly drafted and stipulated a request for the judge to sign (Appellee Proof 1). Accordingly, it can be seen that the above-decision was reached only because appellee's proposed terms in the asserted claims for claim construction exceeded the requirement set by the Judge, who asked both sides to negotiate and withdraw certain claims; after subsequent negotiation, both sides jointly submitted a request to the court, whereby the appellee withdrew the asserted claim in the '275 patent, and made no more assertion based upon the claims in the '275 patent; whereas "dismiss" (its noun "dismissal"), according to the interpreted meanings stated in Yuan Zhao Anglo-American Law Dictionary, can be understood to mean "termination of suit", "withdrawal of suit", or "dismissal of suit", under different contexts, and should be construed as "termination or withdrawal of claim regarding disputes at issue where no further examination is done before trial in open court" (Appelle Proof 2), so as to make the "withdrawal of suit" the correct meaning for the above-described factual scenario. However, the appellant covered up the result of bipartisan negotiation, and the facts of joint submission to the court re appellee withdrawing suit of the '275 patent and the stipulation presented for the Judge to sign, but instead presented Appellant Proof 9 decision, along with the statement that Central District of California, U.S. District Court has dismissed all assertions of '275 patent made by appellee, this is obviously done to mislead the court and should not be adopted by the court.

# 民事答辯狀（二）

案　　　號：104年度民專上訴第20號

股　　　別：平股

附帶上訴人

即被上訴人　　宏正自動科技股份有限公司

　　　　　　　　　　　　　設新北市汐止區大同路2段125號3樓

法定代理人　陳尚仲　　　住同上

訴訟代理人　吳上晃律師　住桃園市桃園區永安路433號2樓
　　　　　　　　　　　　電話(03)301-3636

附帶被上訴人

即上訴人　　佑霖科技股份有限公司

　　　　　　　　　　　　　設新北市新店區民權路98號4樓

法定代理人　關秉炎　　　住同上

訴訟代理人　陳群顯律師　住台北市南京東路3段261號6樓

　　　　　　許凱婷律師　住同上

為上開當事人間使用專利權權利金等事件，依法提出答辯狀（二）事：

　　事實理由：

一、上訴人辯稱：兩造間之美國訴訟，美國加州中區地方法院已駁回被上訴人275號專利之所有主張云云，惟查：

被上訴人對上訴人及相關廠商在美國東德州法院提出專利侵權訴訟，其後於2015年6月間移轉管轄至美國加州中區法院，根據該院Judge Guilford的諭知，雙方要進行專利範圍解釋（claim construction）的專利項總數有限制，被上訴人所提出之專利項總數超出該限制，因此需協商出一個結果，以達成Judge Guilford的要求，經雙方當事人協商結果，被上訴人撤回系爭275號專利之

（瑞智法律事務所 104.10.-7 收文）　繕本

1

請求，共同具狀並草擬裁定內容供法官簽署（被上證1），據此可見，上開裁定只因被上訴人要進行專利範圍解釋之專利請求項超出法官的規定，法官要求雙方協商撤回部分請求項，經協商後雙方共同具狀向法院陳報，被上訴人撤回系爭275號專利之請求，並不得再就275號專利請求，而dismiss（名詞dismissal）有「駁回起訴」、「撤回訴訟」等不同意義（被上證2），於上開情形顯然是「撤回訴訟」之意義，但上訴人隱瞞雙方協商之結果，及共同具狀向法院陳報被上訴人撤回275號專利訴訟，並草擬裁定內容供法官簽署之經過，僅提出上證9之裁定，並陳稱美國加州中區地方法院已駁回被上訴人275號專利之所有主張云云，顯然有誤導法院之情，應無可採。

二、上訴人援引美國法院實務見解「除非專利權人能舉證說明其在先前個案中並無公平機會，實質爭執專利有效性問題，否則禁止專利權人宣稱其在先前個案中**遭聯邦法院確認無效之專利（has been declared invalid in prior suit in federal court）**仍為有效」，據以辯稱：依據美國法院之司法實務見解，在專利權人有對有效性進行實質答辯情況下，於先前個案中對於專利無效之認，實質上具有對世效力云云（參見上訴人上訴補充理由（一）狀第4頁第11行以下），惟查：依上訴人援引之美國司法實務見解，「….**遭聯邦法院確認無效之專利（has been declared invalid in prior suit in federal court）**…」之文義觀之，顯係指經聯邦法院判決確認無效之專利者而言，若非經聯邦法院判決確認無效者，當無此拘束力。而上訴人所稱「不論是ITC所為112號專利有無效之事由之認定，及「美國加州地方法院所為287號專利之申請專利範圍解釋」，或係ITC之見解，或係美國加州地方法院就「申

2

請專利範圍解釋」之見解,均非聯邦法院判決確認無效,不符合「經聯邦法院判決確認無效」之要件,自無對世之拘束力。

三、上訴人主張依系爭合約第1.2條約定及民法「權利瑕疵擔保」及「不完全給付」之相關規定,主張解除系爭合約,係屬有據云云,被上訴人已於104年7月22日民事答辯狀暨附帶上訴狀(第2頁倒數第2行以下詳為答辯不再重複外,茲再補充如下:

(一)所謂準用,只能就性質相容者準用之,系爭合約固得準用民法買賣性質相容之規定,但系爭合約係專利授權契約,僅授權上訴人及其子公司、分公司和關聯公司,得於美國地區製造、使用、進口、要約、銷售、出租或以其他方式處分("經銷")系爭產品,且上訴人並無專屬授權之權利,有如前述,核與以移轉所有權取得對價之買賣契約並不相同,就其性質不相容部份自無準用之餘地,上訴人主張依民法「權利瑕疵擔保」及「不完全給付」之相關規定,惟其性質並不相容,應無準用之餘地,上訴人主張解除系爭合約,已有不合。

(二)況且,依民法第359條規定:「買賣因物有瑕疵,而出賣人依前五條之規定,應負擔保之責者,買受人得解除其契約或請求減少其價金。但依情形,解除契約顯失公平者,買受人僅得請求減少價金。」,系爭三項美國專利僅275號專利有部分無效情形,並非全部無效,而系爭287專利、系爭112專利均屬有效,上訴人僅以275號專利部分請求項無效,要求解除契約顯失公平,於法不合。

(三)再者,系爭合約係繼續性契約,自98年5月20日生效後開始履行,核其性質不得解除契約:

1. 按繼續性之契約已開始履行者,為免徒增法律關係之複雜,如無因嗣後之債務不履行情事,使契約關係溯及消滅之必要,原則上

3

**應以終止之方法消滅其契約關係**,此有最高法院102年度台上字第1447號、同院91年度台上字第577號判決意旨可資參考。(被上證3)

2. 系爭275專利固經美國專利商標局於102年3月10日複查後刪除請求項第1-4、6、8-12、32、52-56項,但請求項第5項及第7項仍屬有效,並無全部被宣告無效情事,亦無「全部」被實質限制範圍情形。系爭287專利、系爭112專利,均無被宣告無效情事,更無「全部」被實質限制範圍情形,系爭三項美國專利並無全部被宣告無效情事,亦無全部被實質限制範圍情形,有如前述,從而系爭275專利雖於102年3月10日刪除部分請求項,但並無溯及效力,而系爭合約於98年5月20日生效後,被上訴人即已授權上訴人使用,迄102年3月10日止,上訴人已使用了3年9個月20,依前揭最高法院判決意旨自無從再解除契約,充其量僅能終止契約,而上訴人於103年3月21日始以民事答辯狀主張「解除」系爭合約,姑不論其主張解除契約是否可採,至少其主張前之權利金(即98年5月12日至103年3月20日)仍應依法給付。

四、上訴人聲請技術審查官到庭執行職務云云,惟查:系爭三項美國專利,並非我國專利,是否被宣告無效,或有無效事由,或有無被實質限制範圍,均應由美國專利商標局或美國法院認定,我國智慧財產局或法院均無從認定。上訴人聲請技術審查官到庭執行職務無異我國法院來審查他國即系爭三項美國專利之有效性,不無侵犯他國主權,反之,如果美國法院或他國法院對我國的專利權逕行審查並宣告無效,我國是否會承認其宣告無效?對我國有無拘束力?如此簡單的道理自不難理解,是以上訴人聲請技術審查官到庭執行職務實有未合,被上訴人不同意。

4

謹　狀

智慧財產法院　公鑒

　　　　　　　附帶上訴人
　　　　　　　即被上訴人　　宏正自動科技股份有限公司
　　　　　　　法定代理人　　陳尚仲
　　　　　　　訴訟代理人　　吳上晃律師



中　華　民　國　1　0　4　年　1　0　月　6　日

證據：

被上證1：雙方協議結果共同具狀向法院陳報之陳報狀，及所附草擬裁定內容英文及中譯文各2件。

被上證2：元照英美法詞典第421頁關於dismissal之解釋1件。

被上證3：最高法院102年度台上字第1447號、91年度台上字第577號判決意旨各1件。

1  Steven R. Daniels
2  (Cal. Bar No. 235398)
   sdaniels@farneydaniels.com
3  FARNEY DANIELS PC
4  800 S. Austin Avenue, Suite 200
   Georgetown, Texas 78626
5  Telephone: (512) 582-2828
6  Facsimile: (512) 582-2829
7  *Attorney for Plaintiff*

8
   Jen-Feng Lee                              Joseph G. Pia (*Pro Hac Vice*)
9  (Cal. Bar No. 204328)                     Joe.pia@padrm.com
10 LT Pacific Law Group LLP                  Robert Aycock (*Pro Hac Vice*)
   17800 Castleton Street, Suite 560         raycock@padrm.com
11 City of Industry, CA 91748                PIA ANDERSON DORIUS
12 Telephone: (626) 810-7200                 REYNARD & MOSS
   Facsimile: (626) 810-7300                 222 South Main Street, Suite 1830
13                                           Salt Lake City, Utah 84101
14                                           Telephone: (801) 350-9000
15                                           Facsimile: (801) 350-9010
                                             *Attorneys for Defendants*
16

17
               UNITED STATES DISTRICT COURT
18             CENTRAL DISTRICT OF CALIFORNIA
19                     WESTERN DIVISION

20
   ATEN INTERNATIONAL CO., LTD.,
21                                           Case No.: 2:15-cv-04424-AJG-AJW
              Plaintiff,
22
23 v.                                        STIPULATED NOTICE OF
                                             DISMISSAL OF U.S. PATENT NO.
24 UNICLASS TECHNOLOGY CO., LTD., et.        6,564,275 FROM CASE
25 al.
26            Defendants                     Judge: Hon. Andrew J. Guilford
27
28

|-1|

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff ATEN International Co., Ltd. ("Plaintiff") and Defendants Uniclass Technology Co., Ltd.; Electronic Technology Com., Ltd., Airlink 101, Phoebe Micro Inc., Broadtech International Co., Ltd. d/b/a Linksey, Black Box Corporation, and Black Box Corporation of Pennsylvania ("Defendants") stipulate that any and all claims and causes of action that were or could have been asserted in this action related to 6,564,275 ("'275 patent") should be dismissed with prejudice, such a dismissal amounts to a "covenant not to sue" as to the '275 patent in favor of Defendants, and not to other non-parties, and as stated below:

1. This Court has personal jurisdiction over the parties for the purpose of this stipulation. This Court also has jurisdiction over the subject matter of this action.

2. Each claim made and that could have been made by Plaintiff against Defendants in this action with respect to the '275 patent is dismissed with prejudice.

1-2

1 | DATED: September 10, 2015

By: /s/ Steven R. Daniels

Steven R. Daniels
FARNEY DANIELS PC
*Attorney for Plaintiff*

By: /s/ Jen-Feng Lee

Jen-Feng Lee
LT Pacific Law Group LLP
Joseph G. Pia
Robert E. Aycock
PIA ANDERSON DORIUS
REYNARD & MOSS
*Attorneys for Defendants*

1-3

案號:2:15-cv-04424-AG-AJW 文件 155 提出:09/11/15 頁:1/3 文件號:#3826

Steven R. Daniels
( Cal. Bar No.:235398 )
sdaniels@franeydaniels.com
FARNET DANIELS PC
800 S. Austin Avenue, Suite 200
Georgetown, Texas 78626
Telephone : (512)582-2828
Facsimile : (512) 582-2829
原告律師

Jen-Feng Lee
(Cal. Bar No. 204382)
LT Pacific Law Group LLP
17800 Castleton Street, Suite 560
City of Industry, CA 91748
Telephone : (626)810-7200
Facsimile : (626) 810-7300

Joseph G. Pia ( Pro Hac Vice )
Joe.pia@padrm.com
Robert Aycock ( Pro Hac Vice )
raycock@padrm.com
PIA ANDERSON DORIUS REYNARD & MOSS
222 South Main Street, Suite 1830
Salt Lake City, Utah 84101
Telephone : (801) 350-9000
Facsimile : (801) 350-9010
被告律師

美國加利福尼亞
中區聯邦地方法院

| 宏正自動科技股份有限公司 原告 | 案件號碼：2:15-cv-04424-AJG-AJW |
|---|---|
| v. | |
| 佑霖科技股份有限公司 等 被告 | 美國專利號 6,564,275 的撤訴通知 |
| | 法官：Hon. Andrew J. Guilford |

1-4

案號:2:15-cv-04424-AG-AJW 文件 155 提出:09/11/15 頁:2/3 文件號:#3826

根據「聯邦民事訴訟規則」(Federal Rule of Civil Procedure) 41(a)(1)(A)(ii)的規定，原告宏正自動科技股份有限公司（"原告"）及被告佑霖科技股份有限公司、東莞佑霖電子科技有限公司、Airlink 101、Phobe Micro Inc.、Broadtech International Co., Ltd（d/b/a Linkskey）、Black Box Corporation 及 Black Box Corporation of Pennsylvania("被告")約定在本案訴訟中所有已主張或可主張與 6,5564,275("275 專利)有關的請求或訴訟事由撤回後不得再起訴，此撤回等同有利被告的「承諾不訴訟」（"covenant not to sue"）275 專利，不及於其他非本案當事人，並聲明如下：

1. 本院對於本約定（stipulation）目的下的各個當事人有對人的管轄權。本院對本訴訟亦有事務管轄權。
2. 在本訴訟中，原告對被告已主張或可主張與 275 專利有關的每個請求撤回後均不得再起訴。

1-5

案號:2:15-cv-04424-AG-AJW  文件 155 提出:09/11/15 頁:3/3   文件號:#3826

日期：2015 年 9 月 10 日

                By: /s/ Steven R. Daniels
                Steven R. Daniels
                FARNET DANIELS PC
                原告律師

                Jen-Feng Lee
                LT Pacific Law Group LLP
                Joseph G. Pia
                Robert Aycock
                PIA ANDERSON DORIUS
                REYNARD & MOSS
                被告律師

Case 2:15-cv-04424-AG-AJW Document 155-1 Filed 09/11/15 Page 1 of 2 Page ID #:3829

1  Steven R. Daniels
2  (Cal. Bar No. 235398)
   sdaniels@farneydaniels.com
3  FARNEY DANIELS PC
4  800 S. Austin Avenue, Suite 200
   Georgetown, Texas 78626
5  Telephone: (512) 582-2828
6  Facsimile: (512) 582-2829
7  *Attorney for Plaintiff*

8

9  Jen-Feng Lee                              Joseph G. Pia (*Pro Hac Vice*)
   (Cal. Bar No. 204328)                    Joe.pia@padrm.com
10 LT Pacific Law Group LLP                 Robert Aycock (*Pro Hac Vice*)
11 17800 Castleton Street, Suite 560        raycock@padrm.com
   City of Industry, CA 91748               PIA ANDERSON DORIUS
12 Telephone: (626) 810-7200                REYNARD & MOSS
13 Facsimile: (626) 810-7300                222 South Main Street, Suite 1830
                                            Salt Lake City, Utah 84101
14                                          Telephone: (801) 350-9000
15                                          Facsimile: (801) 350-9010
                                            *Attorneys for Defendants*
16

17
                   UNITED STATES DISTRICT COURT
18                 CENTRAL DISTRICT OF CALIFORNIA
19                      WESTERN DIVISION

20
   ATEN INTERNATIONAL CO., LTD.,
21                                          Case No.: 2:15-cv-04424-AJG-AJW
        Plaintiff,
22
23 v.                                       [PROPOSED] ORDER RE:
                                            STIPULATED NOTICE OF
24 UNICLASS TECHNOLOGY CO., LTD., et.       DISMISSAL OF U.S. PATENT NO.
25 al.                                      6,564,275 FROM CASE

26      Defendants
27                                          Judge: Hon. Andrew J. Guilford
28

1 - 7

In view of the parties' Stipulated Notice of Dismissal of U.S. Patent No. 6,564,275 ("'275 patent") From Case, the Court hereby FINDS and ORDERS that

1. This Court has personal jurisdiction over the parties for the purpose of this stipulation. This Court also has jurisdiction over the subject matter of this action.

2. Each claim made and that could have been made by Plaintiff against Defendants with respect to the '275 patent in this action is hereby dismissed with prejudice.

DATED: _____    _____

Hon. Andrew J. Guilford

1-8

案號:2:15-cv-04424-AG-AJW 文件 155-1 提出:09/11/15 頁:1/2 文件號:#3829

Steven R. Daniels
（Cal. Bar No.:235398）
sdaniels@franeydaniels.com
FARNET DANIELS PC
800 S. Austin Avenue, Suite 200
Georgetown, Texas 78626
Telephone : (512)582-2828
Facsimile : (512) 582-2829
原告律師

Jen-Feng Lee
(Cal. Bar No. 204382)
LT Pacific Law Group LLP
17800 Castleton Street, Suite 560
City of Industry, CA 91748
Telephone : (626)810-7200
Facsimile : (626) 810-7300

Joseph G. Pia（Pro Hac Vice）
Joe.pia@padrm.com
Robert Aycock（Pro Hac Vice）
raycock@padrm.com
PIA ANDERSON DORIUS REYNARD &
MOSS
222 South Main Street, Suite 1830
Salt Lake City, Utah 84101
Telephone : (801) 350-9000
Facsimile : (801) 350-9010
被告律師

美國加利福尼亞
中區聯邦地方法院

| 宏正自動科技股份有限公司<br>　　　　　原告<br>v.<br>佑霖科技股份有限公司 等<br>　　　　　被告 | 案件號碼：2:15-cv-04424-AJG-AJW<br><br>【建議的】裁定 關於<br>美國專利號 6,564,275 的撤訴通知<br><br>法官：Hon. Andrew J. Guilford |

1-9

案號:2:15-cv-04424-AG-AJW  文件 155-1  提出:09/11/15  頁:2/2  文件號:#3829

鑒於雙方的美國專利號 6,564,275 的撤回訴訟通知,法院在此同意及裁定:

1. 本院對於本約定(stipulation)目的下的各個當事人有對人的管轄權。本院對本事件亦有事務管轄權。
2. 在本訴訟中,原告對被告已主張或可主張與 275 專利有關的每個請求撤回後均不得再起訴。

日期:_____        _____
                           Hon. Andrew J. Guilford

1-10

[public elections]中的选举权。

**disgavel** v.〈英〉取消对土地平均继承制的限定(⇨gavelkind)

**disgrace** n. 耻辱;污辱;不名誉

**disgrade** v. 褫夺封号(或者爵位等)

**disgrading** n.〈英格兰古法〉剥夺人的称号或高位显爵

**disherison** (废)(= disinheritance)

**disheritor** n.(废)剥夺他人继承权的人

**dishonesty** n. 不诚实 指说谎、欺骗、欺诈等不正直、不值得信赖的性情。

**dishonor** v. 拒兑或拒付(票据)
n.(票据的)拒兑或拒付

**disincarcerate** v. 使⋯获得自由;将⋯从监狱中释放

**disinflation** n. 反通货膨胀;通货紧缩 由政府实施的缓慢收缩通货,以减弱或降低通货膨胀率的行为。(⇨deflation)

**disinherison** n.(罗马法)剥夺继承权 指剥夺法定继承人依法所享有的继承权的行为。它并非单纯是对违反孝道的惩罚,而是一种遗嘱处分行为。但这种遗嘱处分行为不能自行生效,除具备遗嘱的表面特征外,还需要其他生效要件。(⇨disinheritance)

**disinherit** v. 剥夺继承权(⇨disinheritance)

**disinheritance** n. ❶剥夺继承权 指财产所有人剥夺将来继承人继承该财产的期待权的行为。❷继承权被剥夺(的状态)

**disinter** v. ❶从坟墓中掘出(尸体等) ❷发现;使显现

**disinterested** a. 无偏见的;公正的;无财产上的利害关系的

**disinterested juror** 无利害关系的陪审员 与案件或当事人无利害关系的陪审员,例如与案件当事人不属于可影响其陪审员资格的一定亲等内的亲属。

**disinterested witness** 无利害关系的证人 与案件或争议事项无利害关系,有资格作证的证人。

**disintermediation** n. 非中介化;弱化金融中介 指当自由市场利率高于银行等金融机构的定期存款最高限定利率时,存款人将大量提款,转而进行其他收益率更高的投资,这样便削弱了金融机构的中介作用。

**disjunctim** 〈拉〉(罗马法)分别地;各自地 亦作disjunctim,与"conjunctim"一词相对。

**disjunctive allegation** 选择性主张 指在民事诉答书状[pleading]或刑事起诉书[information or indictment]中以可选择的形式陈述一项主张或提出指控,中间以"or"连接,如称被告"谋杀(某人)或造成(某人)被谋杀"即属此类。在刑事起诉书中提出选择性的指控是不允许的,除非有制定法明确许可。在民事诉讼中,则可以提出可选择的或几种不同形式的救济请求。(⇨alternative pleading)

**disjunctive condition** 选择性条件 只需数个行为中的一个发生即可实现的条件。

**disjunctive term** 选择性术语 经常用"or"连接。

**dislocation** n. ❶错位;紊乱 ❷脱臼;脱位

**disme** n. ❶十分之一 ❷(教士的)什一税 所有教士俸金的1/10。 ❸〈美〉十分硬币(的最初形式)

**dismiss** v. ❶解雇;免职;开除 ❷驳回(起诉);(未经开庭审理而)终结诉讼

**dismissal** n. ❶终结诉讼;撤诉;驳回起诉 指未经进一步的审理,尤其是在对所涉争议事项开庭审理之前终结诉讼或撤回请求。若原告在诉讼中未能维持其起诉,法庭可以驳回其起诉;在原告举证之后,被告可以原告无救济请求权为由申请法庭驳回原告的起诉。这两种情形称为强制性驳回起诉[involuntary dismissal]。起诉被驳回后,一般禁止原告就同一请求再次起诉。如果是原告主动撤回其诉讼请求的,称为自愿撤诉[voluntary dismissal]。美国《联邦民事诉讼规则》[Federal Rules of Civil Procedure]规定在被告提交答辩或申请法庭作出简易判决前,原告可以撤诉而不需法庭作出裁定。作出此种撤诉后,原告仍可再次起诉。在刑事诉讼中,指控诉方撤回其公诉或指控。如美国《联邦刑事诉讼规则》[Federal Rules of Criminal Procedure]规定,检察官经过法庭许可,可以撤回其公诉或指控;如果控诉方在诉讼中有不必要的拖延,法庭也可以驳回起诉。 ❷撤诉申请书 ❸解雇;免职 ❹(军事法)开除 军事法庭所作的将军职人员开除出部队的一种处罚。

**dismissal and nonsuit** 诉讼终结 由于原告未能维持其起诉或者原告不愿继续进行诉讼而使诉讼终结。

**dismissal compensation** 解雇补偿 由雇主向雇员支付的一笔特定数额款项,作为对后者被永久性解雇的补偿,亦作"severance pay"或"separation pay"。

**dismissal for cause** 基于正当理由的解雇 根据法律或者公序良俗,认为某一合同雇员已无法胜任其职而将其解雇。

**dismissal without prejudice** 不影响实体权利的驳回起诉;可以再诉的驳回起诉 此种驳回起诉不妨碍原告在以后以同一诉因再次起诉。

**dismissal with prejudice** 裁决实体权利的驳回起诉;不可再诉的驳回起诉 此种驳回起诉即为对案件实体问题作出的终局裁决,禁止原告在以后以同一诉因或请求再次起诉。若原告再次起诉,被告可以提出既判事项[res judicata]的抗辩。

**dismissed for want of equity** 因欠缺实体上的根据而驳回起诉 指法庭以实体上的理由而非程序上的理由驳回起诉,如发现原告的陈述虚假,原告的诉讼请求不充分等。

**dismortgage** v. 回赎抵押物(⇨redemption)

**disobedience** n. 不服从;不顺从;违抗(⇨civil disobedience;willful disobedience)

**disobedient child** ❶违抗父母(或监护人)的子女 ❷少年犯(⇨delinquent children)

**disorder** n. ❶杂乱;混乱;凌乱 ❷违反规则的行为;不符合司法程序的行为 ❸骚乱;动乱 ❹(身心)失调;紊乱;病

**disorderly** a. ❶不合良好秩序或行为的 ❷妨害治安或良好秩序的 ❸目无法纪的;吵闹的;骚乱的

**disorderly conduct** 妨害治安行为 除非制定法有明确规定,该词含义宽泛不定,泛指任何有悖于法律的行为,尤指扰乱公共治安、冒犯道德观念、危害公众安全和健康等类似行为,有时亦指侵犯公共道德、和平、安全的犯罪行为。制定法规定该类行为时必须特别指出哪些行为是被禁止的,否则这种立法是违宪的。具有引起公共混乱或骚乱的目的或有引起这些情况的危险,并且具有以下条件之一时,行为人的行为构成犯罪:①进行斗殴、威胁或其他暴力或骚乱的行为;②制造过度的噪音或侮辱性下流的言词、变态或其他表现,侮辱、谩骂他人;③行为人以不是为了达到任何合法目的的行为制造危险的或身体攻击性的状态。(⇨breach of (the) peace)

**disorderly house** ❶妨害相邻权的住户 ❷扰乱社会治

裁判字號：最高法院102年度台上字第1447號民事裁判
裁判日期：民國 102 年 7 月 31 日
資料來源：最高法院民事裁判書彙編 第 67 期 46-52 頁
相關法條：行政程序法 第 117 條 ( 102.05.22 )
　　　　　民法 第 184、226、227、254、256、259、260、421、423 條 ( 98.06.10 )
　　　　　促進民間參與公共建設法 第 3 條 ( 90.10.31 )
　　　　　建築法 第 73 條 ( 98.05.27 )
案由摘要：請求損害賠償等
要　　旨：繼續性之契約已開始履行者，為免徒增法律關係之複雜，如無因嗣後之債務不履行情事，使契約關係溯及消滅之必要，原則上雖應以終止之方法消滅其契約關係，惟究不得因此即謂已履行之繼續性契約，當事人均不得行使解除權。於繼續性質之租賃契約，民法債編「租賃」，就承租人之終止權，固已有特別規定，但在出租人依約交付合於債之本旨之租賃物與承租人前，承租人要非不得依法行使解除權，以解除租賃契約。

1

3-1