invalid as obvious. In particular, each anticipatory prior art reference may be combined with: (1) information known to persons skilled in the art at the time of the alleged invention; (2) any of the other anticipatory prior art references; and/or (3) any of the additional prior art identified below in this section. One of ordinary skill in the art would have understood the benefits of the combinations for at least the reasons identified below. The combinations and the benefits of such combination identified below are exemplary, and a person of ordinary skill in the art would have understood to have recognized additional combinations and benefits of such combinations.

To the extent that Plaintiff contends that any of the anticipatory prior art fails to disclose one or more limitations of the asserted claims, Defendants reserve the right to identify portions of the aforementioned anticipatory references and additional prior art references that, when combined with other portions of the anticipatory references, would render each and every limitation of the asserted claims obvious.

**IV.　P. R. 3-3(c): Where Each Element of Each Asserted Claim is Found in the Prior Art**

　　a.　**Anticipation**

Plaintiff in its Patent Local Rule 3-1 Infringement Contention asserts that Defendant's product model no. LKV-248AUSK infringes each claim of the '141 patent. Defendants' product model no. LKV-248AUSK renders the asserted claims of the '141 invalid as anticipated under at least 35 U.S.C. § 102(b). The LKV-248AUSK is a rebranded version of Uniclass' UKA-248, which is also the same as rebranded product model nos. K7021A for Black Box, and Avocent's 4SVPUA10. This version of Uniclass KVM switch has been sold, offered for sale, and used in the United States before July 24, 2006, at least more than one year before the '141 patent's priority date. [BB0000340- BB0000341; BB0000362- BB0000365; BB0000509- BB0000523; BB0000570- BB0000572; BB0000739- BB0000742; and, BB0000783]. Similarly, TK-207K,

**Exhibit E**

LKU-S02ASK, and LKU-S02ASK are rebrands of USB-SP02, which were also sold and used in the United States more than one year before July 24, 2006. [BB0000576- BB0000586 and BB0000781- BB0000782].

Defendants deny that any of the accused products infringe any of the claims of the '141 patent including products LKV-248AUSK, UKA-248, K7021A, and 4SVPUA10. However, for purposes of Defendants' invalidity contentions and without waiving their arguments of non-infringement, if Plaintiff's own infringement assertion and analysis are taken as true (*i.e.*, that the LKV-248AUSK infringes all 27 claims of the '141 patent), then Plaintiff's own infringement position demonstrates the invalidity of the '141 patent in its entirety as being anticipated by the prior use, sale, and offer for sale in the United States of the very product it now accuses of infringement. *Vanmoor v. Wal-Mart Stores, Inc.* 201 F.3d 1363 (Fed. Cir. 2000) (holding that defendant's burden of proving that the products accused of infringement "that were the subject of the pre-critical date sales anticipated the claims of the [asserted] patent," "was satisfied by [plaintiff's] own allegation that the accused [product] infringe[d] the [asserted] patent."); *citing Evans Cooling Sys. Inc. v. General Motors Corp.*, 125 F.3d 1448, 1451 (holding patent invalid under on-sale bar where accused product was offered for sale prior to the critical date of the patented invention). Defendant Uniclass sold the LKV-248AUSK product, as well as numerous other products Plaintiff has accused of infringement, at least as early as June 1, 2005 to Broadtech International Co., Inc. located in Brea, California. [BB0000340- BB0000341; BB0000362- BB0000365; BB0000509- BB0000523; BB0000570-BB0000586; BB0000739- BB0000742; BB0000781- BB0000789].

While the LKV-248AUSK product is prior art pursuant to at least 35 U.S.C. § 102(b), in that it was used, sold, or offered for sale in the United States more than one year prior to the

filing date of the '141 patent, it should also be understood that its corresponding product literature not only constitutes evidence of the use, features and functionalities of this product but also independently constitutes prior art publications and evidence of public knowledge in this country under 35 U.S.C. § 102(a) and (b). [BB0000573- BB0000575; BB0000509- BB0000523; BB0000739- BB0000740; BB0000362- BB0000365; BB0000340- BB0000341; BB0000783; and, BB0000741- BB0000742].

    b. **Obvious**

Even if the LKV-248AUSK product (or Defendants' other prior art products) did not anticipate the '141 patent, numerous other prior art references render the claims of the '141 patent invalid.

Claims 1-27 of the '141 are invalid as obvious under 35 U.S.C. § 103 in view of the prior art references identified above. All of the references are directed to KVM switch devices or provide general knowledge in the state of the art at the time of the priority date of the '141 patent. Exemplary combinations of references include:

- UK Application No 9924769.4 in view of U.S. Application Publication No 2009/0251413 and/or U.S. Patent No. 8,176,226 and/or U.S. Patent No. 7,818,367 and/or in view of our Defendants' own prior art products.

- Compaq Keyboard/Monitor/Mouse Switch Box, User guide in view of blackbox-hotkey-treechain and/or LINDY CPU Switch and/or adder-view-gem-2001 and/or UK Application No 9924769.4 and/or in view of our Defendants' own prior art products.

It would have been obvious to have combined these references. In *KSR International Co. v. Teleflex, Inc.*, 127 S. Ct. 1727 (2007), the Supreme Court held that, among other things, "[t]he combination of familiar elements according to known methods is likely to be obvious

10