# Heather DeBusk

| | |
|---|---|
| **From:** | Joseph Pia |
| **Sent:** | Thursday, March 23, 2017 5:09 PM |
| **To:** | Michael Siem; Robert Aycock |
| **Cc:** | Timothy Devlin; Lannea Butler; jflee@ltpacificlaw.com; bob.yoches@finnegan.com; ConnieChang@aten.com.tw |
| **Subject:** | Re: Confirm rep and grouped products |

Michael and Tim,

As we work through the proposed representative products with our clients and team, we wanted to respond as to where we presently stand on these issues.

First, we can't agree, nor does the Court's orders or rules require that if Aten proves infringement as to the representative products that Defendants cannot establish noninfringement of the grouped products. Therefore, we do not agree to that general proposition that Aten has previously made.

As to the representative products and groupings the Court order is clear that as a part of the meet and confer process, the parties must determine what portions of Aten's technical report and final infringement contentions present new infringement theories or new accused products that depart from Aten's Original Contentions. The task is greater than Aten just identifying what it believes constitute representative and linked products.

The representative and linked products that we can presently agree to are as follows:

- **UDV-TA2**: (and Aten's linked products: UDP-TA2; UHV-TA2; USB-TA2) for claim 1 of the '287 and claim 1 of the '217 patent.

  o As discussed below we cannot agree to grouping the USB-SP02A and USB-SP04A in this group or as having an infringement position founded in Aten's Original Contentions or even consistent between Dr. Lavian's analyses.

- **UKA-248:** for claims 1, 5 and 6 of the '287 patent and claims 1, 3, 4 for the '217.

  o Aten never alleged infringement of claim 2 in its original contentions and any such assertion now is a new infringement position.

The representative and linked products that we cannot presently agree to are as follows:

- **USB-SP02A/4A**: these products were not separately analyzed in Aten's Original Contentions or in Dr. Lavian's 9/30/16 and 12/16/16 reports. These products although sharing some similarities with the other U* products, they do differ from the other U* products. For example, and as you note, the USB-SP02A uses a different CPU. Further, had Aten considered the entirety of the source code for these products it would have noted the differences between the USB-SP02A/4A and other U* products.

Further, comparing Dr. Lavian's infringement analysis of the UDV-TA2 with his infringement analysis for the USB-SP02A/4A products shows that he applies separate infringement analyses to these products. So, even Aten's expert has separate infringement analysis for the USB products that differs from the UDV-TA2 product. See the excerpts between Dr. Lavian's UDV-TA2 and USB-SP02A/4A below.

- **Prima T:** products were not the products analyzed in Aten's Original Contentions as Aten persists in its confusion that the Prima and Prima T products are equivalents. Further, Dr. Lavian's analysis and Aten's Final Infringement Contentions persist in this mistake. The Prima and Prima T products are not the same as their circuitries, functions, and software substantially differ.

Further, as we have explained in the past to Aten's various counsels the Prima T products were not sold in the U.S. and therefore cannot infringe. Never has Aten provided any explanation or infringement position that would demonstrate that its infringement theory is properly applied to the Prima T products let alone constitute the basis for now designating it as a representative product and group.

- **AD-CP02A**: there are significant problems with Aten's reliance upon this product as a representative product for the now identified linked products. First, Aten never fully charted or provided a complete infringement analysis for this product in its original contentions. As previously discussed and disclosed, in its Original Contentions, Aten identified the LKV-248AUSK/UKA-248 as infringing all the claims of the '141 patent and specifically charted it against independent claim 18, that Aten has now dropped in its efforts to avoid invalidity, that is insignificantly distinguishable between independent claim 9, that Aten continues to assert and now contends that infringement should be shown through the comparison to the proposed representative AD-CP02A product.

Other problems with the AD-CP02A is that that prior to Dr. Lavian's 12/16/16 report Aten had never identified that this product or its now linked products were substantially similar enough to be considered together. In fact, in Dr. Lavian's 9/30/16 report he specifically and clearly identified that he considered the AD-CP02A product in a completely different groups as the linked products. He further distinguished the AD-CP02A product from the AH*/AL*/AI*/AP* products and from the AD* products, see his exhibits C-G. And in fact, Dr. Lavian didn't even identify or chart any A* products as infringing any of the claims of the '141 patent.

Then in Dr. Lavian's 12/16/16 report, instead of providing an infringement analysis for the AD-CP02A product as the representative product, he conducts an analysis for the AD-202A product and lumps the now grouped products under that analysis. Dr. Lavian's analysis of the AD-202A in his 12/16/16 report exhibit 4-2 also deviates from Aten's Original Contentions of its analysis of the AD-CP02A product where analyzed.

As such, it is our position that Aten's current infringement theories as to the A* products is Dr. Lavian's 12/16/16 report and Final Contentions are new and should be stricken.

Also, Aten has never asserted infringement, until now, of a product identified as AD-EP02A, and Defendants are unaware of any such product.


We will provide further information as soon as we have it.

We would also point out that Aten needs to provide us with its positions as to how its infringement theories for its current representative products and groupings is founded in its Original Contentions as required by the Court's rules and orders.

 _____


**Dr. Lavian's Ex. 2-3, for the UDV-TA2**:

| | |
|---|---|
| a hub switch module connected to the CPU and configured to communicate with any of the plurality of computer systems, and the one or more than one peripheral device, | The Accused Instrumentalities have a hub switch module, connected to the CPU (e.g. M<br><br>The schematics for the Uniclass UDV-TA2 shows a "HUB SWITCH Module" (e.g. includin<br>Inc. GL850G hub chip and Pericom's PI5C3257 2:1 MUX chip) connected to the CPU (e.g.<br>below.<br><br>The HUB SWITCH Module is configured to communicate with any of the computer sys<br>computer PC1 and PC2), and the peripheral device (e.g. labeled "Audio MIC"): |

[Lavian Ex.2-3 '217 for UDV-TA2, pdf page 4]

The HUB Switch module operates such that a signal passing from the hub switch module (e.g. "HUB SWITCH Module") to a peripheral device (e.g. audio or microphone) emulates origination from one of the computer systems (e.g. USB standard hot plugging);

[Lavian Ex.2-3 '217 for UDV-TA2, pdf page 6]

There is software installed on the KVM switch showing that the host computers communicate through the KVM switch (e.g. hub switch module) with the peripheral devices.

The host computers communicates with the switch to request information about the peripheral devices through the KVM switch software; the KVM switch in turn gets information from the peripheral devices so that such signals emulates origination from a host computer. For example, device descriptor gets the peripheral device properties for the host computers.

```
void GetDescriptor(void)
{
#if 0
    if ( (ENDPOINT_A0_FIFO[USB_bmRequestType] != (DEVICE_TO_HOST | STANDARD | DEVICE)) &&
         (ENDPOINT_A0_FIFO[USB_bmRequestType] != (DEVICE_TO_HOST | STANDARD | INTERFACE))
         &&
         (ENDPOINT_A0_FIFO[USB_bmRequestType] != (DEVICE_TO_HOST | STANDARD | ENDPOINT)))
```

Source: UNI 2000664 (software produced by Uniclass for UDV-TA2).
```
const char device_desc_table[] =
{
```

[Lavian Ex.2-3 '217 for UDV-TA2, pdf page 7]

These features involve a signal from the hub switch controller that emulates or appears to be from one of the computer PCs.

> **11.4.4 Generate Resume (GResume)**
>
> This state is entered from the Fsus state when a resume condition exists in the Hub Controller. A resume condition exists if the C_PORT_SUSPEND bit is set in any port, or if the hub is enabled as a wakeup source and any bit is set in a Port Change field or the Hub Change field (as described in Figures 11-22 and 11-20, respectively).
>
> In this state, the internal port generates signaling to emulate an SOP_FD to the Hub Repeater.

Sources: E.g. ATEN-UNICLASS00049903 (USB Serial Bus standard suspend and resume activity by using emulation, p. 308); ATEN-UNICLASS00049740 (p. 5 of the datasheet for Cypress CYC7C63723 controller part of CPU (e.g. MCU) of the KVM switch; signals in and out of the CPU go bi-directionally, including towards the peripheral devices on the USB and GPIO ports); Source: ATEN-UNICLASS00049387 (Genesys Logic, Inc. datasheet p. 8, block diagram of the Genesys GL850G chip circuit and that the signals go bi-directionally, including downstream away from the computer PCs and towards the peripheral and console devices).

[Lavian Ex.2-3 '217 for UDV-TA2, pdf page 8]

Also, according to the schematics for the UDV-TA2, switching or selection of the computer PC USB channels involve control signals between the HUB SWITCH Module and the selected PC. The PC channel signal path go from the HUB SWITCH module to get to the peripheral devices as shown in the schematics. So the signal passing from the hub switch module to the peripheral devices audio or microphone would emulate or appear to originate from one of the PCs.
Source: UNI 0000682 (Schematics for UDV-TA2 produced by Uniclass).

[Lavian Ex.2-3 '217 for UDV-TA2, pdf page 9]

**Dr. Lavian's Ex. 2-5, for the USB SP02A**:

| 1.1 | a hub switch module connected to the CPU and configured to communicate with any of the plurality of computer systems, and the one or more than one peripheral device, | The Accused Instrumentalities have a hub switch module, connected to the CP The schematics for the Uniclass USB-SP02A shows a "HUB SWITCH Module" (e AU9254 hub chip and Pericom's PI5C3257 2:1 MUX chip) connected to the CPU The schematics for the Uniclass USB-SP04A shows a "HUB SWITCH Module" (e AU9254 hub chip and Pericom's PI3USB14 4:1 MUX chip) connected to the CPU The HUB SWITCH Module is configured to communicate with any of the com computer PC1 and PC2), and the peripheral device (e.g., labeled "Audio MIC" |

[Lavian Ex.2-5 '217 for USB-SP02A, pdf page 8]

In the figure of the USB-SP02A/USB-SP04A below, there is no direct electrical connection between the PC computer hosts and the peripheral devices. The KVM switch and thus its hub switch module communicates with the microphone/audio or fax machine and also with the PC computer hosts.

[Lavian Ex. 2-5 '217 for USB-SP02A, pdf page 11]

As a further example of communication, there is a software program (e.g., hotkeys and software menu) installed on the USB-SP02A/USB-SP04A KVM switch, which is exercised by the CPU to allow the hub switch module to communicate with the computer systems (e.g., host computers, or "PC's" connected to the KVM switch), an also with the one or more than one peripheral device. The following example hotkeys enable communication signals to pass through the hub switch module (e.g., "Fix Audio Port") to the computer systems (e.g., PC's), an a peripheral device.

[Lavian Ex. 2-5 '217 for USB-SP02A, pdf page 12]

Under a USB standard PC plug-in like for the USB-SP02A/USB-SP04A switch, the USB standard resume condition exists after port suspend or hub wakeup occurs. Upon resume, a signal that emulates a start-of-process is generated.

These features involve a signal from the hub switch controller that emulates or imitates originating from one of the computer PCs host computers.

[Lavian Ex. 2-5 '217 for USB-SP02A, pdf page 14]

Also, according to the schematics for the USB-SP02A/USB-SP04A, switching or selection of the computer PC USB channels involve control signals between the HUB SWITCH Module and the selected PC. The PC channel signal path go from the HUB SWITCH module to get to the peripheral devices as shown in the schematics. So the signal passing from the hub switch module to the peripheral devices audio or microphone would emulate or appear to originate from one of the PCs.

Source: UNI 1102183; UNI 0000264; UNI 1003469 (Schematics for USB-SP02A/USB-SP04A produced by Uniclass).

[Lavian Ex. 2-5 '217 for USB-SP02A, pdf page 15]


Joe

**PIA ANDERSON**
**MOSS HOYT**
UT: 136 E. South Temple,
19th Floor, SLC 84111
TX: 904 Meadow Ln
Southlake 76051
P. (801) 350-9014 (Asst.)
P. (801) 350-9000 (Main)
F. (801) 350-9010
www.pa-law.com


---

**From:** Michael Siem <msiem@devlinlawfirm.com>
**Date:** Wednesday, March 22, 2017 at 3:42 PM
**To:** Robert Aycock <RAycock@pa-law.com>
**Cc:** Timothy Devlin <tdevlin@devlinlawfirm.com>, Joseph Pia <Joe.pia@pa-law.com>, Lannea Butler <LButler@pa-law.com>, Jeff Lee <jflee@ltpacificlaw.com>, "bob.yoches@finnegan.com" <bob.yoches@finnegan.com>, "ConnieChang@aten.com.tw" <ConnieChang@aten.com.tw>
**Subject:** Re: Confirm rep and grouped products

Yes that is correct.

Michael


---

Michael A. Siem
*Partner*
**Devlin Law Firm LLC**
98 Rockwell Place, 6th Floor
Brooklyn, NY 11217

**Direct Dial:** (718) 360.5915
**Mobile:** (646) 369.8379
**Fax:** (302) 353.4251

msiem@devlinlawfirm.com
http://www.devlinlawfirm.com

The information contained in this communication is confidential and is intended only for the use of the intended addressee. It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

On Mar 22, 2017, at 5:38 PM, Robert Aycock <RAycock@pa-law.com> wrote:

> Michael,
>
> To be clear, your client has agreed to your list?
>
> If yes, we do have comments and will provide those to you tomorrow.
>
> Regards,
>
> Robert Aycock
>
> ---
>
> **From:** Michael Siem <msiem@devlinlawfirm.com>
> **Date:** Wednesday, March 22, 2017 at 3:21 PM
> **To:** Robert Aycock <RAycock@pa-law.com>
> **Cc:** Timothy Devlin <tdevlin@devlinlawfirm.com>, Joseph Pia <Joe.pia@pa-law.com>, Lannea Butler <LButler@pa-law.com>, "jflee@ltpacificlaw.com" <jflee@ltpacificlaw.com>, "bob.yoches@finnegan.com" <bob.yoches@finnegan.com>, "ConnieChang@aten.com.tw" <ConnieChang@aten.com.tw>
> **Subject:** Re: Confirm rep and grouped products
>
> Robert,
>
> You have our final list. Do you have any comments on either list we sent?
>
> Michael
>
> ---
>
> Michael A. Siem
> *Partner*
> **Devlin Law Firm LLC**
> 98 Rockwell Place, 6th Floor
> Brooklyn, NY 11217
>
> **Direct Dial:** (718) 360.5915
> **Mobile:** (646) 369.8379

msiem@devlinlawfirm.com
http://www.devlinlawfirm.com

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

On Mar 22, 2017, at 5:21 PM, Robert Aycock <RAycock@pa-law.com> wrote:

> Michael,
>
> Do you have final sign off from your client? We are just two days away from having to submit any dispute to the Court and we still need to be able to take your client's final position to our client.  Please advise.
>
> Thanks,
>
> Robert Aycock
>
>> **From:** Michael Siem <msiem@devlinlawfirm.com>
>> **Date:** Monday, March 20, 2017 at 9:13 AM
>> **To:** Timothy Devlin <tdevlin@devlinlawfirm.com>, Joseph Pia <Joe.pia@pa-law.com>, Robert Aycock <RAycock@pa-law.com>, Lannea Butler <LButler@pa-law.com>, "jflee@ltpacificlaw.com" <jflee@ltpacificlaw.com>, "bob.yoches@finnegan.com" <bob.yoches@finnegan.com>, "ConnieChang@aten.com.tw" <ConnieChang@aten.com.tw>
>> **Subject:** RE: Confirm rep and grouped products
>>
>> Joe,
>>
>> Further to my emails from last week, attached is a summary of the representative products and the features for the linked products.  This comes directly from our initial contentions and our expert reports.  We are still waiting for final client sign off, but this should give you the information from those documents to further assess the products.
>>
>> Michael
>>
>>> **From:** Timothy Devlin
>>> **Sent:** Friday, March 17, 2017 2:12 PM
>>> **To:** Joseph Pia <Joe.pia@pa-law.com>; Robert Aycock <RAycock@pa-law.com>; Michael Siem <msiem@devlinlawfirm.com>; Lannea Butler <LButler@pa-law.com>; jflee@ltpacificlaw.com; bob.yoches@finnegan.com; ConnieChang@aten.com.tw; Timothy Devlin <tdevlin@devlinlawfirm.com>
>>> **Subject:** Re: Confirm rep and grouped products

Joe, all we are trying to do is see where the parties are in agreement and where in disagreement. Item 2 below doesn't have you explaining anything. It's just itemizing where Uniclass agrees and where it disagrees. We are happy to then get you explanations on items where the parties have disagreement. It sounds like you now want to skip the initial step, and have us provide ATEN's explanation even for products where the parties are obviously in agreement. That seems silly and wasteful, and I don't think it's in conformance with the Court's order. Having said all that, I'll check with the client, and I expect out of courtesy we'll just go ahead and get you explanations on everything next week.

Thanks,
Tim



Timothy Devlin

Devlin Law Firm LLC

1306 N. Broom St., Suite 1

Wilmington, DE 19806

302-449-9011 (direct)

302-353-4251 (fax)

302-388-0638 (cell)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this communication is confidential and is intended only for the use of the intended addressee. It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

---

**From:** Joseph Pia <Joe.pia@pa-law.com>
**Date:** Friday, March 17, 2017 at 12:45 PM
**To:** Timothy Devlin <tdevlin@devlinlawfirm.com>, Robert Aycock <RAycock@pa-law.com>, "msiem@devlinlawfirm.com" <msiem@devlinlawfirm.com>, Lannea Butler <LButler@pa-law.com>, "jflee@ltpacificlaw.com" <jflee@ltpacificlaw.com>, "bob.yoches@finnegan.com" <bob.yoches@finnegan.com>, "ConnieChang@aten.com.tw" <ConnieChang@aten.com.tw>
**Subject:** Re: Confirm rep and grouped products

Tim,

With Robert's travel schedule, I have temporarily become point on this issue. The biggest problem is #2.  It is ATEN's responsibility to show the similarities.  It is not Defendants responsibility to show the differences.  You've got the burden and process out of order.  Please correct, and send a document that satisfies the Court's requirement.

The Court's order is clear as to what is required of Aten. During our conversation, we told you that we disagreed with your representative AD-CP02A and Prima T8 and their groupings. We disagree because Aten has never provided a clear or complete position as to its infringement theories as to the AD-CP02A and has consistently and mistakenly equated the Prima 8 with the Prima T8. We indicated in our conversation that an explanation and articulation of the bases and reasons for Aten's infringement positions for these products, and where they find support in the original contentions, would be needed before we could reach an agreement, if any, as to these products and the products Aten now attempts to link to them.

Also, we pointed out that your then proposed groupings were inconsistent with Aten's positions in its original contentions and even with Dr. Lavian's more recent groupings in his September 30, 2016 charts. Also, we indicated that the groupings we could agree to without running them past our clients and technical expert would be those that we provide previously back around September 27, 2016. And because your proposed groupings were not consistent with those groupings or even Aten's previous groupings we did not see how we could agree without further explanation.

Also, you promised to confirm your list by Tuesday. We indicated that if the identified products and groupings did not change there would likely not be an immediate agreement but would require that Aten provide an explanation and reasons for its positions. Because your representative products and groupings continue to have the same issues that we identified on Monday, and have identified throughout this case, Aten will need to provide its positions and reasons for its representative products and groupings, especially now that we're two days past when we expected to have confirmation of your representative products and groupings.

Joe

**From:** Timothy Devlin <tdevlin@devlinlawfirm.com>
**Date:** Thursday, March 16, 2017 at 7:00 PM
**To:** Joseph Pia <Joe.pia@pa-law.com>, Robert Aycock <RAycock@pa-law.com>, Michael Siem <msiem@devlinlawfirm.com>, Lannea Butler <LButler@pa-law.com>, Jeff Lee <jflee@ltpacificlaw.com>, "bob.yoches@finnegan.com" <bob.yoches@finnegan.com>, "ConnieChang@aten.com.tw" <ConnieChang@aten.com.tw>, Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** Re: Confirm rep and grouped products

Hi Joe.  Robert and I specifically agreed after the hearing that:

1) We would first get you ATEN's list.

2) You would then tell us where Uniclass agreed and where Uniclass disagreed with ATEN's list.
3) After that, we would discuss the areas of disagreement.

If you've forgotten that or weren't aware of that conversation, no problem.  We'll wait for your agree/disagree list.  If you want to change that procedure, I suppose let me know that and we'll discuss on our end.

I'll note we also disagree with your other characterizations of the Court's Order.  But in any event if you want to change the procedure we agreed to, then let me know promptly.

Thanks,
Tim

Timothy Devlin

Devlin Law Firm LLC

1306 N. Broom St., Suite 1

Wilmington, DE 19806

302-449-9011 (direct)

302-353-4251 (fax)

302-388-0638 (cell)

**********************************************************
The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

**From:** Joseph Pia <Joe.pia@pa-law.com>
**Date:** Thursday, March 16, 2017 at 8:11 PM
**To:** Timothy Devlin <tdevlin@devlinlawfirm.com>, Robert Aycock <RAycock@pa-law.com>, "msiem@devlinlawfirm.com" <msiem@devlinlawfirm.com>, Lannea Butler <LButler@pa-law.com>, "jflee@ltpacificlaw.com" <jflee@ltpacificlaw.com>,

"bob.yoches@finnegan.com" <bob.yoches@finnegan.com>,
"ConnieChang@aten.com.tw" <ConnieChang@aten.com.tw>
**Subject:** Re: Confirm rep and grouped products

Tim,

This is different than your other list and is coming late – a week after the Order issued. The main problem is that ATEN hasn't provided the justification for its groupings, which justification must arise out of its original infringement contentions. Page 6 from the Order [Dkt. No. 345] states:

"ATEN can rely on representative products to meet its obligations under S.P.R. 2.1 and 4.1; but it must articulate how the accused products share the same, or substantially the same, infringing qualities with any other product or with the 'representative' product. Uniclass's motion to strike is GRANTED as to portions of the expert report that present new infringement theories or new accused products that depart substantially from ATEN's Original Contentions."

ATEN has not complied with the Order. When does ATEN plan to articulate how the accused products share the same or substantially the same infringing qualities with the other products and with the representative products?  We are finding ourselves in the same spot that we were in, in the Summer of 2016 – ATEN has not articulated a substantial similarity between each grouped product and the representative product. The Court has explained that it is ATEN's burden to make this comparison.

Time is rapidly passing, and Defendants need to run this past their technical expert and client to determine their response.  This could take several days.  Please understand that ATEN can't burn up the clock and then put Defendants in a pinch on timing. The Court's verbal order at the hearing was that the parties meet and confer and "communicate better." Defendants need time to determine whether there is a dispute, and then prepare its portion of the disputed joint report.

Of course, we prefer that the parties work this out through the meet and confer process if possible rather than in filing a joint report.

Joe

**From:** Timothy Devlin <tdevlin@devlinlawfirm.com>
**Date:** Thursday, March 16, 2017 at 3:57 PM
**To:** Timothy Devlin <tdevlin@devlinlawfirm.com>, Robert Aycock <RAycock@pa-law.com>, Michael Siem <msiem@devlinlawfirm.com>, Lannea Butler <LButler@pa-law.com>, Joseph Pia <Joe.pia@pa-law.com>, Jeff Lee <jflee@ltpacificlaw.com>, "bob.yoches@finnegan.com" <bob.yoches@finnegan.com>, "ConnieChang@aten.com.tw" <ConnieChang@aten.com.tw>
**Subject:** Re: Confirm rep and grouped products

Robert, attached is ATEN's proposed list of grouped products.  We note that after investigating fully, ATEN proposes including the USB-SP02A/4A products and the remaining A* products.

Thanks,
Tim


Timothy Devlin

Devlin Law Firm LLC

1306 N. Broom St., Suite 1

Wilmington, DE 19806

302-449-9011 (direct)

302-353-4251 (fax)

302-388-0638 (cell)

**********************************************************

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

**From:** Timothy Devlin <tdevlin@devlinlawfirm.com>
**Date:** Wednesday, March 15, 2017 at 2:59 PM
**To:** Robert Aycock <RAycock@pa-law.com>, "msiem@devlinlawfirm.com" <msiem@devlinlawfirm.com>, Lannea Butler <LButler@pa-law.com>, Joseph Pia <Joe.pia@pa-law.com>, "jflee@ltpacificlaw.com" <jflee@ltpacificlaw.com>, "bob.yoches@finnegan.com" <bob.yoches@finnegan.com>, "ConnieChang@aten.com.tw" <ConnieChang@aten.com.tw>, Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** Re: Confirm rep and grouped products

Robert, we are looking into this issue and may have some adjustments, as I noted on Monday.  We expect to have our final list to you today.

Thanks,
Tim


Timothy Devlin

Devlin Law Firm LLC

1306 N. Broom St., Suite 1

Wilmington, DE 19806

302-449-9011 (direct)

302-353-4251 (fax)

302-388-0638 (cell)

**********************************************************

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-

mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

**From:** Robert Aycock <RAycock@pa-law.com>
**Date:** Wednesday, March 15, 2017 at 10:57 AM
**To:** Timothy Devlin <tdevlin@devlinlawfirm.com>, "msiem@devlinlawfirm.com" <msiem@devlinlawfirm.com>, Lannea Butler <LButler@pa-law.com>, Joseph Pia <Joe.pia@pa-law.com>, "jflee@ltpacificlaw.com" <jflee@ltpacificlaw.com>, "bob.yoches@finnegan.com" <bob.yoches@finnegan.com>, "ConnieChang@aten.com.tw" <ConnieChang@aten.com.tw>
**Subject:** Confirm rep and grouped products

Tim,

Please confirm the products you identified as representative accused products and those grouped to them.

Thanks,

Robert