# Heather DeBusk

**From:** Michael Siem <msiem@devlinlawfirm.com>
**Sent:** Thursday, February 9, 2017 10:09 AM
**To:** Joseph Pia
**Cc:** Robert Aycock; Jeff Lee; Yoches, Bob; Timothy Devlin
**Subject:** Re: Couple of issues

What number are you at and I will call you


Michael A. Siem
*Partner*
**Devlin Law Firm LLC**
98 Rockwell Place, 6th Floor
Brooklyn, NY 11217

**Direct Dial:** (718) 360.5915
**Mobile:** (646) 369.8379
**Fax:** (302) 353.4251
msiem@devlinlawfirm.com
http://www.devlinlawfirm.com

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.


On Feb 9, 2017, at 12:08 PM, Joseph Pia <Joe.pia@pa-law.com> wrote:

> We just tried calling twice and it went directly to voice mail.
>
> **From:** Michael Siem <msiem@devlinlawfirm.com>
> **Date:** Thursday, February 9, 2017 at 10:05 AM
> **To:** Joseph Pia <Joe.pia@pa-law.com>
> **Cc:** Robert Aycock <RAycock@pa-law.com>, Jeff Lee <jflee@ltpacificlaw.com>, "Yoches, Bob" <bob.yoches@finnegan.com>, Timothy Devlin <tdevlin@devlinlawfirm.com>
> **Subject:** Re: Couple of issues
>
> You can call my cell

Michael A. Siem
*Partner*
**Devlin Law Firm LLC**
98 Rockwell Place, 6th Floor
Brooklyn, NY 11217

**Direct Dial:** (718) 360.5915
**Mobile:**  (646) 369.8379
msiem@devlinlawfirm.com
http://www.devlinlawfirm.com

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

On Feb 9, 2017, at 12:04 PM, Joseph Pia <Joe.pia@pa-law.com> wrote:

> Tim and Michael,
>
> We just attempted to call you both for our scheduled 10:00 a.m. m/c.  Please let us know if we need to reschedule.
>
> Joe
>
> **PIA ANDERSON
> MOSS HOYT**
> UT: 136 E. South Temple, 19th Floor, SLC 84111
> TX: 904 Meadow Ln Southlake 76051
> P. (801) 350-9014 (Asst.)
> P. (801) 350-9000 (Main)
> F. (801) 350-9010
> www.pa-law.com
>
> ---
>
> **From:** Michael Siem <msiem@devlinlawfirm.com>
> **Date:** Wednesday, February 8, 2017 at 6:55 PM
> **To:** Joseph Pia <Joe.pia@pa-law.com>
> **Cc:** Robert Aycock <RAycock@pa-law.com>, Jeff Lee <jflee@ltpacificlaw.com>, "Yoches, Bob" <bob.yoches@finnegan.com>, Timothy Devlin <tdevlin@devlinlawfirm.com>
> **Subject:** RE: Couple of issues
>
> Dear Joe,
>
> In reading your email, we felt the need to correct some of the misstatements and factual inaccuracies.

First, you were not giving notice. You were threatening us with a motion for attorney's fees if you prevailed, never linking the extension you are requesting to increased expenses. From our standpoint, extending the trial will only increase costs. In any event, I am aware of no case law that requires this "notice" at the end of the case before seeking attorney's fees. Let's not perpetuate this myth.

Second, there are two major reason that the parties needing extensions. One was Uniclass's refusal to address the issue of representative products until its refusal at the end of fact discovery. The other was Uniclass's refusal to meet its discovery obligations for damages discovery and production of source code during. Had Uniclass been forthright in either of these issues the parties would not be in this position currently and would not have needed the extensions.

With regard to the infringement contentions, ATEN met its obligations in Nov. 2014 when it produced these. Uniclass's refusal to provide source code is what prevented ATEN from amending them. Not once from that time until last week did Uniclass ever complain about the inadequacy of these contentions. When our firm joined the case in March 2016, we asked whether you had any issues regarding discovery you had not raised, and you said nothing about the contentions. Further, when ATEN spoke to Uniclass regarding serving expert reports instead of supplementing infringement contentions, Uniclass and only indicated it may need more time to respond to the report. Uniclass never asked for more time after receiving Dr. Lavian's infringement expert report.

I am not going to spend any more time on this. You put this issue before the Court, and we will respond. From ATEN's standpoint, Uniclass forced us into a schedule that strained our resources to respond in eight days to invalidity contentions that, without formal supplementation, Uniclass altered. Only after you learned that we could respond did you complain about the trial date. ATEN will be ready to go to trial in March and sees no reason to delay.

I look forward to speaking with you tomorrow, but I request you stop the gamesmanship and cease with the unfounded accusations. ATEN wants an end to this matter.

Michael

**From:** Joseph Pia [mailto:Joe.pia@pa-law.com]
**Sent:** Wednesday, February 8, 2017 4:17 PM
**To:** Michael Siem <msiem@devlinlawfirm.com>
**Cc:** Robert Aycock <RAycock@pa-law.com>; Jeff Lee <jflee@ltpacificlaw.com>; Yoches, Bob <bob.yoches@finnegan.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** Re: Couple of issues

Michael,

We need to give Aten notice so that it has an opportunity to mitigate cost and expense and prejudice to Defendants. I don't know of a softer way to give notice than that.

As you recognize in your email there is a probability that all or part of Aten's expert report will be stricken and possibly paired back to Aten's original contentions. Having to prepare for trial on Aten's very late "final infringement contentions" is going to cost hundreds of thousands of dollars. If the scope of trial can or will be narrowed through the motion to strike, we should wait until that is ruled upon. We have asked for a stay pending that outcome, Aten has refused. We have asked for expedited briefing on our motion to strike, Aten has refused. We have suggested rescheduling the trial date pending the outcome, Aten has refused. My suggestion is that we reschedule for a month after the hearing to allow this issue to get sorted out by the Court. We can discuss this on our call tomorrow.

The perception that a threat was given is not a reason that justifies failing to compromise on the schedule. Upon reviewing the history of extensions in the case -- *i.e.,* the 4+ months that Uniclass afforded Aten to to provide its expert report from the time it was originally due and countless additional opportunities for source code review, you will see that the timing of the motion to strike is appropriate. Throughout that process and extensions, you consistently indicated that you recognized our opposition and reservation of rights to oppose your supplementation and extension of your expert reports and asked that we wait until your expert reports were finalized before raising this issue with the Court to see if we could agree with your positions. We did. We thoroughly reviewed the report with our expert and determined that we couldn't agree.

Further, the timing of our filings coincided with your comments when we spoke just after Dr. Lavian's report was submitted that Aten would be filing a reply expert report on infringement, or at a minimum would be reserving that right.

We can see that what was going on is that Aten was waiting until the last moment to spring its final contentions on Uniclass, and then become intransigent with the schedule -- the same schedule that it has continually modified throughout the case to suit its interests. The timing of Aten's unreasonableness with the schedule is causing the most prejudice to Defendants and the incurrence of the most fees possible. Aten is on express notice of the effect of what it is doing.

We will plan to call you tomorrow morning at 10:00 a.m. Mountain Time.

Joe

**PIA ANDERSON**
**MOSS HOYT**
UT: 136 E. South Temple,
19th Floor, SLC 84111
TX: 904 Meadow Ln
Southlake 76051
P. (801) 350-9014 (Asst.)
P. (801) 350-9000 (Main)
F. (801) 350-9010
www.pa-law.com

On Feb 8, 2017, at 1:03 PM, Michael Siem <msiem@devlinlawfirm.com> wrote:

Joe,

Your threat at the bottom of this email poisons the rest of your message and undercuts your sincerity in attempting to find any compromise. Uniclass waited until the eve of trial to bring a motion it could have brought months ago, but chose not to and is without merit. In addition, ATEN has bent over backwards in attempts to narrow issues, such as using representative products. From our perspective, Uniclass has gone back on its agreements, and is largely responsible for the pressure it now faces. Had Uniclass raised these issues earlier, or brought its motion after receiving our expert reports in October or December, we would not be in this position.

Finally, in regard to the hearing date on the motion to strike, we are prepared to go to trial on the current date. We feel your motions are without merit, but even if the Court were to strike portions of our expert report, we are prepared to go forward on the remaining claims.

In regard to a call, we missed each other today, l can speak tomorrow morning, but then am traveling.

Best,

Michael

---

**From:** Joseph Pia [mailto:Joe.pia@pa-law.com]
**Sent:** Wednesday, February 8, 2017 1:52 PM
**To:** Robert Aycock <RAycock@pa-law.com>
**Cc:** Michael Siem <msiem@devlinlawfirm.com>; Jeff Lee <jflee@ltpacificlaw.com>; Yoches, Bob <bob.yoches@finnegan.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** Re: Couple of issues

Michael,

We are planning on filing several motions for summary judgment this Friday in accordance with the deadline and would like to m/c with you (it is not clear whether a m/c is required on these motions, and their substance will come as no surprise as we have discussed these motions during our prior m/c's on moving the schedule) and we are trying to continue to work towards finding compromises where

possible. Are you available either later this afternoon or tomorrow morning to discuss?

Even though the hearing date on the motion to strike is March 13, it could be that it is granted in whole or in part and any extra work we will have done in the meantime could be avoided by us putting our heads together on the schedule. If Aten wants to reconsider the trial date so that we can at least get our bearings on the 13th, both sides would probably save a lot of time and money.

I personally don't like bringing this up, but you know that should we prevail in the case we will look back through all of these emails to see where money and time could have been saved by Aten's willingness to take a reasonable approach to narrow issues when possible, or continue deadlines when it makes sense. This is one of those moments.

Joe

**PIA ANDERSON**
**MOSS HOYT**
UT: 136 E. South Temple,
19th Floor, SLC 84111
TX: 904 Meadow Ln
Southlake 76051
P. (801) 350-9014 (Asst.)
P. (801) 350-9000 (Main)
F. (801) 350-9010
www.pa-law.com

On Feb 8, 2017, at 11:18 AM, Robert Aycock <RAycock@pa-law.com> wrote:

Michael,

We don't disagree with the rule.

Joe will be following up on the other issues.

Robert Aycock

> **From:** Michael Siem <msiem@devlinlawfirm.com>
> **Date:** Wednesday, February 8, 2017 at 10:46 AM
> **To:** Robert Aycock <RAycock@pa-law.com>, Joseph Pia <Joe.pia@pa-law.com>, Jeff Lee <jflee@ltpacificlaw.com>
> **Cc:** "Yoches, Bob" <bob.yoches@finnegan.com>, Timothy Devlin <tdevlin@devlinlawfirm.com>
> **Subject:** RE: Couple of issues

6

Let me know the issues you want to discuss and if you disagree with the Rule.

Thanks,

Michael

---

**From:** Robert Aycock [mailto:RAycock@pa-law.com]
**Sent:** Wednesday, February 8, 2017 12:44 PM
**To:** Michael Siem <msiem@devlinlawfirm.com>; Joseph Pia <Joe.pia@pa-law.com>; Jeff Lee <jflee@ltpacificlaw.com>
**Cc:** Yoches, Bob <bob.yoches@finnegan.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** Re: Couple of issues

Thanks.

Robert Aycock

---

**From:** Michael Siem <msiem@devlinlawfirm.com>
**Date:** Wednesday, February 8, 2017 at 10:39 AM
**To:** Robert Aycock <RAycock@pa-law.com>, Joseph Pia <Joe.pia@pa-law.com>, Jeff Lee <jflee@ltpacificlaw.com>
**Cc:** "Yoches, Bob" <bob.yoches@finnegan.com>, Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** RE: Couple of issues

Robert,

Here is the Rule:

The oppositions should be due on Feb. 21. https://www.cacd.uscourts.gov/clerk-services/court-holidays and Fed. R. Civ. P. 6.

Not sure what we need to discuss today. I am tied up most of the day, but happy to respond by email.

Michael

---

**From:** Robert Aycock [mailto:RAycock@pa-law.com]
**Sent:** Wednesday, February 8, 2017 12:37 PM
**To:** Michael Siem <msiem@devlinlawfirm.com>; Joseph Pia <Joe.pia@pa-law.com>; Jeff Lee <jflee@ltpacificlaw.com>
**Cc:** Yoches, Bob <bob.yoches@finnegan.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** Re: Couple of issues

Michael,

We will want to take the depositions of your experts. Mr. Dezmelyk has been in trial since last week and its scheduled to run all this week and possibly into next. Hopefully, he will know available dates today. Joe is checking with Mr. Cragun now.

I am unaware of any local rule that would change the number of days an opposition or reply would be due – rule just requires 21 days before hearing for filing an Opposition and 14 days for a Reply.

Also, with the order last night and pressing forward, and as we indicated in the past when working on the previous extensions we anticipate filing motions for summary judgment this Friday as required by the current schedule. When are you available today to discuss?

Robert Aycock

---

**From:** Michael Siem <msiem@devlinlawfirm.com>
**Date:** Wednesday, February 8, 2017 at 9:49 AM
**To:** Robert Aycock <RAycock@pa-law.com>, Joseph Pia <Joe.pia@pa-law.com>, Jeff Lee <jflee@ltpacificlaw.com>
**Cc:** "Yoches, Bob" <bob.yoches@finnegan.com>, Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** Couple of issues

Dear Robert, Joe and Jeff,

Based on the order last night, it appears we need to continue to press forward. Can you please let us know if you believe expert depositions are necessary; if so send us dates of availability for Uniclass' experts and we can do the same. In addition, based on our calculation our oppositions to the two pending motions is due on Feb. 21 due to Feb. 20 being a holiday. Please let us know if you disagree with our calculation.

Best,

Michael

---

Michael A. Siem
*Partner*
**DEVLIN LAW FIRM LLC**
98 Rockwell Place, 6th Floor
Brooklyn, NY 11217

**Direct Dial:** (718) 360.5915
**Mobile:** (646) 369.8379
**Fax:** (302) 353.4251
msiem@devlinlawfirm.com
http://www.devlinlawfirm.com

The information contained in this communication is confidential and is intended only for the use of the intended addressee. It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you

have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

Case 2:15-cv-04424-AG-AJW Document 476-4 Filed 01/16/18 Page 9 of 9 Page ID #:20490

have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.