UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 15-04424-AG (AJWx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:** **[IN CHAMBERS] ORDER RE PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50(b) AND ALTERNATIVE MOTION FOR A NEW TRIAL (DKT. 462)**

Before the Court is Plaintiff ATEN International's ("ATEN") Motion for Judgment as a Matter of Law ("JMOL") or alternatively for a new trial. (Dkt. 462.)

The Motion is GRANTED concerning validity of the '217 Patent and otherwise DENIED.

## 1. BACKGROUND

In June 2015, ATEN filed this case for patent infringement against Defendants Uniclass Technology Co., Ltd. ("Uniclass"), Electronic Technology Co., Ltd. of Dongguan Uniclass, Airlink 101, Phoebe Micro Inc., Broadtech International Co., Ltd. D/B/A/ Linkskey, Black Box Corporation, and Black Box Corporation of Pennsylvania ("Other Defendants") (collectively, "Defendants"). ATEN alleged that Defendants either directly or indirectly infringed claims of four patents: U.S. Patent No. 8,589,141 ("the '141 Patent"); U.S. Patent No. 7,640,289 ("the '289 Patent"); U.S. Patent No. 7,472,217 ("the '217 Patent"); and U.S. Patent No. 6,957,287 ("the '287 Patent") (collectively, "Asserted Patents"). Defendants filed counterclaims of non-infringement and invalidity of the Asserted Patents.

The case proceeded to a jury trial on September 19, 2017. During trial, Plaintiff raised a Rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-04424-AG (AJWx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

50(a) motion for JMOL, which the Court denied. (Dkt. 438 (Rule 50(a) JMOL filed 9/28/2017); Dkt. 442; Trial Tr. 9/28/2017, 4:9–21.) On October 4, 2017, the jury returned a verdict finding 1) Defendants did not infringe any claims of the Asserted Patents and 2) the asserted claims of the '141 Patent and '217 Patent were invalid. (Dkt. 448.) On the verdict form, the jury wrote that the '141 Patent was invalid on the basis of anticipation and the '217 Patent was invalid on the basis of obviousness. (*See id.* at 4)

ATEN renews its JMOL motion or alternatively requests a new trial on all grounds, seeking a ruling that 1) the '141 Patent and '217 Patent are not invalid; 2) Defendants directly, indirectly, and willfully infringed each of the Asserted Patents; 3) Plaintiff is entitled to damages against all Defendants. (*See generally*, Dkt. 462.)

## 2. LEGAL STANDARD

Under Federal Rule of Civil Procedure 50(b), "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the Court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment–or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged–the movant may file a renewed motion for judgment as a matter of law." When considering this Motion, the Court "must decide whether the evidence construed in the light most favorable to the nomoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Theme Promotions, Inc. v. News Am. Mktg. FSI,* 546 F.3d 991, 999 (9th Cir. 2008); *see also Acosta v. City of Costa Mesa,* 718 F.3d 800, 828 (9th Cir. 2013).

"A jury's verdict must be upheld if it is supported by 'substantial evidence.'" *SEC v. Todd,* 642 F.3d 1207, 1215 (9th Cir. 2011) (citing *Maynard v. City of San Jose,* 37 F.3d 1396, 1404 (9th Cir. 1994)). "Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *Todd,* 642 F.3d at 1215 (quoting *Wallace v. City of San Diego,* 479 F.3d 616, 624 (9th Cir. 2007) and *Paradise Valley,* 251 F.3d at 1227). In making this determination, "[t]he court must not weigh the evidence, but rather should ask whether [the nonmoving party] has presented sufficient evidence to support the jury's conclusion." *Todd,* 642 F.3d at 1215 (citing *Paradise Valley,* 251 F.3d at 1227–28). The court must "disregard all evidence favorable to the moving party that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04424-AG (AJWx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

the jury is not required to believe." *See Wallace v. City of San Diego,* 479 F.3d at 624. Further, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." *Todd,* 642 F.3d at 1215.

Under Rule 59, a trial court may grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Specifically, a court may grant a new trial "only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Shimko v. Guenther,* 505 F.3d 987, 993 (9th Cir. 2007) (internal quotations omitted). This determination is left to the sound discretion of the trial court. *See Browning–Ferris Indus. v. Kelco Disposal, Inc.,* 492 U.S. 257, 278 (1989). Such a motion may be granted on insufficiency of evidence grounds "only if the verdict is against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result." *Incalza v. Fendi N. Am., Inc.,* 479 F.3d 1005, 1013 (9th Cir. 2007) (internal quotation marks omitted). The task of weighing conflicting evidence and making credibility determinations is the job of the jury and not the court. *Lucent Techs., Inc. v. Microsoft Corp.,* 387 F. Supp. 2d 1107, 1126 (S.D. Cal. 2011). Thus, courts will grant motions for a new trial only when the court has given full respect to the jury's findings, but is left with the firm conviction that a mistake has been made. *Landes,* 833 F.2d at 1371–72; *see also Passantino v. Johnson & Johnson Consumer Prods., Inc.,* 212 F.3d 493, 510 n.15 (9th Cir. 2000).

### 3. ANALYSIS

#### 3.1 Waiver by Failure to Raise Arguments During Trial

Defendants argue that ATEN has waived certain of its JMOL arguments because it did not raise them in its Rule 50(a) motion during the trial. *See* Fed. R. Civ. P. 50(b) (party may *renew* motion for judgment as a matter of law after verdict). The Court finds most of the issues raised by ATEN in its JMOL were adequately raised during trial. Specifically, in its written Rule 50(a) motion for JMOL during trial, ATEN stated, "evidence in the trial compels a finding that Defendants have not proven invalidity by clear and convincing evidence" for the asserted claims of the '141 and '217 Patents. (*See* Dkt. 438 at 2.) ATEN provided similar general statements regarding direct, indirect, and willful infringement, as well as damages. (*Id.* at 4–7.) Given the tenor of those general statements, the fact that ATEN referenced

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04424-AG (AJWx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

particular exemplary grounds for JMOL based on, for example, particular references does not preclude ATEN from seeking JMOL on other grounds for the listed causes of action. The Court does find one ground for waiver of some of Plaintiff's JMOL infringement arguments, but that will be addressed in another section.

### 3.2 Invalidity

#### 3.2.1 The '141 Patent

At trial, Defendants presented two theories for anticipation of the '141 Patent: 1) anticipation by ATEN's CS-1762 device and/or accompanying user manual (Ex. 1585) and 2) anticipation by Great Britain Patent No. 2,352,540 ("GB '540," Ex. 1728).

ATEN's argument for JMOL concerning the first ground is that there was no evidence in the trial record to show that ATEN's CS-1762 device and manual predated the critical date for the '141 Patent. (*See* Dkt. 467 at 5–6.) In other words, ATEN disputes that the CS-1762 device is prior art. The critical date for the '141 Patent is July 24, 2006, one year before its filing date. (Tr. 9/27/2018 at 176:22–177:3.) Defendants' expert, Dezmelyk, testified that he tested a C-S1762 device with a specific firmware version, v. 1.4.132. (*Id.* at 187:9–17.) He testified that he "looked on the wayback machine to find when that firmware update came out and the last time it was changed, and that was in 2006. So this firmware is prior art firmware operating on this, the test hardware." (*Id.*) As Plaintiff's counsel clarified with Dezmelyk on cross-examination, Dezmelyk did not testify as to a particular month for when the firmware update came out. (*Id.* at 212:18–20.) Plaintiff, however, has not pointed to any conclusive evidence or testimony from trial to support the theory that the firmware was not prior art because it was not released until after the critical date. Notably, the CS-1762 device is *ATEN's* device, not simply a third party reference. This fact was clearly on the record at trial, and ATEN's failure to rebut Dezmelyk's testimony at trial with evidence of a particular date for the firmware update is noteworthy. As noted, the Court must construe the evidence in the light most favorable to Defendants and must grant Plaintiff's Motion if the only reasonable conclusion is contrary to the jury's verdict. *Acosta,* 718 F.3d at 828; *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002) ("A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion."). Here, the jury could reasonably conclude

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-04424-AG (AJWx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

based on Dezmelyk's testimony (and the lack of contrary evidence in the record from ATEN) that the firmware Dezmelyk tested predated the '141 Patent's critical date. Thus, substantial evidence supports the jury's verdict.

At the hearing on the JMOL Motion, Plaintiff's counsel placed great emphasis on Dezmelyk's statement that, "under the correct claim construction that I've presented that results in noninfringement . . . the '141 Patent [is] not invalid over the prior art." (Tr. 9/27/2017 at 190:14–191:25.) According to Plaintiff's counsel, under the proper construction of the terms of the '141 Patent, both experts thus agreed that the '141 Patent was valid. Plaintiff's papers raised this argument primarily as a basis to argue JMOL of infringement of the '141 Patent rather than as a basis to argue patent validity. Thus, this argument is addressed in greater detail in the infringement section of this Order. But the Court's analysis is applicable to this section as well, and the Court finds the argument fails for the same reasons.

"[W]here there are two alternative factual theories which might support the verdict, the verdict will be upheld if there is sufficient evidence to support either theory." *Baumler v. State Farm Mut. Auto. Ins. Co.*, 493 F.2d 130, 134 (9th Cir. 1974). Because ATEN's JMOL argument regarding the CS-1762 device/manual is rejected and there is sufficient evidence to support Defendants' anticipation theory (*see* Tr. 9/27 at 176:15–179:11; 181:1–190:3; 153:1–166:21), the Court does not address ATEN's arguments regarding the second theory.

### 3.2.2 The '217 Patent

Defendants' obviousness theory for the '217 Patent was that it would have been obvious at the time the invention was made for a person of skill in the art to combine GB '540 and U.S. Patent No. 6,549,966 ("Dickens", Ex. 1704).

ATEN's argument for JMOL raises two points, alleging: "(1) 'conclusory statements' regarding element 1.6, [and] (2) a generic motivation to combine" (Dkt. 467 at 8 (citing Dkt. 462-1 at 6–9).) ATEN further argues that it's alternatively entitled to a new trial because it was not allowed to present evidence of secondary considerations to the jury. (Dkt. 462-1 at 2, 10.) Although Defendants specifically addressed ATEN's second and third points in their papers, Defendants did not respond to ATEN's "conclusory statements" argument in their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04424-AG (AJWx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

Opposition. ATEN argues Defendants have "effectively conceded" this argument. (Dkt. 467 at 8.)

Element 1.6 of the '217 Patent states,

> wherein control of the one or more than one peripheral device can be maintained by one of the plurality of computer systems even while the video monitor, the keyboard and the mouse are controlling another one of the plurality of computer systems

In his direct testimony, Defendants' counsel asked Dezmelyk only a single question about element 1.6:

> Q. … Mr. Dezmelyk, did you -- were you able to determine whether that limitation was also disclosed in the GB540 reference?
>
> A. Yes. That limitation is disclosed in that in this particular design, you can switch -- from one of the consoles you can switch without switching the peripherals. In other words, you can leave the peripherals undisturbed while you switch around to the different monitors or the different computers.

(Tr. 9/27/2017, 171:14–172:3.) At the hearing, Defendants' counsel argued that their Opposition identified--by string citation--all of the evidence submitted at trial to support a finding that the '217 Patent was obvious. Defendants' counsel further attempted to justify the conclusory tenor of Dezmelyk's statement by arguing that in the interests of time, they did not ask Dezmelyk more questions on this issue because they believed it would be duplicative of testimony and evidence from other witnesses. Defendants did not otherwise point to specific evidence in the record where Dezmelyk or someone else explained in more detail why element 1.6 was disclosed by the GB '540 reference. Nor did Defendants attempt to further explain the adequacy of Dezmelyk's single statement about element 1.6.

Plaintiff's counsel argued that Dezmelyk made contrary statements about whether GB '540 disclosed this limitation during cross-examination:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04424-AG (AJWx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

> Q. . . . So when the switch -- when the box 200 has been switched away from one PC to another, the keyboard and the mouse and then the speakers and the printer are all going to move from one PC to another; correct?
>
> A. Correct. The transition of the switch between that set of elements, they move together or synchronously as used in some of these patents.

(Tr. 9/27/2017, 218:10–16.) Given Dezmelyk's conclusory statement during direct examination and conflicting statements during cross examination, Plaintiff argues that JMOL is appropriate. Plaintiff also directs the Court to an opinion where the Federal Circuit vacated a district court's grant of summary judgment of invalidity. *See* Schumer v. Lab. Computer Sys., Inc., 308 F.3d 1304 (Fed. Cir. 2002) The district court in *Schumer* had relied on declaration testimony from Dezmelyk--the same expert who testified in this case--when it had found the asserted patents invalid. The Federal Circuit stated,

> [i]t is not our task, nor is it the task of the district court, to attempt to interpret confusing or general testimony to determine whether a case of invalidity has been made out, particularly at the summary judgment stage. Indeed, to accept confusing or generalized testimony as evidence of invalidity is improper. The risk is great that the confusion or generality is the result, not of an inarticulate witness or complex subject matter, but of a witness who is unable to provide the essential testimony. Here both of Dezmelyk's declarations lack the requisite clarity. Dezmelyk merely sets forth his understanding of the operation and steps performed by the [prior art reference] and describes what he considered to be known to one of ordinary skill prior to [Plaintiff's] invention. He does not clearly describe the operative steps of the method recited in claim 13, nor how those operative steps are performed by the [prior art reference].

*Schumer*, 308 F.3d at 1316.

It's notable that the Federal Circuit in *Schumer* was addressing a summary judgment motion rather than a question of judgment as a matter of law after a jury verdict. But the Federal Circuit's statements are still instructive. The record here is noticeably thin, and Defendants' attempt to shed light on the issue after the fact are even thinner. Even considering the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04424-AG (AJWx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

evidence in the light most favorable to Defendants, there is not substantial evidence to support the jury's finding that Defendants proved invalidity of the '217 Patent by clear and convincing evidence. Dezmelyk's one statement regarding element 1.6 during direct examination does not even fully track the language in the claim or explain beyond conclusory statements how the claim language is specifically met by the prior art. Unlike establishing a priority date, whether the GB '540 reference disclosed the complex subject matter recited in the '217 Patent required Defendants to "clearly describe the operative steps . . . [and] how those operative steps are performed" by GB '540. *Id.* Because there is a lack of sufficient evidence in the record regarding element 1.6, the only reasonable conclusion is contrary to the jury's verdict. The Court finds JMOL of no invalidity is appropriate on the current record.

### 3.3 Infringement

A critical point colors the Court's review of Plaintiff's JMOL infringement arguments: it is Plaintiff's burden, by a preponderance of the evidence, to prove infringement at trial. *Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005). Indeed, Plaintiff is adamant in its JMOL that it had a "confused jury" on its hands. (*See, e.g.*, Dkt. 467 at 1.) But again: *Plaintiff* bore the burden of proving infringement. A claim of "jury confusion" first and foremost supports an argument that Plaintiff failed to meet that burden. Further, at the outset of each of its infringement arguments, Plaintiff states the evidence at trial "compels a finding" of infringement. (*See, e.g.*, Dkt. 462-1 at 9, 12, 15, 20.) Plaintiff then cites a string of exhibits and large chunks of trial transcript lines. (Ironically, Plaintiff challenges Defendants' non-infringement position in opposition for at least one of the patents as offering "no more than a disembodied string cite of USB specifications, manuals, and circuit schematics . . . without any intelligible context, argument, or references to its expert's testimony." (Dkt. 467 at 11.)) Nowhere in Plaintiff's JMOL does Plaintiff actually identify the particularized testimony and evidence submitted at trial to support its bid for infringement of *each* limitation of *each* asserted claim of the Asserted Patents. Moreover, the jury was free to reject Plaintiff's proffered evidence and testimony of infringement. Without a further affirmative showing from Plaintiff that its evidence "compels" a finding of infringement, its arguments about how Defendants failed to prove non-infringement turn the burden of proof on its head and are insufficient to overturn the jury's verdict.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04424-AG (AJWx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

Even so, it's worth discussing some of Plaintiff's JMOL arguments for the '141 and '289 Patents more closely. Specifically, Plaintiff argues that Dezmelyk presented his own claim construction arguments to the jury for these patents. (*See* Dkt. 462-1 at 9–15.) Plaintiff argues that Dezmelyk provided his own construction for the "disconnecting . . ." term in the '141 Patent and the "detecting . . ." term in the '289 Patent.

Leading up to trial, the Court construed the "disconnecting . . ." term in the '141 Patent by rejecting Defendants' proposed construction and finding the term should be given its plain and ordinary meaning as Plaintiff proposed. (Dkt. 226 at 15–17.) The parties did not seek construction of the "detecting . . ." term of the '289 Patent. (*See generally*, Dkt. 190.) From claim construction onward, neither party argued that there was a misunderstanding of the meaning of the Court's construction by the other side or a misunderstanding of the meaning of these terms generally. In other words, there were no motions *in limine*, *Daubert* motions, or summary judgment motions that might have brought these issues to the Court's attention. At trial, both parties' experts testified to their understanding of the plain and ordinary meaning of these terms.

Notably, the record shows not a single objection from Plaintiff's counsel on claim interpretation grounds until after both Lavian and Dezmelyk had concluded their case-in-chief testimony. Indeed, Plaintiff solicited testimony from Dezmelyk regarding proper claim interpretation on cross-examination. Finally, at the end of the seventh day of trial, after the conclusion of all of Dezmelyk's testimony on direct, cross, and redirect, Plaintiff moved for a "post-testifying Daubert on Dezmelyk's **testimony on invalidity with respect to anything that required an ATEN claim construction**." (Tr. 9/27/2017, 231:23–232:6 (emphasis added).) In other words, Plaintiff did not object to Dezmelyk's testimony regarding non-infringement. Nor did Plaintiff seek clarification of claim scope or claim construction from the Court. Instead, Plaintiff's sole objection was that Dezmelyk had testified using *Plaintiff's expert's* plain and ordinary interpretation of the claims for purposes of some of his arguments. This is a separate concern from the issue of whether the Court has failed as a matter of law to adequately construe the claims. And moreover, when it comes to patent infringement and invalidity, the question of whether an expert may testify by relying on another expert's claim interpretation assumptions is an issue that should be raised with the Court and addressed *before* trial. Indeed, in at least one case, the Federal Circuit has condoned the testimony of an expert who "mapped each element of the asserted claims to the functionality of [a prior art

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04424-AG (AJWx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

reference] in a manner that mirrored [the other side's] infringement theory." *Cordance Corp. v. Amazon.com, Inc.*, 658 F.3d 1330, 1335 (Fed. Cir. 2011). The Court thus rightfully denied Plaintiff's "post-testifying Daubert" the following day. *See also Nobelbiz, Inc. v. Glob. Connect, L.L.C.*, No. 6:12-CV-244-RWS, 2015 WL 11089488, at *3 (E.D. Tex. July 16, 2015)("[Defendant's expert] is permitted to analyze the 2004 prior art systems in accordance with the claim interpretations put forth by [Plaintiff], subject to the claim constructions adopted by this Court."); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 87 F. Supp. 3d 928, 943 (N.D. Cal. 2015)("[Defendant's expert] does not argue that the [asserted patent] is invalid because the prior art is identical to an infringing product . . . Rather, he assumes that [Plaintiff's] understanding of the construed claims is correct, and then proceeds to demonstrate how, in his opinion, each element of the claims is found in the prior art."); *HSM Portfolio LLC v. Elpida Memory Inc.*, 160 F. Supp. 3d 708, 725–26 (D. Del. 2016) ("The case does not preclude parties from arguing that if a claim limitation must be interpreted in a certain fashion to read on the accused products, then—if interpreted that same way—the claim reads on the prior art.")

By failing to raise concerns regarding the proper construction of claim terms at trial itself, Plaintiff has effectively waived any challenge based on an improper claim construction. *TVIIM, LLC v. McAfee, Inc.*, 851 F.3d 1356, 1363 (Fed. Cir. 2017) (affirming denial of JMOL and new trial and noting that party "did not seek construction of any of the three terms at trial" and "litigants waive their right to present new claim construction disputes if they are raised for the first time after trial.") (quoting *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, 460 F.3d 1349, 1358–59 (Fed. Cir. 2006)); *see also LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1322 (Fed. Cir. 2016). Indeed, at the hearing on Plaintiff's JMOL Motion, Plaintiff's counsel seemed to state that Plaintiff was not attempting to raise an argument that the Court had failed to construe claim terms, at least as far as the '141 Patent. In any event, any attempt to challenge Dezmelyk's testimony as improper claim construction at this late stage would be rejected. "While the Court functions as a gatekeeper, it is the litigant's responsibility to raise issues they believe warrant gatekeeping in a timely manner at an appropriate stage in the case." *Chrimar Sys., Inc. V. Alcatel-Lucent Enterp. USA Inc.*, No. 6:15-cv-00163-JDL, 2017 WL 568712, at *6 (E.D. Tex. February 3, 2017)

Plaintiff might argue that it adequately raised a claim construction argument for the '289 Patent based on its Rule 50(a) Motion. (Dkt. 438.) Plaintiff's counsel did not raise this issue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04424-AG (AJWx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

at the hearing. In its Rule 50(a) Motion, Plaintiff states, ". . . the '289 patent does teach detecting whether the port is 'occupied' through communication. Defendants made no argument of non-infringement under the correct interpretation of the term 'occupied.'" (*Id.* at 4.) This is a term that neither party asked the Court to construe at any point during this litigation. For a party to say they've adequately raised a claim construction issue by implying it for the first time in a Rule 50(a) motion on the final day of an eight day jury trial is unpersuasive. *See, e.g.*, *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1322 (Fed. Cir. 2016) ("Here, in light of LifeCell's failure to sufficiently request further construction of the relevant limitation leading up to and during trial, we find that it fails to properly raise an *O2 Micro* issue.") Moreover, Plaintiff's Rule 50(a) argument was insufficient to raise a question of claim construction as opposed to a factual question of understanding the plain and ordinary meaning of the claim terms and applying that meaning to the accused products. The '289 Patent relies on "technical words or phrases not commonly understood." *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 837 (2015). In the face of such a factual dispute and no prior objection from either party, it was necessary for the Court to hear and consider the opposing testimony of the parties' experts as to the proper interpretation of the term "occupied." *See id.* After hearing the evidence from both sides and receiving the jury's verdict, the Court agrees with the jury's finding of non-infringement and any assumed subsidiary factual conclusion that flows from that finding regarding the meaning of this claim term. Specifically, Dezmelyk explained his argument that a person of skill in the art would understand "occupation" to refer to physical occupation and his further explanation that "the Prima T device never looks at whether there's actually a cable in the port. It simply waits for messages from the other device." (Tr. 9/27/2017 at 105:10–11.) Plaintiff insists that even under Defendants' interpretation of the claims, the evidence at trial still compels a finding of infringement. (Dkt. 467 at 14–15.) The Court disagrees. Substantial evidence supports the jury's finding and the jury was free to disregard the evidence Plaintiff raises in JMOL to the contrary.

The Court also rejects Plaintiff's argument that the jury's verdict of 1) invalidity of the '141 Patent and 2) non-infringement of the '141 Patent is a "logical impossibility." (*See* Dkt. 462-1 at 12.) Plaintiff again points to the testimony of Dezmelyk to support this argument, where Dezmelyk stated, "under the correct claim construction that I've presented that results in noninfringement . . . the '141 Patent [is] not invalid over the prior art." (Tr. 9/27/2017 at 190:14–191:25.) Plaintiff's argument that the verdict is inconsistent places heavy emphasis on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04424-AG (AJWx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

this single statement from an expert when the parties spent significant time and effort presenting their positions as to infringement and invalidity at trial. It also ignores the fact that the same party does not bear the burden of proof for both infringement and invalidity. Indisputably, whether or not *Plaintiff* proved infringement is a separate issue from whether or not *Defendants* proved invalidity. Indeed, Plaintiff acknowledges that the Court instructed the jury that these were distinct inquiries. (Dkt. 452 at 46–47.)

Even assuming that the jury considered Dezmelyk's statement about the "correct claim construction," the jury's verdict of invalidity of the '141 Patent indicates that the jury rejected Dezmelyk's interpretation of the claims in favor of the interpretation submitted by ATEN. Indeed, as previously noted, for purposes of conducting his invalidity analysis, Dezmelyk assumed ATEN's interpretation of the claims. But by rejecting Dezmelyk's interpretation of the claims in favor of ATEN's interpretation, there was still no obligation for the jury to find that Plaintiff had met its burden of proving infringement. Specifically, even assuming the jury affirmatively rejected Dezmelyk's interpretation in favor of Plaintiff's interpretation of "connecting . . ." in finding the '141 Patent invalid, the jury still could still have reasonably credited Dezmelyk's testimony that the Accused Products continuously emulate and thus the "*starting* emulating the input device to the first host"(after disconnecting the input device) limitation is not met. (*See* Tr. 9/27/2017 at 111:14–112:3 ("The way these devices work is they always emulate. . . . So there is never those steps of . . . emulating sometimes and not emulating other times.").) Substantial evidence thus supports the jury's verdicts for the '141 Patent under a consistent interpretation of the patent's claims. *TVIIM*, 851 F.3d at 1365.

At the hearing, Plaintiff's counsel changed course and used similar arguments to assert that at trial, both parties' experts had argued that under a "proper construction" of the claims, the '141 Patent was not invalid. Plaintiff's counsel thus characterized the issue as both experts agreeing that the '141 Patent was not invalid under the Court's claim construction and requesting that the Court strike any reference to some alternative construction. Plaintiff's argument, however, ignores the fact that the parties' experts had divergent view of the proper interpretation of the claims. The issue was not that both experts agreed to a single interpretation of the claims and that under that single interpretation, both experts agreed the '141 Patent was not invalid. Plaintiff's argument is thus rejected.

Plaintiff does not make similar claim construction arguments for the '287 and '217 Patents. Plaintiff's arguments regarding the '287 and '217 Patents essentially boil down to arguments

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-04424-AG (AJWx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | ATEN INTERNATIONAL CO. v. UNICLASS TECHNOLOGY ET AL. | | |

about the sufficiency of Dezmelyk's evidence of non-infringement as compared to the sufficiency of Lavian's testimony. The Court has considered each parties' short arguments regarding these two patents and the evidence submitted. Again, the Court must "disregard all evidence favorable to the moving party that the jury is not required to believe." *See Wallace v. City of San Diego,* 479 F.3d at 624. Plaintiff has not presented any evidence that the jury was required to believe, and its arguments accordingly fail. The Court further concludes that substantial evidence supports each non-infringement finding.

### 3.4 Indirect Infringement, Willful Infringement, and Damages

Since the Court declines to overturn the jury's verdict of non-infringement for the four Asserted Patents, Plaintiff's JMOL arguments regarding indirect infringement, willful infringement, and damages also fail.

### 4. CONCLUSION

ATEN's request for JMOL is GRANTED as to the issue of the validity of Claims 1, 3, and 4 of the '217 Patent. The jury's verdict that the '217 Patent was invalid as obvious is not supported by substantial evidence in the record, and specifically, there is insufficient evidence in the record to support a finding that element 1.6 of Claim 1 of the '217 Patent was disclosed by GB '540.

ATEN has otherwise failed to show that the verdict is unsupported by sufficient evidence and that the only reasonable conclusion as to the verdict is contrary to the verdict. *See Theme Promotions, Inc.,* 546 F.3d at 999. ATEN has further failed to show that the "verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or [that the Motion should be granted] to prevent a miscarriage of justice." *Shimko,* 505 F.3d at 993. The remainder of ATEN's Motion (Dkt. 462) is DENIED.