Jen-Feng Lee, SBN 204328
jflee@ltpacificlaw.com
Kenneth K. Tanji, Jr., SBN 162273
ktanji@ltpacificlaw.com
LT PACIFIC LAW GROUP, LLP
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Robert Aycock (admitted *pro hac vice*)
raycock@pa-law.com
Joseph G. Pia (admitted *pro hac vice*)
joe.pia@pa-law.com
William B. Chadwick (admitted *pro hac vice*)
wchadwick@pa-law.com
PIA ANDERSON MOSS HOYT
136 East South Temple, 19th Floor
Salt Lake City, UT 84111
T: 801-350-9000
F: 801-350-9010

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATEN INTERNATIONAL CO., LTD.<br><br>Plaintiff,<br><br>vs.<br><br>UNICLASS TECHNOLOGY CO., LTD., et al.<br><br>Defendants. | No. 2:15-cv-04424-AJG-AJW<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR APPLICATION TO THE CLERK TO TAX COSTS**<br><br>Judge: Hon. Andrew J. Guilford |

Pursuant to Fed. R. Civ. P. 54 and Civ. L.R. 54-2.3, Defendants Uniclass Technology Co., Ltd. ("Uniclass"); Electronic Technology Co., Ltd of Dongguan Uniclass, Airlink 101, Phoebe Micro Inc., Broadtech International Co., Ltd. D/B/A Linkskey, Black Box Corporation, and Black Box Corporation of Pennsylvania (the "Other Defendants") (collectively, "Defendants") reply in support of their Application to the Clerk to Tax Costs ("Application") (Dkt. 473) to specifically note that ATEN International Co., Ltd.'s ("ATEN") objection is flawed in at least the following two respects:

First, ATEN errs in asserting that Defendants' Application is untimely and should be disregarded. On December 18, 2017, Defendants' counsel called ATEN's counsel, pursuant to Civ. L.R. 7-3, to discuss filing a Motion for attorneys' fees ("Motion") and the related Application to tax costs under Fed. R. Civ. P. 54. (Declaration of William B. Chadwick ("Decl."), filed concurrently, ¶ 2.) Two days later, Defendants' counsel contacted ATEN's counsel to recommend filing a joint stipulation to extend the deadlines for these post-judgment filings considering ATEN's pending Rule 50(b) motion and because the time allotted to file and respond to the motion and application would largely take place over the Christmas and New Year holidays. (Decl. ¶ 3; Dkt. 470 at 1.) Defendants, believing that the parties had agreed to extend deadlines for both the Motion and Application, inadvertently omitted reference to the Application in the preparation of the Joint Stipulation for Extension of Time. (Decl. ¶ 4-5.)

The clerical error was simply that. Reference to the Application was not omitted in bad faith and has not prejudiced ATEN. The Motion and Application stem from the same final judgment (Dkt. 469), have the same filing deadline (*compare* Fed. R. Civ. P. 54(d)(1) *with* Fed. R. Civ. P. 54(d)(2)(B)(i)), pertain to similar recovery of expenditures by a prevailing party, were jointly discussed in the parties' December 18, 2017, L.R. 7-3 meet and confer phone call days before the joint stipulation was filed, and were equally served by an extension because of ATEN's then-pending Rule 50(b) motion and the holidays. As filed, the Application will not delay any proceedings in the case,

particularly because the Application was filed within the extension granted by the Court for the Motion to Declare Case Exceptional Under 35 U.S.C. § 285. (Dkt. 471 at 1.) The Court has discretion to reject ATEN's objection and find that Defendants' failure to include the Application in the joint stipulation to extend deadlines was "excusable neglect." *See Interform Inc. v. Staples Inc.*, No. CV 13-00281 JRG, 2015 WL 4575224 at *4 (E.D. Tex. July 29, 2015) (awarding untimely bill of costs because the untimeliness was due to "excusable neglect"); *Ultimax Cement Mfg. Corp v. CTS Cement Mfg. Corp.*, No. CV 2-00578 AJG, Dkt. 1637 at 3 (C.D. Cal. July 9, 2012) (declining to deny untimely request for costs on procedural grounds).

Second, ATEN errs in asserting that Defendants are not entitled to subsistence fees for each witness for the 12-day range of September 18-29. L.R. 54-3.6(a) defers to 28 U.S.C. § 1821 to determine the amount of subsistence fees that the prevailing party may recover. 28 U.S.C. § 1821(d) states, "[a] subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." Although trial was not in session on September 23-25, each witness attended trial before and after that period and each resided far enough from the trial location to prohibit returning to their respective residences in Taiwan, Massachusetts, or Utah over the weekend. The distance between the trial location and the witnesses' respective residences also prevented the witnesses from arriving in California on the morning of trial or leaving on the evening after the last day of trial. Rather, each witness, by necessity, was in California on September 18 (the day before trial) and September 29 (the day after trial). 28 U.S.C. §1821(b) contemplates this situation and provides fees when witnesses are "necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance." ATEN argues that Defendants' request is "unreasonable," and an "improper inflation," (Dkt. 480 at 3), but it provides no explanation as to why Defendants would not be able to recover subsistence fees for its witnesses for the days when an overnight stay was required at the place of attendance.

1       Based on the foregoing, Defendants respectfully request that the Court tax costs as requested in Defendants' Application (Dkt. 473).

Dated: January 25, 2018                                          Respectfully submitted,

                                                             /s/ Joseph G. Pia
Joseph G. Pia
Attorney for Defendants
UNICLASS TECHNOLOGY CO., LTD., ELECTRONIC TECHNOLOGY CO., LTD. OF DONGGUAN UNICLASS, AIRLINK 101, PHOEBE MICRO INC., AND BROADTECH INTERNATIONAL CO., LTD. D/B/A/ LINKSKEY, BLACK BOX CORPORATION, and BLACK BOX CORPORATION OF PENNSYLVANIA

3

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR APPLICATION TO THE CLERK TO TAX COSTS** was filed electronically, and pursuant to Civil L.R. 5-3.2, was served on all interested parties in this action (i.e., served to registered ECF recipients via ECF electronic service) on January 25, 2018.

/s/ *Joseph G. Pia*
Joseph G. Pia